**ROSEMARY MISSISIAN (S.B. # 264032)**
RMissisian@wwhgd.com
**MARISA RODRIGUEZ-SHAPOVAL (S.B. # 302836)**
MRodriguez-Shapoval@wwhgd.com
**WEINBERG WHEELER HUDGINS GUNN & DIAL**
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Fax: (702) 938-3864

**BRYAN S. WESTERFELD (S.B.# 218253)**
bwesterfeld@walravenlaw.com
**JESSICA B. HARDY (S.B.# 246377)**
jbh@walravenlaw.com
**WALRAVEN & WESTERFELD LLP**
101 Enterprise, Suite 350
Aliso Viejo, California 92656
Telephone: (949) 215-1990
Fax: (949) 215-1999

Attorneys for Defendant
United Healthcare Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE 5, <br><br> Plaintiff, <br> v. <br><br> JOHN FRANCIS MCGUIRE, M.D.; MICHAEL FORRESTER, M.D.; NORTH COUNTY ENT MEDICAL GROUP, an entity of unknown form; UNITED HEALTH SERVICES, INC. a Pennsylvania Corporation; TEMECULA VALLEY HOSPITAL, INC., a California Corporation; UNITED HEALTHCARE SERVICES INC., a California Corporation, and DOES 1 THROUGH 100, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** <br><br> **(28 U.S.C. §§ 1331 and 1441(a))** <br><br> (Superior Court of the State of California, County of Riverside, Southwest Justice Center <br> Case Number: MCC1600259) <br><br> Complaint Filed: March 28, 2016 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. § 1446(a), Defendant United Healthcare Services, Inc. ("United Healthcare") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §1441(a) and states the following grounds for removal:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. On March 28, 2016, Plaintiff filed a complaint ("Complaint") in the Superior Court of the State of California, County of Riverside, under the fictitious name "Jane Roe #5," styled and captioned exactly as above, and assigned Case No. MCC1600259. The Complaint named as defendants in addition to United Healthcare: John Francis McGuire, M.D.; Michael Forrester, M.D.; North County ENT Medical Group; United Health Services, Inc.; Temecula Valley Hospital, Inc.; and, Does 1 through 100.

2. True and correct copies of all process, pleadings, and orders that have been filed in the state action are attached as Exhibits A-NN pursuant to 28 U.S.C. 1446(a).

3. Co-Defendant Michael Forrester, M.D. was dismissed without prejudice on April 27, 2016.

4. Plaintiff filed an amendment to her Complaint changing the name of United Health Services to Universal Health Services on May 26, 2016.

5. United Healthcare was served with the Complaint on June 15, 2016. United Healthcare is informed and believes that all other defendants have also been served with the Complaint in this matter, with the exception of defendant McGuire.

6. Plaintiff's Complaint alleges the following causes of action against United Healthcare: 1) Sexual Harassment by Physician [Cal Civ. Code §§ 51.9,

52]; 2) Negligence; 3) Violation of Unruh Civil Rights Act [Cal Civ. Code §§ 51, 52]; 4) Gender Violence [Cal Civ. Code § 52.4]; 5) Negligent Hiring, Training, and Supervision; and 6) Medical Malpractice.

7. "Jane Roe 5" is a fictitious name for Plaintiff. At the time of service of the Complaint, Plaintiff did not disclose her true identity and United Healthcare did not know, and had no way of knowing, Plaintiff's true identity.

8. To positively identify a member, at a minimum, United Healthcare needs a member's name and date of birth—ideally, United Healthcare would also prefer to have the member number and date of services. Other identifying information, such as the last four digits of a social security number or the member's address is also helpful.

9. Pursuant to a Confidentiality Agreement, on June 14, 2016, counsel for Plaintiff provided counsel for United Healthcare with Plaintiff's name, date of birth, and last four digits of her social security number.

10. With Plaintiff's name, date of birth, and last four digits of her social security number, United Healthcare was able to determine Plaintiff was a member of one of United Healthcare's subsidiaries and determined her plan membership.

11. The alleged events that give rise to the Complaint took place on April 30, 2015, when Plaintiff claims she was treated by defendant McGuire. (Complaint ¶¶ 15-22.).

12. On April 30, 2015, Plaintiff was a member of health plan managed by UHC of California (dba UnitedHealthcare of California), a California corporation, and subsidiary of United Healthcare Services, Inc.. This health plan (the "ERISA Plan") is an employer-sponsored health benefit plan governed by ERISA.

13. Plaintiff alleges that United Healthcare acted as her HMO. She does not allege any other relationship between Plaintiff and United Healthcare.[1]

14. Removal is proper because Plaintiff's claims for Negligence and Negligent Hiring, Training, and Supervision are completely pre-empted by federal law.

15. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because it is filed within 30 days of June 14, 2016, the date when United Healthcare first had notice that the action was removable, that is, when United Healthcare was able to positively identify Plaintiff by name, her date of birth and the last four digits of her social security number and determine the plan to which she was a member, and within 30 days of June 15, 2016, the date United Healthcare was served with the Complaint.

16. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the laws of the United States. Thus, pursuant to 28 U.S.C. §§ 84(c), 1331, and 1441(a), this state court action may be removed to this federal district court because it is the district and division embracing the place, the County of Riverside, California, where such action is pending.

## II. REMOVAL IS PROPER BASED ON COMPLETE PREEMPTION UNDER ERISA

17. Plaintiff alleges the conduct giving rise to her claims occurred on April 30, 2016 when she was a member of the ERISA Plan. Plaintiff's action against United Healthcare is a civil action of which the Court has original

---

[1] United Healthcare Services, Inc., a Minnesota corporation, is the parent entity of UHC of California (dba UnitedHealthcare of California), a California corporation. UHC of California is the HMO entity which provides the ERISA Plan. For the purposes of this Notice, references to Plaintiff's allegations will be stated as if she named the proper HMO entity.

jurisdiction under the laws of the United States, specifically the Employee Retirement Income Security Act ("ERISA"), Title 29, United States Code, § 1001 *et seq.*, and therefore removable under 28 U.S.C. § 1441.

18. Whether an action arises under federal law ordinarily depends on the "well-pleaded complaint" rule, such that if a Complaint purports to assert only state-law claims, it will not be removable as arising under federal law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). An exception to the well-pleaded complaint rule exists where a federal statute, here ERISA, wholly displaces one or more state law causes of action through "complete preemption." Accordingly, although Plaintiff's Complaint purports to assert only state-law causes of action against United Healthcare, since at least some of those causes of action are entirely encompassed by § 502(a) of ERISA, 29 U.S.C. § 1132(a), the Complaint is converted from a state law complaint into a federal claim for purposes of the well-pleaded complaint rule. *Davila,* 542 U.S. at 207-08.

19. Complete preemption under § 502(a) is determined under a two-prong test: (1) whether the plaintiff could have brought the claim under § 502(a), and (2) whether the claim is based on duties or obligations independent of any duty under ERISA or an ERISA plan. *Davila,* 542 U.S. at 210-13. Both prongs of this test are satisfied here.

20. Under the Negligence and Negligent Hiring, Training, and Supervision causes of action in the Complaint, Plaintiff alleges United Healthcare breached a duty of care to Plaintiff to refer her and other female patients to physicians who it was confident would observe strict and professional standards of care in conducting physical examinations and treatments, and to refrain from referring her to a physician who they knew, or should have known, had a propensity to engage in the kind of inappropriate, offensive and harmful conduct alleged. (Complaint ¶ 36.) Stated differently, Plaintiff alleges that United

Healthcare failed to provide a contractual benefit conferred by her membership in the ERISA Plan in the form of a professional and qualified physician.

21. Further, Plaintiff alleges United Healthcare breached a duty to Plaintiff to provide professional medical specialist services. (Complaint ¶ 37.)

22. Plaintiff's cause of action for Negligent Retention and Supervision further asserts United Healthcare had "a duty to authorize the use of and/or retain agents, contractors, and/or employees, who are fit and competent, to supervise their agent, contractors, and/or employees, and to implement measures to protect patients from predictable and foreseeable risks posed by their agents, contractors and/or employees." (Complaint ¶ 57.) Plaintiff also contends United Healthcare "failed to terminate" the physician or take disciplinary action against him. (Complaint ¶ 64.)

23. These duties Plaintiff alleges United Healthcare breached can arise only by virtue of her membership in the ERISA Plan. With respect to these allegations, United Healthcare had no relationship or interaction with Plaintiff except as the alleged carrier of the ERISA Plan, and Plaintiff does not allege otherwise. Any alleged duty owed by United Healthcare to Plaintiff derives solely from the terms of the ERISA Plan.

24. Accordingly, because Plaintiff's second and fifth causes of action involve disputes over the nature of Plaintiff's coverage under and United Healthcare's alleged duties to Plaintiff under the ERISA Plan, they (1) could have been brought under ERISA § 502(a) and (2) are not based on duties independent of the ERISA Plan or ERISA. Thus, they are completely preempted by ERISA, *Davila,* 542 U.S. at 210-13, such that this action may be removed to this Court. *See Melamed, M.D.*, 2014 WL 543409 at *2 (complete preemption of an individual claim is sufficient for removal to be proper).

### III. ANY SUPPLEMENTAL STATE LAW CAUSES OF ACTION THAT ARE NOT PREEMPTED ARE SUBJECT TO THE FEDERAL DISTRICT COURT'S SUPPLEMENTAL JURISDICTION

25. To the extent that any of Plaintiff's supplemental state law causes of action are not preempted, they form part of the same case or controversy under Article III of the United States Constitution because such causes of action arise out of the same conduct that is the basis of Plaintiff's causes of action preempted by ERISA. Accordingly, such causes of action are subject to the supplemental jurisdiction of the federal district courts pursuant to 28 U.S.C. § 1367(a).

WHEREFORE, Defendant United Healthcare Services, Inc. requests that this action be brought to this Court, and that this Court exercise its jurisdiction over Plaintiffs' Complaint.

Dated: July 14, 2016
        **WALRAVEN & WESTERFELD LLP**

        By: /s/ Bryan S. Westerfeld
        **Bryan S. Westerfeld**
        Attorneys for Defendant
        United Healthcare Services, Inc.

# Proof of Service

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 101 Enterprise, Suite 350, Aliso Viejo, CA 92656.

On July 14, 2016, I served the foregoing document(s) described as

**Notice of Removal of Action to Federal Court**

on all interested parties in this action as follows (or as on the attached service list):

| | |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Avenue, Suite 105<br>Temecula, CA 92590<br>(951) 719-1412<br>(951) 719-1431 FAX<br>*Attorneys for Plaintiffs* | Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK MOSIER, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618<br>(949) 640-8222<br>(949) 640-8294 FAX<br>*Attorneys for Plaintiffs* |
| Scott D. Buchholz, Esq.<br>Victoria G. Stairs, Esq.<br>Frederick C. Bingham, Esq.<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, California 92101-8122<br>(619) 231-7738<br>(619) 231-0886 FAX<br>*Attorneys for Defendants Temecula Valley Hospital, Inc. and Universal Health Services, Inc.* | Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br>(619) 233-5565<br>(619) 233-5564 fax<br>*Attorneys for Defendant North County ENT Medical Group* |

☒  (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Walraven & Westerfeld LLP, Aliso Viejo, California. I am readily familiar with Walraven & Westerfeld LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒  BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants

1  in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 14, 2016, at Aliso Viejo, California.

_____
Kim Sullivan