MITTELMAN LAW FIRM
JOHN R. MITTELMAN SBN 133209
27349 Jefferson Avenue, Suite 105
Temecula, CA  92590
Tel: (951)719-1412 Fax: (951)719-1431

Hodes Milman Liebeck , LLP
JEFFREY A. MILMAN SBN 99072
9210 Irvine Center Dr
Irvine, CA 92618
Tel: (949)640-8222   Fax: (949)640-8294

**FILED**
Superior Court of California
County of Riverside
3/28/2016
mplasenc

By Fax

Attorneys for Plaintiff JANE ROE #5

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JANE ROE #5, an individual, | CASE NO.  MCC1600259 |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| vs. | 1.  Sexual Harassment by a Physician (Cal. Civ. Code §§ 51.9, 52); |
| JOHN FRANCIS MCGUIRE, M.D.; MICHAEL FORRESTER, M.D.; NORTH COUNTY ENT MEDICAL GROUP, AN ENTITY OF UNKNOWN FORM; UNITED HEALTH SERVICES, INC., A PENNSYLVANIA CORPORATION TEMECULA VALLEY HOSPITAL, INC., A CALIFORNIA CORPORATION; UNITED HEALTHCARE SERVICES, INC., A CALIFORNIA CORPORATION, and DOES 1 THROUGH 100, INCLUSIVE, | 2.  Negligence; |
| | 3.  Violation of Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 52); |
| | 4.  Gender Violence (Cal. Civ. Code § 52.4); |
| | 5.  Negligent  Hiring,  Training,  and Supervision; |
| | 6.  Medical Malpractice; |
| Defendants. | **JURY TRIAL DEMANDED** |

### VENUE, JURISDICTION, AND PARTIES

1.    Events giving rise to this action occurred in the Cities of Murrieta and Temecula, County of Riverside, California.  Two of the named Defendants' principal place of business and/or their residence for venue purposes are in this judicial district.  Venue is therefore proper in this county and judicial district.

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 1 -

2.   Plaintiff is unaware of the true names and capacities of DOES 1 through 100, inclusive, and sues these Defendants by fictitious names.  Plaintiff is informed and alleges that each of the fictitiously named Defendants is, in some manner, responsible for the events and happenings referred to, either contractually or tortiously, and caused damages to Plaintiff as alleged.  When Plaintiff learns the true names and capacities of DOES 1 through 100, she will amend this complaint.

3.   At all times mentioned, each of the named and DOE Defendants was the agent, servant, and employee of each of the other Defendants, and all of the things alleged to have been done by said Defendants were done in the capacity of, and as agent for, each of the other Defendants.  Plaintiff is informed and alleges that each and every Defendant, when acting as a principal, was negligent in the selection, hiring and appointment of each and every other Defendant as an agent, servant or employee.

4.   At all material times, Plaintiff, JANE ROE #5, was an individual residing in the City of Murrieta, County of Riverside, State of California.

5.   Defendant NORTH COUNTY ENT MEDICAL GROUP ("ENT GROUP") is an entity of unknown form, with offices in Fallbrook and Murrieta, California.  On information and belief, Defendants JOHN FRANCIS MCGUIRE, M.D. ("MCGUIRE") and MICHAEL FORRESTER, M.D. ("FORRESTER") were, at the times referred to in this Complaint, the owners, operators, managers, directors, and/or members of ENT GROUP.  MCGUIRE and FORRESTER wholly owned and operated the ENT GROUP as a business enterprise for profit under an express agreement to share control, profits, and losses.

6.   Plaintiff is informed and alleges that at all times mentioned, Defendant MCGUIRE was and is a medical doctor specializing in otolaryngology, licensed to practice medicine under the laws of the State of California, and was engaged in practice of medicine in the cities of Murrieta and Temecula in Riverside County, and in Escondido and Fallbrook in San Diego County.  MCGUIRE held himself out to possess that degree of skill, ability, and learning required of reasonable and reputable otolaryngologists in the communities in which he practiced medicine.

7.   Plaintiff is informed and alleges that at all times mentioned, Defendant FORRESTER was and is a medical doctor specializing in otolaryngology, licensed to practice medicine under the laws of the State of California, and was engaged in practice of medicine in the cities of Murrieta and Temecula in Riverside County, and in Fallbrook in San Diego County.  FORRESTER held himself out to possess that degree of

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 2 -

EXHIBIT A    Page 008

1   skill, ability, and learning required of reasonable and reputable otolaryngologists in the communities in

2   which he practiced medicine.

3       8.   Plaintiff is informed and alleges that at all times mentioned, Defendant UNITED HEALTHCARE

4   SERVICES, INC., a California Corporation ("HMO") is licensed by the state of California to act as a

5   Health Maintenance Organization providing comprehensive health care services to its members who are

6   voluntarily enrolled individuals and families in a particular geographic area.   HMO offers financial

7   incentives for patients to use specific providers who belong to an HMO managed care plan.

8       9.   Defendant UNITED HEALTH SERVICES, INC., A PENNSYLVANIA CORPORATION ("UHS")

9   is headquartered in King of Prussia, Pennsylvania. UHS at all times relevant was the owner, parent, and operator

10  of its subsidiary, TEMECULA VALLEY HOSPITAL, INC. ("TVH") a California corporation, with its principal

11  place of business in Temecula, California.   On information, UHS is a co-employer and/or principal of TVH's

12  agents and employees because the structure of UHS is such that the interests, activities and management of UHS

13  and TVH are so commingled that TVH cannot be considered autonomous.   The businesses of UHS and TVH

14  are the same and UHS has superior knowledge regarding the number, frequency, and consistency of sexual

15  assaults upon patients at TVH and other hospitals owned by UHS throughout the United States.

16      10.  Defendants ENT GROUP, HMO, UHS, and TVH are sometimes collectively referred to as the

17  "ENTITY Defendants."

18      11.  Defendant MCGUIRE at all relevant times was the agent, servant, and/or employee of ENT

19  GROUP and all of the things alleged to have been done by him were done in his capacity as an employee

20  and/or agent for Defendants ENT GROUP and FORRESTER.   Plaintiff is informed and alleges that ENT

21  GROUP and FORRESTER, when acting as a principal, were negligent in the selection, hiring, appointment,

22  and employment of MCGUIRE.   Additionally, Plaintiff alleges MCGUIRE was an agent, owner, operator,

23  manager, director, servant and/or employee of ENT GROUP, and all of the things alleged to have been done

24  by him were done in the capacity of an employee and/or agent for each of the ENTITY Defendants.

25      12.  At the time they referred and/or continued to refer JANE ROE #5 and other females to Defendant

26  MCGUIRE for treatment, the ENTITY Defendants knew that Defendant MCGUIRE had a pattern, practice

27  and/or history of engaging in sexually inappropriate, offensive and flirtatious conduct and of making

28  unwelcome advances while performing medical examinations of his female patients.   Plaintiff is informed

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 3 -

1  and alleges that prior to 4/30/2015 other complaints and/or accusations of improper conduct by MCGUIRE

2  had been received from female patients and members of the ENTITY Defendants about Defendant

3  MCGUIRE's inappropriate conduct during physical examinations and medical treatment of female patients.

4      13.  The ENTITY Defendants and UHS, despite their knowledge of MCGUIRE's history of misconduct

5  and propensity to continue to engage in that conduct provided MCGUIRE assistance in continuing perform

6  wrongful acts, including those perpetrated against Plaintiff as outlined below.  Specifically, the ENTITY

7  Defendants continued to refer patients to MCGUIRE, and/or provided him with hospital privileges,

8  facilities, and services at TVH, as well as with offices and examination rooms at ENT GROUP locations

9  in Murrieta and Fallbrook, CA in which to engage in misconduct, permitted him to continue to practice

10  under and/or remain associated with the ENTITY Defendants' names and mastheads, and failed to warn

11  prospective patients that they could or would be victims of MCGUIRE's misconduct.

12      14.  In providing MCGUIRE assistance, the ENTITY Defendants knew or should have known that

13  other female patients had been and JANE ROE #5 would be assaulted by MCGUIRE.  This assistance was

14  a substantial factor in bringing about the subject assaults.  The ENTITY Defendants therefore "aided and

15  abetted" MCGUIRE's misconduct and are vicariously responsible for it.

**GENERAL ALLEGATIONS**

16

17      15.  On 4/30/3015, Plaintiff underwent a thyroidectomy procedure performed by Defendant MCGUIRE

18  at TVH.  During the procedure, Plaintiff was anesthetized.

19      16.  After observation in the recovery room, Plaintiff was placed into a private room.  She received

20  morphine for pain control after her anesthesia wore off.  Plaintiff used the bathroom, and when she sat on

21  the toilet, she felt a rush of seminal fluid leave her vagina and go into the toilet.  Plaintiff suspected she had

22  been assaulted by MCGUIRE but could not be certain due to the effects of anesthesia and pain medication.

23      17.  Upon information and belief, in light of the above, Plaintiff alleges Defendant MCGUIRE sexually

24  assaulted her while she was anesthetized for the above-described procedure.

25      18.  At about 3:00p, MCGUIRE came into Plaintiff's hospital room.  He was alone and the door was

26  shut.  He told Plaintiff that nurses had noticed "a rash" near her vagina.  MCGUIRE proceeded to examine

27  and inspect Plaintiff's pelvic area and parted her labia with his ungloved finger.  MCGUIRE reported he

28  saw no rash and left the room, telling Plaintiff he would return later to check up on her.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 4 -

EXHIBIT A      Page 010

19.   That evening, MCGUIRE returned to Plaintiff's room to again check her "rash." MCGUIRE again rubbed Plaintiff's vagina with an ungloved hand and fingers.

20.   Plaintiff told MCGUIRE that she had looked earlier and did not see "rash." MCGUIRE ceased his "examination" and sat on the bed, with his leg in contact with Plaintiff's body, and spoke with Plaintiff about his personal situation, his children, that he was leaving his practice shortly, and other personal matters for about 15 minutes.

21.   The next morning, before being discharged to home, MCGUIRE again returned to Plaintiff's room and said that he again wanted to check her "rash." Plaintiff refused to allow this exam, and was discharged shortly afterwards.

22.   Following discharge from TVH, Plaintiff told her husband about what had occurred when she used the bathroom and the three post-operative "rash" examinations by MCGUIRE.

## FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT
### BY A PHYSICIAN (CAL. CIVIL CODE § 51.9, 52)
**(By Plaintiff Jane Roe #5 Against All Named Defendants and DOES 1 through 10, Inclusive)**

23.   Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

24.   California Civil Code § 51.9 states:

(a)   A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:

    (1)   There is a business, service, or professional relationship between the plaintiff and defendant. Such a relationship may exist between a plaintiff and a person ...

    (2)   The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.

    (3)   There is an inability by the plaintiff to easily terminate the relationship.

    (4)   The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result of the conduct described in paragraph (2).

/ / /

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 5 -

25. In perpetrating the above-described acts, the named Defendants and DOES 1 through 10 and/or their agents and employees, subjected Plaintiff to unlawful sexual harassment in violation of California Civil Code §§ 51.9 and 52. At the time the unlawful conduct was perpetrated, the relationship between Plaintiff on the one hand, and Defendants, on the other hand, was one of Physician/Patient, and/or HMO/Member.

26. MCGUIRE made sexual advances and engaged in other verbal, visual and physical conduct of a sexual and/or hostile nature towards Plaintiff, based on her gender, that were unwelcome and pervasive or severe. In addition, the ENTITY Defendants, with reckless disregard for the rights and safety of Plaintiff and other female patients, and with knowledge of MCGUIRE's propensity and pattern of engaging in inappropriate conduct, and in furtherance of their own economic best interests, referred and continued to refer their female patients, including Plaintiff, to MCGUIRE and otherwise aided, allowed, incited and/or conspired with the denial of Plaintiff's rights pursuant to California Civil Code § 51.9.

27. Plaintiff was unable to easily terminate her relationship with MCGUIRE and the ENTITY Defendants. In particular, Plaintiff could not easily terminate the relationship due to her membership in HMO, and its control over Plaintiff by forcing her to obtain specialist treatment from ENT GROUP for her thyroidectomy surgery.

28. As a result of the alleged conduct, Plaintiff suffered actual damages, including, without limitation, emotional distress and the violation of their statutory and/or constitutional rights.

29. By these acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

30. As a further direct and proximate result of the acts and conduct of Defendants, Plaintiff has been caused and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of the injuries is presently unknown to Plaintiff, nor do they know at this time the exact duration or permanence of her injuries, but Plaintiff is informed and alleges that some if not all of her injuries are reasonably certain to be permanent in character.

/ / /

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 6 -

EXHIBIT A      Page 012

31.  Plaintiff is informed and alleges that the Defendants, and each of them, by engaging in the acts discussed above, and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.

32.  As a result of Defendants' acts and conduct, Plaintiff is entitled to an award of actual damages as provided in Section 52(b) of the California Civil Code.

33.  As a result of Defendants' acts and conduct, Plaintiff is entitled to all applicable civil penalties and damages as provided in California Civil Code § 52(b)(1).

34.  As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 52(b)(3) of the California Civil Code.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE
**(By Plaintiff Against All Named Defendants and DOES 11 Through 20, Inclusive)**

35.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

36.  Defendants, and each of them, owed Plaintiff a duty of care to refer her and other female patients to physicians who they were confident would observe strict and professional standards of care in conducting physical examinations and treatments, and to refrain from referring them to a physician who they knew, or should have known, had a propensity to engage in the inappropriate, offensive and harmful conduct alleged.

37.  The ENTITY Defendants breached their duty of care by referring Plaintiff to Defendant MCGUIRE, and/or allowing MCGUIRE to care for and have access to patients at TVH.  Defendant MCGUIRE owed a duty of care to Plaintiff to render medical specialist services in a professional and reasonable manner, and his actions in sexually harassing Plaintiff were unreasonable and below the standard of care for other medical practitioners in this community.

38.  By the acts and omissions of Defendants, and each of them, Plaintiff has been caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary losses in an amount to be proven at trial.

39.  As a further result of the acts and conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of her injuries is presently unknown to Plaintiff,

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 7 -

who does not know at this time the exact duration or permanence of her injuries, but Plaintiff is informed and alleges that some if not all of the injuries are reasonably certain to be permanent in character.

### THIRD CAUSE OF ACTION FOR VIOLATION OF
### UNRUH CIVIL RIGHTS ACT (Cal. Civil Code §§51, 52)
### (By Plaintiff Against All Entity Defendants, and DOES 21 Through 30, Inclusive)

40.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

41.  Plaintiff is informed and alleges that in violation of Section 51 of the California Civil Code, the ENTITY Defendants failed to provide or apply the same level of scrutiny to physicians to whom they referred Plaintiff and other female patients as they did to those to whom they referred their male patients. Plaintiff is further informed and alleges that Defendants would not have referred male patients to a physician who had demonstrated an inability to treat such patients with professional dignity and respect, but that the ENTITY Defendants readily and repeatedly did so with Plaintiff and other female patients.

42.  By the acts and omissions of Defendants, Plaintiff has been caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained.

43.  As a further result of the acts and conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of her injuries is presently unknown, and Plaintiff does not know the duration or permanence of her injuries, but is informed and alleges that some if not all of her injuries are reasonably certain to be permanent in character.

44.  Plaintiff is informed and alleges that by engaging in these acts and/or in authorizing and/or ratifying such acts, Defendants engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful and conscious disregard of the rights, welfare and safety of Plaintiff.

45.  As a result of Defendants' acts and conduct, Plaintiff is entitled to actual damages for each and every offense and is further entitled to an award of treble damages and reasonable attorneys' fees and costs of suit as provided in Section 52(a) of the California Civil Code.

### FOURTH CAUSE OF ACTION FOR GENDER VIOLENCE (CAL. CIVIL CODE § 52.4)
### (By Plaintiff Against All Defendants and DOES 31 Through 40, Inclusive)

46.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 8 -

47.  California Civil Code § 52.4 states that gender violence is "a form of sex discrimination" and includes any of the following:

(1)  One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. [or]

(2)  A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

48.  Defendants wrongfully deprived Plaintiff of her right to be free from any use of physical intimidation or use of physical force committed against her person because of her gender in violation of California Civil Code § 52.4.

49.  Plaintiff is informed and allege that Plaintiff's gender was a motivating factor in Defendants' wrongful treatment of her and that Defendants' wrongful acts were committed at least in part based on Plaintiff's gender.

50.  The ENTITY Defendants ratified MCGUIRE's unlawful conduct as described above by: allowing MCGUIRE to continue treating Plaintiff and other female patients, despite the fact the ENTITY Defendants were either actually aware, or reasonably should have been aware that MCGUIRE was abusing and exploiting Plaintiff and other female patients; that he had a history of inappropriate behavior towards and committing sexually offensive acts against his female patients; and that he had a history of abusing and harassing women.

51.  Plaintiff is informed and alleges that the ENTITY Defendants continued to use MCGUIRE's professional services and compensate him for such services, despite knowledge of his wrongful conduct described above, and that the ENTITY Defendants failed to report MCGUIRE's unlawful conduct at any point to any authorities either within or outside of the ENTITY Defendants' offices or to UHS, and/or TVH officials or in other places at which the ENTITY Defendants conducted business.

52.  The ENTITY Defendants consciously took no action against MCGUIRE and instead, acted to conceal his conduct from Plaintiff, other female patients of MCGUIRE, and the public.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 9 -

EXHIBIT A     Page 015

53. As a direct and proximate result of the tortious, unlawful and wrongful acts and conduct of the Defendants, and of their respective agents, servants, employees, and authorized representatives, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income, employment, and career benefits.

54. In engaging in the conduct as alleged, Defendants acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, her rights and well-being, and Defendants intended to subject Plaintiff to unjust hardship.

55. Plaintiff is entitled to an award of statutory fees and attorneys' fees against Defendants pursuant to California Civil Code § 52.4(a).

## FIFTH CAUSE OF ACTION FOR NEGLIGENT RETENTION AND SUPERVISION
### (By Plaintiff Against the ENTITY Defendants and DOES 41 Through 50, Inclusive)

56. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

57. The ENTITY Defendants, including UHS & TVH have a duty to authorize the use of and/or retain agents, contractors, and/or employees who are fit and competent, to supervise their agents, contractors, and/or employees, and to implement measures to protect patients from predictable and foreseeable risks posed by their agents, contractors and/or employees.

58. Under the authority of *Elam v. College Park Hospital* (1982) 132 Cal.App.3d 332, the Court stated a hospital owes its patients ". . .a general duty to insure the competency of its medical staff and to evaluate the quality of medical treatment rendered on it's premises..." *Id.,* at 348).

59. Case law also holds that it is the duty of a hospital to use reasonable care in furnishing a patient the care, attention, and protection reasonably required by his mental and physical condition; and to use reasonable care in selecting a competent medical staff and periodically reviewing the competency of its medical staff.

60. California courts have held that hospitals may be held liable for failure to use reasonable care in furnishing their patients care, attention and protection, and that hospitals have a duty to "provide a safe environment within which diagnosis, treatment, and recovery can be carried out." *Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50, 56.

---

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 10 -

61. UHS, TVH and the other ENTITY Defendants knew, or in the exercise of reasonable diligence should have known, that MCGUIRE was incompetent and unfit to perform his duties as an otolaryngologist when treating Plaintiff and other female patients who would be injured due to MCGUIRE's abuse of the privileges and authority extended to him as their physician. MCGUIRE's conduct occurred in his capacity as a specialty physician and agent, contractor, and/or employee of UHS, TVH, and/or the other ENTITY Defendants and was done for the benefit of these Defendants.

62. The ENTITY Defendants were negligent by breaching the duty of care by referring Plaintiff and other female patients to MCGUIRE, by retaining the services of MCGUIRE, by failing to supervise MCGUIRE, who had known propensities for unlawful behavior including abuse, sexual harassment, and misconduct towards female patients. UHS and TVH were negligent by breaching their independent duty of care to Plaintiff and other female patients by extending hospital privileges to MCGUIRE and/or failing to implement procedures for review of his performance, and by allowing reappointment to staff and renewal of his staff privileges.

63. MCGUIRE's conduct towards Plaintiff at TVH was foreseeable because Defendants were or reasonably should have been aware of MCGUIRE's past misconduct towards other female patients.

64. The ENTITY Defendants breached their duty of care by failing to implement measures to protect Plaintiff and other female patients from such foreseeable risks, from an unreasonable risk of harm, and from the recurrence of MCGUIRE's behavior, of which they either had or should have had prior notice. The ENTITY Defendants failed to terminate MCGUIRE or take any disciplinary action against him; instead, they retained him and allowed him to continue victimizing Plaintiff and other female patients.

65. Defendants' failure to train, supervise, and terminate MCGUIRE was the direct and proximate cause of Plaintiff's injuries. Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income, employment, and career benefits.

///
///
///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 11 -

## SIXTH CAUSE OF ACTION FOR MEDICAL MALPRACTICE
### (By Plaintiff Against All Defendants and DOES 51 through 60, inclusive)

66.   Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

67.   The named Defendants and DOES 51 through 60, inclusive, negligently exercised the proper degree of knowledge and skill of a specialist physician, specialist medical group and hospital, in their care of Plaintiff and referral of Plaintiff to MCGUIRE and in MCGUIRE's care, examination, and treatment of Plaintiff, as set forth above.

68.   As a proximate result of the negligence of the named Defendants and DOES 51 through 60, inclusive, Plaintiff sustained severe and grievous injury to her health, strength, and activity, which has caused and continues to cause her great mental, physical, and nervous pain and suffering.

69.   As a further proximate result of the negligence of the named Defendants and DOES 51 through 60, inclusive, Plaintiff was forced to incur, and will continue to incur, medical, hospital, and related expenses, all to her damage in an as yet unknown amount.  Plaintiff will amend this complaint to state the true amount and extent of such damages when known.

70.   Plaintiff is informed and alleges that her injuries will result in some type of permanent disability, and Plaintiff has sustained general damages in an unknown amount.  Plaintiff will amend this complaint to state the true amount and extent of such damages when known.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   For general and special damages in an amount to be determined at trial;

2.   For pre- and post-judgment interest as allowed and according to proof;

3.   For costs of suit including reasonable attorneys' fees and statutory fees, as allowed by law; and

4.   For all other relief as this Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 12 -

DATED: March 28, 2016                          HODES • MILMAN • LIEBECK, LLP

                                               BY: _____
                                                   JEFFREY A. MILMAN, ESQ.
                                                   JASON M. CARUSO, ESQ., ATTORNEYS
                                                   FOR PLAINTIFF, JANE ROE #5

DATED: March 28, 2016                          MITTELMAN LAW FIRM

                                               BY: _____
                                                   JOHN R. MITTELMAN, ESQ. ATTORNEY
                                                   FOR PLAINTIFF, JANE ROE #5

                          **JURY TRIAL DEMAND**

     Plaintiff demands a trial by jury of all issues so triable in this action.

DATED: March 28, 2016                          HODES • MILMAN • LIEBECK, LLP

                                               BY: _____
                                                   JEFFREY A. MILMAN, ESQ.
                                                   JASON M. CARUSO, ESQ., ATTORNEYS
                                                   FOR PLAINTIFF, JANE ROE #5

DATED: March 28, 2016                          MITTELMAN LAW FIRM

                                               BY: _____
                                                   JOHN R. MITTELMAN, ESQ. ATTORNEY
                                                   FOR PLAINTIFF, JANE ROE #5

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 13 -

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
*SEE ATTACHED ADDITIONAL PARTIES ATTACHMENT
FORM*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANE ROE #5, an individual

</td>
<td>

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

# FILED
Superior Court of California
County of Riverside

3/28/2016

mplasenc

By Fax

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

</td>
<td>

CASE NUMBER:
*(Número del Caso):*
**MCC1600259**

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey A Milman, Esq., Hodes Milman Liebeck, LLP 9210 Irvine Center Dr. Irvine, CA 92618 949-640-8222

<table>
<tr>
<td>

DATE: **03-28-16**
*(Fecha)*

</td>
<td>

Clerk, by *Martha Plasencia*
*(Secretario)*

</td>
<td>

, Deputy
*(Adjunto)*

</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

<table>
<tr>
<td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td>
<td>

**SUMMONS**

</td>
<td>

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

</td>
</tr>
</table>

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JANE ROE #5 V. MCGUIRE, et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

JOHN FRANCIS MCGUIRE, M.D.; MICHAEL FORRESTER, M.D.; NORTH COUNTY ENT MEDICAL GROUP, AN ENTITY OF UNKNOWN FORM; UNITED HEALTH SERVICES, INC., A PENNSYLVANIA CORPORATION; TEMECULA VALLEY HOSPITAL, INC., A CALIFORNIA CORPORATION; UNITED HEALTHCARE SERVICES, INC., A CALIFORNIA CORPORATION, and DOES 1 THROUGH 100, INCLUSIVE

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey A. Milman, Esq. SBN 99072 / Jason M. Caruso, Esq. SBN 287809<br>Hodes Milman Liebeck, LLP<br>9210 Irvine Center Dr.<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-640-8222   FAX NO.: 949-336-8114<br>ATTORNEY FOR *(Name):* Plaintiffs JANE ROE #5 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

CASE NAME:
Jane Roe #5 v. John Francis McGuire, M.D. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | MCC1600259 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [ ] is [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 28, 2016

Jason M. Caruso, Esq. / SBN 287809
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT C    Page 022

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT C     Page 023

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 311 E. Ramsey St., Banning, CA 92220 | ☒ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☐ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Jeffrey A. Milman, Esq. SBN 99072 / Jason M. Caruso, Esq. SBN 287809
Hodes Milman Liebeck, LLP
9210 Irvine Center Dr.
Irvine, CA 92618

TELEPHONE NO.: 949-640-8222    FAX NO. (Optional): 949-336-8114
E-MAIL ADDRESS (Optional): jmilman@hml.law / jcaruso@hml.law
ATTORNEY FOR (Name): Plaintiff, JANE ROE #5

PLAINTIFF/PETITIONER: JANE ROE #5, an individual

DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D. et al

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside
3/28/2016
mplasenc

By Fax

CASE NUMBER:
MCC1600259

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of:    92592

☐  The action concerns real property located in the zip code of:    _____

☐  The Defendant resides in the zip code of:    _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  March 28, 2016

Jason M. Caruso, Esq. / SBN 287809
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►  _____ (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]

CERTIFICATE OF COUNSEL

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey A. Milman, Esq. SBN 99072 / Jason M. Caruso, Esq. SBN 28780 Hodes Milman Liebeck, LLP 9210 Irvine Center Dr. Irvine, CA 92618 | **FILED** Superior Court of California County of Riverside 3/28/2016 mplasenc By Fax |

TELEPHONE NO.: 949-640-8222    FAX NO. *(Optional):* 949-336-8114
E-MAIL ADDRESS *(Optional):* jmilman@hml.law / jcaruso@hml.law
ATTORNEY FOR *(Name):* Plaintiffs JANE & JOHN ROES

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

| | |
|---|---|
| PLAINTIFF/PETITIONER: JANE ROE #5, an individual | **CASE NUMBER:** MCC1600259 |
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D. et al | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: JANE ROE V. JOHN FRANCIS MCGUIRE et al
   b. Case number: MCC1500417
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: S303
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: September 30, 2015
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [ ] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title: JANE ROE #2, JANE ROE #3, and JANE ROE #4 V. JOHN FRANCIS MCGUIRE, et al.
   b. Case number: MCC 1600130
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In m ediation, t he  mediator listens to  e ach person's co ncerns, helps th em evaluate t he stren gths and  weaknesses of t heir case, and  works with th em t o cre ate a settlement agreement that is acceptable to everyone.  If the p arties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the per son who decides the outcome. In "binding" arbitration the a rbitrator's decision is  fina l; ther e is  no rig ht to trial.   In "n on-binding" arbitration, an y party  can request a t rial after th e ar bitrator's dec ision.  The c ourt's man datory Jud icial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

EXHIBIT E     Page 026

Arbitration may be appropriate when the parties:
- ✍ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ✍ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ✍ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**   Settlement c onferences  are similar   to me diation, but th e settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Se ttlement conferences o ften inv olve attorn eys more tha n the p arties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for the ir ADR p rocess without Court inv olvement.  Parties m ay schedule private ADR  at any time; there is no need to  wait until the Case Management Conference. See the "Private Mediation Information Sheet" on  the ADR website for  more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - ✍ Your preferences for mediation or arbitration.
   - ✍ Your sc hedule for d iscovery (g etting th e informat ion  you n eed)  to make   good decisions a bout settli ng the case   at mediat ion or pr esenting you r case at a   n arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ✍ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation).  See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- ✍ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900

Page 2 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **Banning** - 311 E. Ramsey Street, Banning, CA 92220
☐ **Hemet** - 880 N. State Street, Hemet, CA 92543
☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201
☐ **Riverside** - 4050 Main Street, Riverside, CA 92501
☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S): <br><br> DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> (CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration            ☐ Other (describe):_____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____          _____          _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY          DATE
☐ Plaintiff  ☐ Defendant

_____          _____          _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY          DATE
☐ Plaintiff  ☐ Defendant

_____          _____          _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY          DATE
☐ Plaintiff  ☐ Defendant

_____          _____          _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY          DATE
☐ Plaintiff  ☐ Defendant

☐ Additional signature(s) attached

Page 3 of 3

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey A. Milman, Esq. SBN 99072 / Jason M. Caruso, Esq. SBN 28780 Hodes Milman Liebeck, LLP 9210 Irvine Center Dr. Irvine, CA 92618 TELEPHONE NO.: 949-640-8222   FAX NO. *(Optional)*: 949-336-8114 E-MAIL ADDRESS *(Optional)*: jmilman@hml.law / jcaruso@hml.law ATTORNEY FOR *(Name)*: Plaintiffs JANE & JOHN ROES | **FILED** Superior Court of California County of Riverside 3/28/2016 mplasenc By Fax |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

| PLAINTIFF/PETITIONER: JANE ROE #5, an individual DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D. et al | CASE NUMBER: **MCC1600259** |
|---|---|
| | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: JANE ROE V. JOHN FRANCIS MCGUIRE et al
    b.  Case number: MCC1500417
    c.  Court: [✓] same as above
            [ ] other state or federal court *(name and address):*
    d.  Department: S303
    e.  Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
    f.  Filing date: September 30, 2015
    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [✓] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
            [ ] involves the same parties and is based on the same or similar claims.
            [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
            [ ] involves claims against, title to, possession of, or damages to the same property.
            [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
                [ ] Additional explanation is attached in attachment 1h
    i.  Status of case:
            [✓] pending
            [ ] dismissed [ ] with [ ] without prejudice
            [ ] disposed of by judgment

2.  a.  Title: JANE ROE #2, JANE ROE #3, and JANE ROE #4 V. JOHN FRANCIS MCGUIRE, et al.
    b.  Case number: MCC 1600130
    c.  Court: [✓] same as above
            [ ] other state or federal court *(name and address):*
    d.  Department:

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER:   JANE ROE #5, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D. et al | **MCC1600259** |

2. *(continued)*

   e.  Case type: ☐ limited civil  ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date: February 18, 2016

   g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☑ No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

     ☐  involves the same parties and is based on the same or similar claims.

     ☑  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐  involves claims against, title to, possession of, or damages to the same property.

     ☑  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       ☐  Additional explanation is attached in attachment 2h

   i.  Status of case:

     ☑  pending

     ☐  dismissed ☐ with ☐ without prejudice

     ☐  disposed of by judgment

3.  a.  Title:

   b.  Case number:

   c.  Court: ☐ same as above

     ☐  other state or federal court *(name and address):*

   d.  Department:

   e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

     ☐  involves the same parties and is based on the same or similar claims.

     ☐  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐  involves claims against, title to, possession of, or damages to the same property.

     ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       ☐  Additional explanation is attached in attachment 3h

   i.  Status of case:

     ☐  pending

     ☐  dismissed ☐ with ☐ without prejudice

     ☐  disposed of by judgment

4.  ☐  Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 28, 2016

Jason M. Caruso, Esq. / SBN 287809
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CM-015

| PLAINTIFF/PETITIONER: JANE ROE #5, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D. et al | MCC1600259 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
30755-D Auld Road
Murrieta, CA  92563
www.riverside.courts.ca.gov



## NOTICE OF DEPARTMENT ASSIGNMENT
## AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

ROE #5 VS MCGUIRE

CASE NO. MCC1600259

This case is assigned to the Honorable Judge Raquel A Marquez in Department S303 for all purposes.

The Case Management Conference is scheduled for 09/26/16 at 8:30 in Department S303.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.   Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 03/29/16                              by: _____

,MARTHA PLASENCIA Deputy Clerk

CDACMO
1/28/14

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) SBN 133209 | FOR COURT USE ONLY |
|---|---|
| JOHN R. MITTELMAN, ESQ. MITTELMAN LAW FIRM 27349 JEFFERSON AVENUE, #105 TEMECULA, CA 92590 | |

TELEPHONE NO.: (951)719-1412          FAX NO. (Optional): (951)719-1431
E-MAIL ADDRESS (Optional): JOHNMITTELMAN@GMAIL.COM
ATTORNEY FOR (Name): PLAINTIFF JANE ROE #5

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
  STREET ADDRESS: 30755-D AULD RD
  MAILING ADDRESS:
  CITY AND ZIP CODE: MURRIETA 92563
  BRANCH NAME: SOUTHWEST JUSTICE CENTER

PLAINTIFF/PETITIONER: JANE ROE #5

DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: MCC1600259 |
|---|---|

TO (insert name of party being served): NORTH COUNTY ENT MEDICAL GROUP, AN ENTITY OF UNKNOWN FORM

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: APRIL 11, 2016

CHRISTINE WICHERT
(TYPE OR PRINT NAME)

► *Christine Wichert*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
     Certificate of Counsel, Civil Case Cover Sheet, Notice of Related Case, ADR Package

(To be completed by recipient):

Date this form is signed: 4/20/16

North County ENT Medical Group
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► *Lauren Nardist*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JOHN R. MITTELMAN, ESQ.    SBN 133209<br>MITTELMAN LAW FIRM<br>27349 JEFFERSON AVE., #105<br>TEMECULA, CA 92590<br>TELEPHONE NO.: (951)719-1412 .    FAX NO. *(Optional):* (951)719-1431<br>E-MAIL ADDRESS *(Optional):* JOHNMITTELMAN@GMAIL.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF JANE ROE #5 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS:  30755-AULD ROAD
MAILING ADDRESS:
CITY AND ZIP CODE:  MURRIETA 92563
BRANCH NAME: ·  SOUTHWEST JUSTICE CENTER

| | |
|---|---|
| PLAINTIFF/PETITIONER: JANE ROE #5 | CASE NUMBER: |
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL. | MCC1600259 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✓] summons

   b. [✓] complaint

   c. [✓] Alternative Dispute Resolution (ADR) package

   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [✓] other *(specify documents):* Notice of Related Case

3. a. Party served *(specify name of party as shown on documents served):*

   NORTH COUNTY ENT MEDICAL GROUP, an entity of unknown form

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Lotz, Doggett, & Rawers, 101 West Broadway, Suite 1110, San Diego, CA 92101

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: JANE ROE #5 | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL. | MCC1600259 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):* April 11, 2016          (2)  from *(city):* Temecula, CA

  (3)  ☑  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

  (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

  ☐  416.10 (corporation)                              ☐  415.95 (business organization, form unknown)
  ☐  416.20 (defunct corporation)                      ☐  416.60 (minor)
  ☐  416.30 (joint stock company/association)          ☐  416.70 (ward or conservatee)
  ☐  416.40 (association or partnership)               ☐  416.90 (authorized person)
  ☐  416.50 (public entity)                            ☐  415.46 (occupant)
                                                       ☐  other:

7.  **Person who served papers**
  a.  Name: Christine Wichert
  b.  Address: 27349 Jefferson Avenue, Suite 105, Temecula, CA 92590
  c.  Telephone number: (951)719-1412
  d.  **The fee** for service was: $ 0
  e.  I am:

    (1)  ☑  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 25, 2016

CHRISTINE WICHERT
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Christine Wichert*
(SIGNATURE )

ORIGINAL

**CIV-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
John R. Mittelman, Esq. (SBN# 133209)
Mittelman Law Firm
27349 Jefferson Ave., Suite 105
Temecula, California 92590
TELEPHONE NO.: 951.719.1412     FAX NO. (Optional): 951.719.1431
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, JANE ROE #5

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: Dept. S303
CITY AND ZIP CODE: Murrieta, California 92563
BRANCH NAME: Southwest Justic Center

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 27 2016
T. DANIELS

DR
APR 2 8 2016

PLAINTIFF/PETITIONER: Jane Roe #5

DEFENDANT/RESPONDENT: Michael Forrester, M.D., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death<br>[ ] Motor Vehicle   [ ] Other<br>[ ] Family Law   [ ] Eminent Domain<br>[ ] Other (specify) : | MCC1600259 |

– A conformed copy will not be returned by the clerk unless a method of return is provided with the document. –

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice   (2) [X] Without prejudice
   b. (1) [X] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                          on (date):
      (4) [ ] Cross-complaint filed by (name):                          on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* As to Defendant MICHAEL FORRESTER ONLY

2. (Complete in all cases except family law cases.)
   [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: April 26, 2016

JOHN R. MITTELMAN, ESQ.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                           ► _____
                                                                                              (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action
only, or of specified cross-complaints only, so state and identify the parties,          Attorney or party without attorney for:
causes of action, or cross-complaints to be dismissed.                                    [X] Plaintiff/Petitioner   [ ] Defendant/Respondent
                                                                                          [ ] Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                           ► _____
                                                                                              (SIGNATURE)
** If a cross-complaint – or Response (Family Law) seeking affirmative
relief – is on file, the attorney for cross-complainant (respondent) must                 Attorney or party without attorney for:
sign this consent if required by Code of Civil Procedure section 581 (i)                  [ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
or (j).                                                                                   [ ] Cross-Complainant

(To be completed by clerk)
4. [✓] Dismissal entered as requested on (date):   4/27/16
5. [ ] Dismissal entered on (date):                              as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed   [ ] means to return conformed copy

Date: 4/27/16     Clerk, by _____ T. DANIELS , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Page 1 of 2
Code of Civil Procedure, § 581 et seq.
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

EXHIBIT I     Page 037

CIV-110

| PLAINTIFF/PETITIONER: JANE ROE #5 | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MICHAEL FORRESTER, M.D., at el. | MCC1600259 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶ _____

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

(SIGNATURE)

CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT I     Page 038

**ORIGINAL**

LOTZ, DOGGETT & RAWERS, LLP
JEFFREY S. DOGGETT, ESQ., State Bar No. 147234
LAUREN E. HARDISTY, ESQ., State Bar No. 258531
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone (619) 233-5565
Facsimile  (619) 233-5564

Attorneys for Defendant,  NORTH COUNTY ENT
MEDICAL GROUP

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 23 2016

M. Lopez

DEP

MAY 24 2016

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| JANE ROE #5, an individual, | CASE NO.: MCC1600259 |
| Plaintiff, | **[IMAGED FILE]** |
| v. | **DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| JOHN FRANCIS MCGUIRE, M.D.; MICHAEL FORRESTER, M.D.; NORTH COUNTY ENT MEDICAL GROUP, AN ENTITY OF UNKNOWN FORM; UNITED HEALTH SERVICES, INC., A PENNSYLVANIA CORPORATION; ; TEMECULA VALLEY HOSPITAL, INC., A CALIFORNIA CORPORATION; UNITED HEALTHCARE SERVICES, INC., A CALIFORNIA CORPORATION and DOES 1 through 100, INCLUSIVE, | DEPT.      :     S303 <br> JUDGE     :     Hon. Raquel A. Marquez <br> DATE       :     July 13, 2016 <br> TIME        :     8:30 a.m. |
| | Action Filed   :       3/28/2016 |
| Defendants. | |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 13, 2016 at 8:30 a.m. or as soon thereafter as the matter may be heard in Department S303 of the above-entitled court, located at 30755-D Auld Road, Murrietta, California 92563, Defendant, NORTH COUNTY ENT MEDICAL GROUP will and hereby Demurrers to Plaintiff's Complaint on file herein.  This Demurrer is brought on the grounds

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

**DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT**

1   that the First, Third, and Fourth Causes of Action in the Complaint fail to state facts sufficient to state

2   a cause of action against this demurring Defendant and are therefore subject to Demurrer pursuant to

3   Code of Civil Procedure §430.10(e).

4

5   **PLEASE TAKE FURTHER NOTICE THAT** the Court will make a tentative ruling on the

6   merits of this matter by 3:00 p.m. on the court day prior to the hearing. Tentative rulings will be

7   available   on   the   Internet   or   by   calling   1-760-904-5722.   To   view   go   to:

8   http://www.riverside.courts.ca.gov and click on the tentative ruling link. The tentative ruling shall

9   become the ruling of the Court unless, by 4:30 p.m. on the court day before the scheduled hearing,

10   a party gives notice of intent to appear to all parties and the court. The notice of intent to appear must

11   be given either in person or by telephone. Where notice of intent to appear has been properly given,

12   or upon direction of the Court, oral argument will be permitted.

13

14   This Demurrer is filed pursuant to California Code of Civil Procedure §430.10(e) and upon

15   other statutes, cases and authorities presented herein or at the time of hearing on this Demurrer. This

16   Demurrer is based on this Notice, the attached Memorandum of Points and Authorities, the Complaint

17   filed in this action, and the papers, files, pleadings and upon other such documentary evidence and

18   argument that may be presented at the hearing of this Demurrer.

19

20   DATED: May __19__, 2016                              **LOTZ, DOGGETT & RAWERS, LLP**

21

22   By: _Lauren Hardisty_
                                                **JEFFREY S. DOGGETT, ESQ.**
23                                              **LAUREN E. HARDISTY, ESQ.**
                                                Attorneys for Defendant North County
24                                              ENT Medical Group

25

26

27

28   **DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND
     DEMURRER TO PLAINTIFF'S COMPLAINT**

-2-

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

JANE ROE #3 VS. JOHN FRANCIS MCGUIRE, M.D., et al.
CASE NO. MCC1600259
[IMAGED FILE]

---

## PROOF OF SERVICE VIA U.S. MAIL

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

    I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 W. Broadway, Suite 1110, San Diego, California 92101.

    On **May 19, 2016**, I served the foregoing document described as:

    1.    **DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

    2.    **MEET AND CONFER DECLARATION OF LAUREN E. HARDISTY**

on all interested parties in this action by placing a true copy into our company's facsimile machine with the fax number(s) thereof listed below as follows:

| | |
|---|---|
| **JOHN R. MITTELMAN, ESQ., SBN 133209**<br>**MITTELMAN LAW FIRM**<br>27349 JEFFERSON AVENUE, SUITE 105<br>TEMECULA, CALIFORNIA 92590<br>**TEL: 951.719.1412 FAX: 951.719.1431**<br>**ATTORNEY FOR PLAINTIFF, JANE ROE** | **JEFFREY A. MILMAN, ESQ., SBN 99072**<br>**JASON M. CARUSO, ESQ., SBN 287809**<br>**HODES MILMAN LIEBECK, LLP**<br>9210 IRVINE CENTER DRIVE<br>IRVINE, CALIFORNIA 92618-4661<br>**TEL: 949.640.8222; FAX: 949.336.8114**<br>**ATTORNEYS FOR PLAINTIFF, JANE & JOHN ROE** |

**DANIEL A. COOPER, ESQ.**
**CARROLL, KELLY, TROTTER, FRANZEN,**
**MCKENNA & PEABODY**
225 BROADWAY, SUITE NO. 1575
SAN DIEGO CALIFORNIA 92101
**TEL: 949.640.8222; FAX: 949.336.8114**
**ATTORNEYS FOR DEFENDANT, NORTH**
**COUNTY ENT MEDICAL GROUP AND**
**JOHN FRANIS MCGUIRE, M.D.**

**BY MAIL AS FOLLOWS:**

    **XX**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

---

**PROOF OF SERVICE VIA U.S. MAIL**

JANE ROE #5 VS. JOHN FRANCIS MCGUIRE, M.D., et al.
CASE NO. MCC1600259
[IMAGED FILE]

cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **May 19, 2016**, at San Diego, California.

☒   (State)I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
OPAL WOFFORD

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

ORIGINAL

1  **LOTZ, DOGGETT & RAWERS, LLP**
2  **JEFFREY S. DOGGETT, ESQ.**, State Bar No. 147234
   **LAUREN E. HARDISTY, ESQ.**, State Bar No. 258531
3  101 West Broadway, Suite 1110
   San Diego, California 92101
4  Telephone (619) 233-5565
   Facsimile  (619) 233-5564

DR

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 23 2016

M. Lopez

MAY 2 4 2016

5  Attorneys for Defendant,  NORTH COUNTY ENT
   MEDICAL GROUP
6
7
8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                        **COUNTY OF RIVERSIDE**
10

11  JANE ROE #5, an individual,                  )  CASE NO.: MCC1600259
                                                 )
12          Plaintiff,                           )  **[IMAGED FILE]**
                                                 )
13  v.                                           )  **DEFENDANT, NORTH COUNTY ENT**
                                                 )  **MEDICAL GROUP'S DEMURRER TO**
14  JOHN FRANCIS MCGUIRE, M.D.;                  )  **PLAINTIFF'S COMPLAINT;**
    MICHAEL FORRESTER, M.D.; NORTH               )  **MEMORANDUM OF POINTS AND**
15  COUNTY ENT MEDICAL GROUP, AN                 )  **AUTHORITIES IN SUPPORT THEREOF**
    ENTITY OF UNKNOWN FORM; UNITED               )
16  HEALTH SERVICES, INC., A                     )  DEPT.    :    S303
    PENNSYLVANIA CORPORATION; ;                  )  JUDGE    :    Hon. Raquel A. Marquez
17  TEMECULA VALLEY HOSPITAL, INC., A            )  DATE     :    July 13, 2016
    CALIFORNIA CORPORATION; UNITED               )  TIME     :    8:30 a.m.
18  HEALTHCARE SERVICES, INC., A                 )
    CALIFORNIA CORPORATION and DOES 1            )
19  through 100, INCLUSIVE,                      )
                                                 )  Action Filed  :    3/28/2016
20          Defendants.                          )
                                                 )
21  _____

22
23
24
25
26
27
28
    **DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND**
                **DEMURRER TO PLAINTIFF'S COMPLAINT**

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

1  **DEFENDANT NORTH COUNTY ENT MEDICAL GROUP'S**

2  **DEMURRER TO PLAINTIFF'S COMPLAINT**

3

4        **COMES NOW**, Defendant, NORTH COUNTY ENT MEDICAL GROUP, who hereby

5  Demurrers to Plaintiff's Complaint on file herein on the following grounds:

6

7  **AS TO THE FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT BY A**

8  **PHYSICIAN (CAL. CIVIL CODE §§ 51.9, 52)**

9        The First Cause of Action fails on its face to state facts sufficient to constitute a Cause of

10  Action against this Defendant as a matter of law.

11

12  **AS TO THE THIRD CAUSE OF ACTION FOR VIOLATION OF UNRUH CIVIL**

13  **RIGHTS ACT (CAL. CIVIL CODE §§ 51, 52)**

14        The Third Cause of Action fails on its face to state facts sufficient to constitute a Cause of

15  Action against this Defendant as a matter of law.

16

17  **AS TO THE FOURTH CAUSE OF ACTION FOR GENDER VIOLENCE (CAL CIVIL**

18  **CODE § 52.4)**

19        The Fourth Cause of Action fails on its face to state facts sufficient to constitute a Cause of

20  Action against this Defendant as a matter of law.

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's filed this action seeking damages against multiple defendants related to the alleged actions of John McGuire, M.D.  Plaintiff asserts a theory of vicarious liability against North County ENT Medical Group for the alleged intentional torts of Dr. McGuire as well as direct liability for its own alleged negligence.  North Count ENT Medical Group, as a matter of law, cannot be held vicariously liable for Dr. McGuire's intentional torts.

## II.

## RELEVANT FACTS

Defendant, John McGuire, M.D. an owner, operator, manager, director or member of Defendant, North County ENT Medical Group ("NCENT"). (CPT., ¶5.) At all relevant times he was the agent, servant, and/or employee of NCENT and all of the things alleged to have been done by him were done in his capacity as an employee or agent. (CPT., ¶11.) Plaintiff alleges that the Entity Defendants, generally, had knowledge of Dr. McGuire's pattern, practice and/or history of engaging in sexually inappropriate, offensive and flirtatious conduct and of making unwelcome sexual advances while performing examinations of his female patients. (CPT., ¶12.) Plaintiff further alleges that the Entity Defendants continued to refer female patients to Dr. McGuire and or provide him with office and examination rooms. (CPT., ¶13.)

On April 30, 2015, Dr. McGuire performed a thyroidectomy at Temecula Valley Hospital. (CPT., ¶15.) Plaintiff then alleges, on information and belief, that Dr. McGuire sexually assaulted her while she was anaesthetized. (CPT., ¶17.) Following the procedure, Plaintiff was placed in a private room. (CPT., ¶16.) Dr. McGuire advised Plaintiff that one of the nurses had noticed a rash near her vagina, which he proceed to examine. (CPT., ¶18.) Dr. McGuire returned later that evening to check Plaintiff's rash. (CPT., ¶19.) Plaintiff told Dr. McGuire that she did not see a rash and he stopped his examination. (CPT., ¶20.) Dr. McGuire returned the next day to check on Plaintiff's rash but she

---

**DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT**

1 | refused to allow him to examine her. (CPT., ¶21.) Following discharge from the hospital, Plaintiff

2 | told her husband what had occurred. (CPT., ¶22.)

3

4 |      The specific factual allegations contained in the Complaint supercede the generic allegations

5 | as to the Entity Defendants. It is clear from the factual allegations that NCENT did not refer Plaintiff

6 | to Dr. McGuire. None of the alleged misconduct occurred at NCENT. Plaintiff never reported the

7 | alleged misconduct to NCENT. There is no relationship between Jane Roe #5's allegations against

8 | Dr. McGuire and NCENT other than a general allegation of an agency/employment relationship that

9 | applies to all the Entity Defendants.

10

11 | ### III.

12 | ### AUTHORITY AND ARGUMENT

13 |      California *Code of Civil Procedure* §430.10 specifically grants parties the right to pose a

14 | general and specific Demurrer to a complaint based upon the allegations therein and of such matters

15 | for which the court may properly take judicial notice. Specific grounds provided in §430.10 include

16 | sub-section "e" wherein the pleading fails to state facts sufficient to constitute a cause of action and

17 | sub-division "f" where the pleading is uncertain.

18

19 |      In all, a Demurrer tests the legal sufficiency of factual allegations made in the complaint.

20 | *Windham at Carmel Mountain Ranch Assn. v. Superior Court* (2003) 109 Cal. App. 4th 1162, 1168.

21 | Where a complaint includes allegations that facially disclose a defense or bar to recovery, Demurrer

22 | is appropriate. *Cryolife, Inc. v. Superior Court* (2003) 110 Cal. App. 4th 1145, 1152. Uncertainty

23 | is also appropriate as grounds for Demurrer particularly with regard to matters that are failed to be

24 | alleged which are essential to a cause of action. *Gonzales v. State of California* (1977) 68 Cal. App.

25 | 3d 621, 634. A plaintiff is required to set forth essential facts of her case with reasonable precision

26 | and with particularity sufficient to equate defendants as to the nature, sort and extent of the cause of

27 | action. *Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal. 2d 240, 245.

28

**LOTZ, DOGGETT & RAWERS LLP**
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND
DEMURRER TO PLAINTIFF'S COMPLAINT

**A. PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION FOR SEXUAL HARASSMENT (CIVIL CODE §51.9) AS TO NORTH COUNTY ENT MEDICAL GROUP**

Plaintiff's cause of action for Sexual Harassment pursuant to California Civil Code §51.9 cannot, as a matter of law, be maintained against NCENT. Civil Code §51.9 provides in relevant part:

> (a) A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:
>
> (1) There is a business, service or professional relationship between the plaintiff and defendant.  Such a relationship may exist between a plaintiff and a person, including, but not limited to, any of the following persons:
>
> (A) Physician, psychotherapist, or dentist...
>
> (2) The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.
>
> (3) There is an inability by the plaintiff to easily terminate the relationship.
>
> (4) The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of statutory or constitutional right, as a result of the conduct described in paragraph (2).
>
> (b) In an action brought pursuant to this section, damages shall be awarded as provided by subdivision (b) of Section 52.

Plaintiff's Complaint fails to allege the necessary elements in order to maintain a cause of action for violation of Civil Code §51.9 against NCENT.  Clearly NCENT cannot be held directly liable for sexual harassment as there are no allegations to support any of the necessary elements. Hence, Plaintiffs theory of liability against NCENT must be vicarious.

Plaintiff alleges Dr. McGuire was an employee and/or agent of NCENT.  It is well established that employers/principles cannot be held liable for the sexual misconduct of their employees/agents. "The rule of respondent superior is familiar and simply stated: an employer is vicariously liable for the torts of its employees committed within the scope of the employment relationship. Equally well

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5363

DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT

1  established, if somewhat surprising on first encounter, is the principle that an employee's willful,

2  malicious and even criminal torts may fall within the scope of his or her employment for purposes of

3  respondeat superior, even though the employer has not authorized the employee to commit crimes

4  or intentional torts." *Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291,

5  296-297.

6

7  The imposition of vicarious liability on an employer for the criminal or intentional torts of an

8  employee is not without further analysis. "While the employee thus need not have intended to further

9  the employer's interest, **the employer will not be held liable for an assault or other intentional tort**

10  **that did not have a causal nexus to the employee's work.**" *Id* at 297. **Emphasis Added**. "If an

11  employee inflicts injury out of personal malice, *not engendered by the employment*, the employer is

12  not liable." *Id* at 298.  In the instant case, Dr. McGuire acted out of his own self-interest.

13

14  "The nexus required for respondent superior liability - that the tort be engendered by or arise

15  from the work - is to be distinguished from 'but for' causation. **That the employment brought the**

16  **tortfeasor and victim together in time and place is not enough.**" *Lisa M. V. Henry Mayo Newhall*

17  *Memorial Hospital, supra*, 12 Cal.4th at p. 298.) **Emphasis Added**. There must be an additional link

18  between the nature of employment and the tort committed, namely foreseeablity. "California courts

19  have also asked whether the tort was, in a general way, foreseeable from the employee's duties.

20  Respondeat superior liability should apply only to the types of injuries that 'as a practical matter are

21  sure to occur in the conduct of the employer's enterprise.'" *Id.* at 299.  **Emphasis Added**.

22  "Foreseeablity 'merely means that in the context of the particular enterprise an employee's conduct

23  is not so unusual or startling that it would seem unfair to include the loss resulting from it among other

24  costs of the employer's business." *Id.*

25

26  In addressing the foregoing issues and under similar factual circumstances, the California

27  Supreme Court held that the hospital was not vicariously liable for the sexual assault of a patient by

28  an ultrasound technician. See generally *Lisa M. V. Henry Mayo Newhall Memorial Hospital, supra*,

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND
DEMURRER TO PLAINTIFF'S COMPLAINT

Case 5:16-cv-01548   Document 1-1   Filed 07/14/16   Page 43 of 164   Page ID #:52

1    12 Cal.4th 291. In reaching its decision, the Court clearly set forth its rationale that "a sexual tort will

2    not be considered engendered by the employment unless the motivating emotions are fairly

3    attributable to work-related events or conditions." *Id.* at 301. The Court further clarified that "[if]

4    the assault was not motivated or triggered off by anything in the employment activity **but was the**

5    **result of only propinquity and lust, there should be no liability.**" *Id.* **Emphasis added.**

6

7    Applying the analysis provided by the California Supreme Court in *Lisa M.*, the California

8    Court of Appeal determined that it was not an error for the trial court to refuse to give a jury

9    instruction on vicarious liability where a counselor sexually molested a victim while the victim lived

10   in a group residential facility. See generally *John Y. v. Chaparral Treatment Center, Inc.*, (2002) 101

11   Cal.App.4th 565. The Court found "that as with teachers or scout leaders, the authority conferred

12   upon [defendant] to carry out his duties as a teacher's aide and residential counselor, and the **abuse**

13   **of that authority to indulge in personal sexual wrongdoing is too attenuated to permit a trier of**

14   **fact to view his sexual assaults as within the risks allocable to his employer.** [Defendants] acts of

15   sodomy were undertaken solely for his personal gratification and had no purpose connected to his

16   employment." *Id.* at 576. **Emphasis added.** The *John Y.* Court rejected Plaintiff's argument that

17   Defendants sexual misconduct was foreseeable because he was the victim's therapist.

18

19   The California Supreme Court and, subsequently, the California Court of Appeal have made

20   it clear that sexual assaults are not the type of conduct for which an employer/principle is vicariously

21   liable. This is true even in cases of pervasive and ongoing abuse such as occurred in *John Y.* Id.

22

23   Additionally, there is no evidence or allegations that NCENT ratified the conduct of Dr.

24   McGuire. Plaintiff never reported the conduct to NCENT. NCENT was never aware of the alleged

25   misconduct that occurred outside the NCENT premise.

26             Ratification is the voluntary election by a person to adopt in some
                manner as his own an act which was purportedly done on his behalf by
27             another person, the effect of which, as to some or all persons, is to treat
                the act as if originally authorized by him. A purported agent's act may
28             be adopted expressly or it may be adopted by implication based on
                conduct of the purported principal from which the intention to consent

**DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND**
**DEMURRER TO PLAINTIFF'S COMPLAINT**

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

1        or adopt the act may be fairly inferred, including conduct which is
2        inconsistent with any reasonable intention on his part, other than that
        he intended approving and adopting it.

3        *Garcia v. Clovis Unified School District*, (2009) US LSEXIS 83352,
        *46.

4

5     "The theory of ratification is generally applied where an employer fails to investigate or

6 respond to charges that an employee committed an intentional tort, such as assault or battery." *Id.* at

7 *47. "[A]n employer need not always terminate an employee in order to avoid ratification. *Id.* at *49,

8 *Internal Citations Omitted.* "A principal is responsible for no wrongs committed by his agent than

9 those mentioned in the last section, unless he has authorized or ratified them, even though they are

10 committed while the agent is engaged in his service. Civil Code §2339.

11

12     "A ratification can be made only in the manner that would have been necessary to confer an

13 original authority for the act ratified, or where an oral authorization would suffice, by accepting or

14 retaining the benefit of the act, **with notice thereof**." Civil Code §2310. "It is an inherent element

15 of ratification that a party to be charged with it must have full knowledge of what [the agent] was

16 doing." Allen v. San Francisco Wholesale Dairy Products Exchange, (1922) 59 Cal.App. 93, 98.

17 Again, Plaintiff never report the alleged conduct to NCENT and NCENT never had notice of the

18 alleged conduct by Dr. McGuire related to Plaintiff. As such, Plaintiff's first cause of action should

19 be dismissed with prejudice as to NCENT.

20

21     **B. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CAUSE OF**

22 **ACTION FOR VIOLATION OF UNRUH CIVIL RIGHTS ACT (CAL. CIVIL CODE §§51,**

23 **52) AGAINST NORTH COUNTY ENT MEDICAL GROUP**

24 Civil Code §51(b) provides as follows:

25       All persons within the jurisdiction of this state are free and equal, and
       no matter what their sex, race, color, religion, ancestry, national origin,
26       disability, medical condition, genetic information, martial status,
       sexual orientation, citizenship, primary language, or immigration status
27       are entitled to full and equal accommodations, advantages, facilities,
       privileges, or services in all business establishments of every kind
28       whatsoever.

**DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND**
**DEMURRER TO PLAINTIFF'S COMPLAINT**

1   Plaintiff alleges the Entity Defendants violated this section because they "failed to provide or

2   apply the same level of scrutiny to physicians to whom they referred Plaintiff and other female

3   patients as they did with those whom they referred their male patients." (CPT., ¶43.)  Plaintiff has

4   failed to allege facts sufficient to maintain this cause of action against NCENT.  Plaintiff failed to

5   allege that NCENT referred her to Dr. McGuire.  Incidentally, Plaintiff was not referred to Dr.

6   McGuire by NCENT. As such, Plaintiff cannot maintain her third cause of action against NCENT.

7

8

9   **C. PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO STATE A CAUSE OF**

10  **ACTION FOR GENDER VIOLENCE (CIVIL CODE §52.4) AS TO NORTH COUNTY**

11  **ENT MEDICAL GROUP**

12  Plaintiff's fourth cause of action for Gender Violence pursuant to California Civil Code §52.4

13  cannot, as a matter of law, be maintained against NCENT.  Civil Code §52.4entitled "Actions for

14  damages against **party responsible** for gender violence" provides in relevant part:

15      (c) For purposes of this section, "gender violence" is a form of sex
        discrimination and means either of the following:
16
            (1) One or more acts that would constitute a criminal offense
17      under state law that has as an element the use, attempted use, or
        threatened use of physical force against the person or property of
18      another, committed at least in part based on the gender of the victim,
        whether or not those acts have resulted in criminal complaints, charges,
19      prosecution, or conviction.

20          (2) A physical intrusion or physical invasion of a sexual nature
        under coercive conditions, whether or not those acts have resulted in
21      criminal complaints, charges, prosecution, or conviction.
                ...
22
        (e) Notwithstanding any other laws that may establish liability of an
23      employer for the acts of an employee, **this section does not establish
        any civil liability of a person because of his or her status as an**
24      **employer,** unless the employer personally committed an act of gender
        violence.
25      (**Emphasis** added.)

26  There are no allegations in the Complaint to support a theory of direct liability as to ENT

27  Medical Group for violation of Civil Code §52.4.  ENT Medical Group did not engage in any conduct

28  that could be considered "gender violence" with Plaintiff.  As such, it appears Plaintiff is asserting

LOTZ, DOGGETT & RAVERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND
DEMURRER TO PLAINTIFF'S COMPLAINT

-8-

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

1   a theory of vicarious liability against NCENT for violation of <u>Civil Code</u> §52.4, a theory that is not

2   supported by the law or the facts.

3

4       Plaintiff's fourth cause of action against NCENT should be dismissed as it was the intent of

5   the legislature to create a cause of action for Gender Violence against <u>only</u> the responsible party. The

6   legislature clearly intended that there be no vicarious liability for violation of <u>Civil Code</u> §52.4. **<u>Civil</u>**

7   **<u>Code</u> §52.4(e) specifically states that an employer cannot be held liable for an act of gender**

8   **violence "unless the employer personally committed the act."** As it applies to this case, that means

9   that NCENT cannot be held liable under this statute for Dr. McGuire's alleged actions.  There are no

10  allegations that NCENT committed the alleged acts in this case, nor is that possible since NCENT is

11  a partnership, not a person.

12

13      Additionally, Plaintiff's <u>allegations of ratification are insufficient</u> to establish liability for

14  violation of <u>Civil Code</u> §52.4 against any defendant, including NCENT.  For purposes of <u>Civil Code</u>

15  §52.4, ratification is not the same as having "personally committed" the act as required by the statute

16  to impose liability.  <u>Doe v. Starbucks</u>, 2009 U.S. Dist. LEXIS 118878, *27.  As such, Defendant

17  request this Court grant its Demurrer to Plaintiff's fourth cause of action for Gender Violence without

18  leave to amend.

19                           **IV.**

20                    **<u>CONCLUSION</u>**

21      Based upon the forgoing, NCENT respectfully requests this Court grant its Demurrer as to

22  the first, third and fourth causes of action without leave to amend.

23

24  DATED: May _19_ , 2016                   LOTZ, DOGGETT & RAWERS, LLP

25

26                                 By: _Lauren Hardisty_
                                  **JEFFREY S. DOGGETT, ESQ.**

27                                    **LAUREN E. HARDISTY, ESQ.**
                                  Attorneys for Defendant North County

28                                    ENT Medical Group

             DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND
                     DEMURRER TO PLAINTIFF'S COMPLAINT

                                -9-

ORIGINAL

1   **LOTZ, DOGGETT & RAWERS, LLP**
    **JEFFREY S. DOGGETT, ESQ., State Bar No. 147234**
2   **LAUREN E. HARDISTY, ESQ., State Bar No. 258531**
    101 West Broadway, Suite 1110
3   San Diego, California 92101
    Telephone (619) 233-5565
4   Facsimile  (619) 233-5564

5   Attorneys for Defendant,  NORTH COUNTY ENT
    MEDICAL GROUP
6

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 23. 2016

M. Lopez

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **COUNTY OF RIVERSIDE**

10

11   JANE ROE #5, an individual,              )   CASE NO.: MCC1600259
                                              )
12          Plaintiff,                        )        **[IMAGED FILE]**
                                              )
13   v.                                       )   **MEET AND CONFER DECLARATION OF**
                                              )   **LAUREN E. HARDISTY**
14   JOHN FRANCIS MCGUIRE, M.D.;              )
     MICHAEL FORRESTER, M.D.; NORTH           )   DEPT.     :      S303
15   COUNTY ENT MEDICAL GROUP, AN             )   JUDGE     :      Hon. Raquel A. Marquez
     ENTITY OF UNKNOWN FORM; UNITED           )
16   HEALTH SERVICES, INC., A                 )
     PENNSYLVANIA CORPORATION; ;              )
17   TEMECULA VALLEY HOSPITAL, INC., A        )
     CALIFORNIA CORPORATION; UNITED           )   Action Filed  :    3/28/2016
18   HEALTHCARE SERVICES, INC., A             )
     CALIFORNIA CORPORATION and DOES 1        )
19   through 100, INCLUSIVE,                  )
                                              )
20          Defendants.                       )
                                              )
21

22

23          I, LAUREN E. HARDISTY, Esq., hereby declare as follows:

24

25          1.      I am an attorney duly licensed to practice in all courts in the State of California and

26          I am an Associate at the law firm of Lotz, Doggett, & Rawers, LLP, attorneys of

27          record for Defendants, North County ENT Medical Group.  Based on my position, I

28

                          **MEET AND CONFER DECLARATION**

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

EXHIBIT L     Page 053

have personal knowledge of each of the following facts and I could and would competently testify thereto in open court and under oath if called to do so.

2.    I meet and conferred both telephonically with John Mittelman, counsel for Plaintiff Jane Roe #5, regarding the issues raised in North County ENT Medical Group's Demurrer to Plaintiff's Complaint.

3.    The parties were unable to reach an agreement regarding the objections raised in the Demurrer, however, the parties have agreed to continue the meet and confer efforts.

Executed on this 19 day of May, 2016 in San Diego, California.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true is correct.

LAUREN E. HARDISTY, ESQ.

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

MEET AND CONFER DECLARATION

-2-

EXHIBIT L    Page 054

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste D201, Moreno Valley, CA 92553

☒ MURRIETA 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501

RI-025

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
JOHN R. MITTELMAN, ESQ.
MITTELMAN LAW FIRM
27349 JEFFERSON AVENUE, SUITE 105
TEMECULA CA 92590

TELEPHONE No.: (951)326-9776     FAX NO. (Optional): (951)719-1431
E-MAIL ADDRESS (Optional): JOHNMITTELMAN@GMAIL.COM
ATTORNEY FOR (Name): PLAINTIFFS JANE ROE 5

**RECEIVED**
Superior Court of California
County of Riverside
5/23/2016
pthiphav
By Fax

FOR COURT USE ONLY

VGI

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 26 2016

K. Mitchell

MAY 27 2016 (S)

TITLE OF CASE:
JANE ROE #5 vs. JOHN FRANCIS MCGUIRE, M.D., ET AL.

CASE NUMBER:
MCC1600259

AMENDMENT TO  ☒ COMPLAINT  ☐ CROSS COMPLAINT

**FICTITIOUS NAME** (No order required)

Upon filing the complaint * herein, plaintiff(s)* being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of _____ and having discovered the true name of the said defendant to be _____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____     _____     _____
(DATE)                      (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)            (SIGNATURE)

**INCORRECT NAME** (Requires order thereon)

Plaintiff(s)* having designated a defendant in the complaint* by the incorrect name of  UNITED HEALTH SERVICES, INC., a Pennsylvania corporation

and having discovered the true name of the said defendant to be  UNIVERSAL HEALTH SERVICES, INC., a Pennsylvania corporation

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

05/23/16          JOHN R. MITTELMAN                                          _____
(DATE)            (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)            (SIGNATURE)

**ORDER**

Proper cause appearing, plaintiff(s)* allowed to file the above amendment to the complaint.*

5/24/16
_____
(DATE)                                                          RAQUEL A. MARQUEZ
                                                          JUDGE OF THE SUPERIOR COURT

*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

Approved for Optional Use
Riverside Superior Court
RI-025 [Rev. 05/02/11]

**AMENDMENT TO COMPLAINT/CROSS COMPLAINT**

Page 1 of 1
riverside.courts.ca.gov/localforms/localforms.shtml

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address).* | FOR COURT USE ONLY |
|---|---|
| JOHN R. MITTELMAN, ESQ.    SBN 133209<br>MITTELMAN LAW FIRM<br>27349 JEFFERSON AVE., #105<br>TEMECULA, CA 92590<br>TELEPHONE NO : (951)719-1412    FAX NO. *(Optional):* (951)719-1431<br>E-MAIL ADDRESS *(Optional):* JOHNMITTELMAN@GMAIL.COM<br>ATTORNEY FOR *(Name):* PLAINTIFF JANE ROE #5 | **FILED**<br>**Superior Court of California**<br>**County of Riverside**<br>**6/9/2016**<br>**atrue**<br>**By Fax** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS: 30755-AULD ROAD<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: MURRIETA 92563<br>BRANCH NAME SOUTHWEST JUSTICE CENTER | |

| PLAINTIFF/PETITIONER: JANE ROE #5 | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL. | MCC1600259 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* Notice of Related Case, Cert of Counsel,

3.  a  Party served *(specify name of party as shown on documents served):*
       UNIVERSAL HEALTH SERVICES, INC., a Pennsylvania Corporation

    b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    367 South Gulph Road, King of Prussia, PA 19406
5.  I served the party *(check proper box)*
    a. ☐ **by personal service.** I personally delivered the documents listed in item **2** to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
    b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item **2** with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER:  JANE ROE #5 | CASE NUMBER: |
|---|---|
| | MCC1600259 |
| DEFENDANT/RESPONDENT:  JOHN FRANCIS MCGUIRE, M.D., ET AL. | |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:  May 25, 2016                    (2) from *(city)*:  Temecula, CA

(3)  [   ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4)  [✓]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  [   ]  **by other means** *(specify means of service and authorizing code section):*


[   ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  [✓]  as an individual defendant.
b.  [   ]  as the person sued under the fictitious name of *(specify):*
c.  [   ]  as occupant.
d.  [   ]  On behalf of *(specify):*
under the following Code of Civil Procedure section:

[✓]  416.10 (corporation)            [   ]  415.95 (business organization, form unknown)
[   ]  416.20 (defunct corporation)        [   ]  416.60 (minor)
[   ]  416.30 (joint stock company/association)  [   ]  416.70 (ward or conservatee)
[   ]  416.40 (association or partnership)    [   ]  416.90 (authorized person)
[   ]  416.50 (public entity)          [   ]  415.46 (occupant)
                        [   ]  other:

7.  **Person who served papers**
a.  Name:  Christine Wichert
b.  Address:  27349 Jefferson Avenue, Suite 105, Temecula, CA 92590
c.  Telephone number:  (951)719-1412
d.  The fee for service was:  $ 0
e.  I am:

(1)  [✓]  not a registered California process server.
(2)  [   ]  exempt from registration under Business and Professions Code section 22350(b).
(3)  [   ]  a registered California process server:
(i)  [   ]  owner  [   ]  employee  [   ]  independent contractor.
(ii)  Registration No.:
(iii)  County:

8.  [✓]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  [   ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  JUNE 9, 2016

CHRISTINE WICHERT                    ▶ Christine Wichert
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                        (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT N     Page 057

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Universal Health Services
367 South Gulph Road
King of Prussia PA
                    19406

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7016 0600 0000 6677 2457

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

RECEIVED
Superior Court of California
County of Riverside
6/14/2016
pthiphav
By Fax

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUN 17 2016
K. Mitchell

DR
JUN 2 0 2016
S

1  Rosemary Missisian. Esq.
   California Bar No. 264032
2  rmissisian@wwhgd.com
   Marisa Rodriguez-Shapoval, Esq.
3  California Bar No. 302836
   MRodriguez-Shapoval@wwhgd.com
4  WEINBERG, WHEELER, HUDGINS,
      GUNN & DIAL, LLC
5  6385 S. Rainbow Boulevard, Suite 400
   Las Vegas, Nevada 89118
6  Telephone: (702) 938-3838
   Facsimile: (702) 938-3864
7  Attorneys for Defendant
   United Healthcare Services, Inc.

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF RIVERSIDE

11  JANE ROE #5, an individual,              Case No.  MCC1600259
                                             Dept. No. S303
12            Plaintiff,

13  vs.

14                                           STIPULATION RE
                                             CONFIDENTIALITY AND
15  JOHN FRANCIS MCGUIRE. M.D.; MICHAEL      [PROPOSED] ORDER THEREON
    FORRESTER, M.D.; NORTH COUNTY ENT
16  MEDICAL GROUP, AN ENTITY OF UNKNOWN
    FORM; UNITED HEALTH SERVICES, INC., A
17  PENNSYLVANIA CORPORATION; TEMECULA
    VALLEY HOSPITAL, INC., A CALIFORNIA
18  CORPORATION;   UNITED   HEALTHCARE
    SERVICES,   INC..    A    CALIFORNIA
19  CORPORATION: and DOES 1 THROUGH 100,
    INCLUSIVE.
20

21            Defendants.

22        IT IS HEREBY STIPULATED AND AGREED TO by and between the respective counsel

23  for the parties herein.

24        Plaintiff, fictitiously named Jane Roe #5 in the pleadings, has requested confidentiality and

25  protection of her name.

26        Subject to any Court instruction or Order otherwise. the Parties agree and stipulate that

27  Plaintiff will provide her true name in writing to Defendants.

28        The Parties further agree and stipulate that all parties will refrain from referring to Plaintiff

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

                            Page 1 of 3
                  STIPULATION RE CONFIDENTIALITY

1    by her real name in documents filed with the Court, instead using the fictitious Jane Roe #5 name.

2    The Parties further agree that, to the extent exhibits are attached to pleadings that reference

3    Plaintiff's true name, the parties will redact/black out such name.   The Parties shall refer to

4    Plaintiff as Jane Roe #5 at any court hearings.

5        If additional parties are added to this litigation, the undersigned parties agree that no

6    disclosures identifying Jane Roe #5's true identity will be disclosed until the additional party has

7    committed to this or a similar stipulation.

8

9    SO STIPULATED:

10   Dated this 13 day of June, 2016.

11

12   John R. Mittelman, Esq.
     MITTELMAN LAW FIRM

13   27349 Jefferson Avenue, Suite 105
     Temecula, CA 92590

14

15   Jeffrey A. Milman, Esq.
     HODES MILMAN LIEBECK MOSIER, LLP

16   9210 Irvine Center Drive
     Irvine, CA 92618

17

18   *Attorneys for Plaintiff Jane Roe #5*

19   Dated this 2nd day of June, 2016.

20

21   Rosemary Missisian, Esq.
     Marisa Rodriguez-Shapoval, Esq.

22   WEINBERG, WHEELER, HUDGINS,
       GUNN & DIAL, LLC

23   6385 S. Rainbow Blvd., Suite 400
     Las Vegas, NV  89118

24   *Attorneys for Defendant United Healthcare
     Services, Inc.*

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Page 2 of 3
STIPULATION RE CONFIDENTIALITY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

~~[PROPOSED]~~ ORDER

Having read and considered the parties' stipulation, the Court orders that Plaintiff may continue to use the fictitious "Jane Roe #5" name in Court proceedings and that all parties shall refrain from naming Jane Roe #5 by her true name in the Court Record.

Date:  6/16/16

_____
JUDGE OF THE SUPERIOR COURT
RAQUEL A. MARQUEZ

Page 3 of 3
STIPULATION RE CONFIDENTIALITY

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): SBN 133209<br>JOHN R. MITTELMAN, ESQ.<br>MITTELMAN LAW FIRM<br>27349 JEFFERSON AVENUE, #105<br>TEMECULA, CA 92590<br>TELEPHONE NO. (951)719-1412    FAX NO. (Optional) (951)719-1431<br>E-MAIL ADDRESS (Optional): JOHNMITTELMAN@GMAIL.COM<br>ATTORNEY FOR (Name): PLAINTIFF JANE ROE 5 | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Riverside<br>6/23/2016<br>npowers<br>By Fax |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 30755-D AULD RD
MAILING ADDRESS:
CITY AND ZIP CODE: MURRIETA 92563
BRANCH NAME: SOUTHWEST JUSTICE CENTER

PLAINTIFF/PETITIONER: JANE ROE #5

DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>MCC1600259 |
|---|---|

TO (insert name of party being served): UNITED HEALTHCARE SERVICES, INC., a California Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: MAY 17, 2016

CHRISTINE WICHERT
(TYPE OR PRINT NAME)

▶ _Christine Wichert_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

Certificate of Counsel, Civil Case Cover Sheet, Notice of Related Case, ADR Package

(To be completed by recipient):
Date this form is signed: June 15, 2016
Rosemay Missigian, attorney for
Defendant United Healthcare Services, Inc ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

_Rosemary Missian_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JOHN R. MITTELMAN, ESQ.        SBN 133209<br>MITTELMAN LAW FIRM<br>27349 JEFFERSON AVE., #105<br>TEMECULA, CA 92590<br>    TELEPHONE NO   (951)719-1412        FAX NO *(Optional)*  (951)719-1431<br>E-MAIL ADDRESS *(Optional):*  JOHNMITTELMAN@GMAIL.COM<br>ATTORNEY FOR *(Name):*  PLAINTIFF JANE ROE #5 | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE<br>  STREET ADDRESS:   30755-AULD ROAD<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:   MURRIETA 92563<br>  BRANCH NAME:   SOUTHWEST JUSTICE CENTER |

| | |
|---|---|
| PLAINTIFF/PETITIONER: JANE ROE #5 | CASE NUMBER:<br><br>MCC1600259 |
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No. |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* Notice of Related Case, Certificate of Counsel,

3.  a. Party served *(specify name of party as shown on documents served):*
    UNITED HEALTHCARE SERVICES, INC., a California Corporation

    b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a).*

4.  Address where the party was served:
    Weinberg Wheeler Hudgins Gunn & Dial LLC 6385 S. Rainbow Blvd., #400, Las Vegas, NV 89118
5.  I served the party *(check proper box)*
    a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
    b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JANE ROE #5 | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JOHN FRANCIS MCGUIRE, M.D., ET AL. | MCC1600259 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*. May 17, 2016               (2)  from *(city):* Temecula, CA

   (3)  ☑  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415 30 )*

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☑  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
       under the following Code of Civil Procedure section:

   ☑  416.10 (corporation)                    ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)            ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association) ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)      ☐  416.90 (authorized person)
   ☐  416.50 (public entity)                   ☐  415.46 (occupant)
                                               ☐  other:

7.  **Person who served papers**
   a.  Name: Christine Wichert
   b.  Address: 27349 Jefferson Avenue, Suite 105, Temecula, CA 92590
   c.  Telephone number: (951)719-1412
   d.  **The fee** for service was: $ 0
   e.  I am:

   (1)  ☑  not a registered California process server.
   (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
   (3)  ☐  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☐  independent contractor
        (ii)  Registration No.:
        (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 23, 2016

CHRISTINE WICHERT                                    ▶ Christine Wichert
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**                           Page 2 of 2

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
         (619) 231-7738
5 | Fax    (619) 231-0886
6 
Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 |                    SUPERIOR COURT OF CALIFORNIA

9 |                    FOR THE COUNTY OF RIVERSIDE

| | | |
|---|---|---|
| 10 | JANE ROE #5, | ) Case No. MCC1600259 |
| 11 | Plaintiff, | ) NOTICE OF DEMURRER AND ) DEMURRER TO PLAINTIFF'S |
| 12 | vs. | ) COMPLAINT |
| 13 | JOHN FRANCIS MCGUIRE, M.D.; | ) |
| 14 | MICHAEL FORRESTER, M.D.; | ) Date: _____ ) Time: _____ |
| 15 | NORTH COUNTY ENT MEDICAL GROUP; UNITED HEALTH SERVICES, | ) Dept.: _____ ) Judge: _____ |
| 16 | INC.; TEMECULA VALLEY HOSPITAL, INC.; UNITED HEALTHCARE SERVICES, | ) ) Trial Date: Not set |
| 17 | INC.; and DOES 1 through 100, inclusive, | ) Date Action Filed:  March 28, 2016 ) |
| 18 | Defendants. | ) |
| 19 | _____ | ) |

20      PLEASE TAKE NOTICE that on _____ at _____ a.m./p.m., or

21  as soon thereafter as the matter may be heard in Department _____ of the above-entitled Court,

22  located at 30755-D Auld Rd., Suite 1226, Murrieta, California 92563, Defendants, TEMECULA

23  VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC., will move this

24  Court for dismissal of Plaintiff's causes of action for gender violence and sexual harassment by a

25  physician.

26      This motion is based on this notice, Memorandum of Points and Authorities, Declaration

27  of Frederick C. Bingham, and all other papers, documents and records on file herein.

28  ///

                                   1
              NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT

1    The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

2  court day prior to the hearing.  Tentative rulings will be available on the internet or by calling

3  (760) 904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative

4  ruling link.  The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

5  court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

6  the court.  The notice of intent to appear must be given either in person or by telephone.  Where

7  notice of intent to appear has been properly given, or upon direction of the Court, oral argument

8  will be permitted.

9

10  DATED:  June 21, 2016                              DUMMIT, BUCHHOLZ & TRAPP

11

12

13                                                                    By: _____

                                                                            Scott D. Buchholz
14                                                                       Victoria G. Stairs
                                                                            Frederick C. Bingham
15                                                                    Attorneys for Defendants, TEMECULA
                                                                            VALLEY HOSPITAL, INC. and UNIVERSAL
16                                                                       HEALTH SERVICES, INC.

17  F:\CLIENT\146711 Roe 5\Pld\Demurrer\Notice.docx

18

19

20

21

22

23

24

25

26

27

28

1  Scott D. Buchholz, Esq. – State Bar No. 139979
   Victoria G. Stairs, Esq. – State Bar No. 239257
2  Frederick C. Bingham, Esq. – State Bar No. 292667
3  **DUMMIT, BUCHHOLZ & TRAPP**
   101 W. Broadway, Suite 1400
4  San Diego, California 92101-8122
   Tel:    (619) 231-7738
5  Fax:    (619) 231-0886

6  Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7  HEALTH SERVICES, INC.

8                        SUPERIOR COURT OF CALIFORNIA

9                        FOR THE COUNTY OF RIVERSIDE

10  JANE ROE #5,                          )   Case No. MCC1600259
                                          )
11                  Plaintiff,            )   MEMORANDUM OF POINTS AND
                                          )   AUTHORITIES IN SUPPORT OF
12          vs.                           )   DEMURRER TO PLAINTIFF'S
                                          )   COMPLAINT
13  JOHN FRANCIS MCGUIRE, M.D.;           )
14  MICHAEL FORRESTER, M.D.;              )   Date:    _____
    NORTH COUNTY ENT MEDICAL             )   Time:    _____
15  GROUP; UNITED HEALTH SERVICES,        )   Dept.:   _____
    INC.; TEMECULA VALLEY HOSPITAL,      )   Judge:   _____
16  INC.; UNITED HEALTHCARE SERVICES,     )
17  INC.; and DOES 1 through 100, inclusive, )  Trial Date: Not set
                                          )   Date Action Filed:  March 28, 2016
18                  Defendants.           )
                                          )
19  _____ )

20                                   **I.**

21                            **INTRODUCTION**

22          Plaintiff Jane Roe #5's Complaint alleges claims against Defendants Temecula Valley

23  Hospital, Inc. ("TVH") and Universal Health Services, Inc. ("UHS") for: sexual harassment by a

24  physician pursuant to California Code of Civil Procedure[1] §51.9 & 52; negligence; violations of

25  the Unruh Civil Rights Act; gender violence pursuant to §52.4; negligent hiring, training and

26  supervision; and medical malpractice.

27  _____

28  [1] All code sections herein refer to the California Code of Civil Procedure unless otherwise
    specified.

                                          1

1   As set forth herein, Defendants TVH and UHS move the Court to dismiss Plaintiff's causes

2   of action against them for sexual harassment by a physician and gender violence. Specifically,

3   TVH and UHS argue Plaintiff's Complaint is defective because:  (A) Plaintiff fails to plead TVH

4   and UHS committed gender violence; (B) TVH and UHS are not liable for gender violence as

5   "employers"; (C) TVH and UHS cannot be liable under a theory of respondeat superior; and (D)

6   TVH and UHS cannot be vicariously liable for Dr. Mcguire's gender violence (§52.4) or sexual

7   harassment by a physician (§51.9 & 52).

8   ## II.

9   ## SUMMARY OF ALLEGATIONS

10   This action arises out of the alleged sexual misconduct of co-Defendant Dr. John McGuire

11   on April 30, 2015, and May 1, 2015. (Compl. ¶¶ 15–22.) Specifically, Plaintiff alleges wrongful

12   conduct occurred while under she was under general anaesthesia for a thyroidectomy, performed

13   by Dr. Mcguire at TVH, (*id.* ¶17), and three more times during recovery at TVH. (*Id.* ¶¶ 18–21.)

14   Plaintiff alleges Dr. Mcguire performed the misconduct in the capacity of an employee and/or

15   agent of TVH and UHS. (*Id.* ¶¶ 10–11.) Plaintiff also alleges that TVH and UHS were generally

16   and professionally negligent, as well as negligent in their hiring, supervision, and training of Dr.

17   McGuire. (*Id.* ¶¶ 35–39, 56–65.)

18   ## III.

19   ## LEGAL AUTHORITY

20   California Code of Civil Procedure §430.10 provides in pertinent part: "The party against

21   whom a complaint or cross-complaint has been filed may object, by demurrer or answer as

22   provided in Section 430.30, to the pleading on any one or more of the following grounds: (e) The

23   pleading does not state facts sufficient to constitute a cause of action; and (f) The pleading is

24   uncertain."

25   The sole function of a demurrer is to test the sufficiency of the pleadings it challenges.

26   (*Pena v. Sita World Travel, Inc.* (1978) 88 Cal.App.3d 642.)  When any ground for objection to a

27   complaint ... appears on the face thereof, or from any matter of which the court is required to take

28   judicial notice, the objection on that ground may be taken by a demurrer to the pleading.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT

1    (§430.30, subd. (a.).) To avoid demurrer, a plaintiff must provide "a statement of the facts

2    constituting the cause of action in ordinary and concise language." (§425.10.) The properly pled

3    allegations of fact are accepted as true, as well as those facts which may be inferred from those

4    expressly alleged, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan*

5    (1985) 39 Cal.3d 311, 318.) General and indefinite assertions of liability do not sufficiently satisfy

6    the rules of pleading, "facts, not conclusions, must be pleaded." (*Zumbrun v. University of*

7    *Southern California* (1972) 25 Cal.App.3d 1, 8.

8                                              **IV.**

9                                         **DISCUSSION**

10           Plaintiff's Complaint is defective because:  (A) Plaintiff fails to plead TVH and UHS

11   committed gender violence; (B) TVH and UHS are not liable for gender violence as "employers";

12   (C) TVH and UHS cannot be liable under a theory of respondeat superior; and (D) TVH and UHS

13   cannot be vicariously liable for Dr. Mcguire's gender violence (§52.4) or sexual harassment by a

14   physician (§51.9 & 52).

15   **A.      Plaintiff Fails to Plead TVH and UHS Committed Gender Violence**

16           Plaintiff alleges TVH and UHS committed gender violence by allowing Dr. Mcguire to

17   treat patients with knowledge of his alleged prior misconduct. (Compl. ¶ 50–54.) Unfortunately,

18   alleging mere knowledge of gender violence is insufficient to state a claim for gender violence.

19           California Code of Civil Procedure §52.4 provides a private right of action for gender

20   violence against the violent individual. (Civ. Code, § 52.4, subd. (a).) The statute defines gender

21   violence as either:

22           (1) One or more acts that would constitute a criminal offense under state law that
             has as an element the use, attempted use, or threatened use of physical force
23           against the person or property of another . . .  or

24           (2) A physical intrusion or physical invasion of a sexual nature under coercive
25           conditions . . .

26   (Civ. Code, § 52.4, subd. (c)(1) & (2).)

27           Plaintiff's cause of action for gender violence pursuant to §52.4 fails to state a claim

28   against Defendants TVH and UHS because this claim is supported only by allegations of gender

                                                    3

1  violence committed by Dr. Mcguire. (Compl. ¶¶ 17–21.) Plaintiff has not pleaded similar

2  allegations were committed by TVH or UHS. (*See id., passim.*) For example, Plaintiff does not

3  allege TVH or UHS threatened use of "physical force" or a "physical intrusion or physical

4  invasion." (*See id.* ¶¶ 50–52.) Rather, the pleaded allegations as to TVH and UHS are limited to

5  ratification, awareness, concealment, and knowledge of Dr. Mcguire's conduct. (*See id.*) The

6  statute does not contemplate mental state is sufficient to constitute gender violence in the absence

7  of physical acts. (Civ. Code § 52.4, subd. (c)(1) & (2).)

8        Without pleading any factual allegations of particularized physical conduct which may

9  constitute gender violence as to TVH and UHS, Plaintiff fails to state a claim sufficient to survive

10  a demurrer. (*Pena,* 88 Cal.App.3d 642.) Based on the foregoing, the Court should dismiss

11  Plaintiff's cause of action for gender violence against Defendants TVH and UHS.

12  **B.    TVH and UHS are Not Liable For Gender Violence As "Employers"**

13        California Code of Civil Procedure §52.4 provides that, notwithstanding other laws

14  establishing liability of an employer for the acts of an employee, an employer *will not be liable* for

15  the gender violence of an employee unless the employer "personally committed an act of gender

16  violence." (Civ. Code § 52.4, subd. (e).)

17        As discussed above, Plaintiff fails to plead any allegations specifying physical conduct

18  which may constitute gender violence within the meaning of the statute as to Defendants TVH and

19  UHS. (*See* Compl. ¶¶ 50–52.) On this basis alone, the Court should find Plaintiff fails to state a

20  claim of plausible liability under §52.4(e).

21        In addition, the Court should find there is no possible liability under § 52.4(e) because

22  TVH and UHS, as corporations, (*see* Compl. ¶ 9), are legally prevented from employing practicing

23  physicians, such as Dr. Mcguire, in California. (*See, e.g.,* Bus. & Prof. Code, §§ 2052 and 2400

24  [effectively banning the corporate practice of medicine].) In other words, because Plaintiff alleges

25  Dr. Mcguire is a practicing physician, he cannot also be an employee of TVH and UHS. (*See id.*)

26  Accordingly, Plaintiff is precluded from alleging TVH and UHS are liable  as employers under

27  §52.4(e).

28  / / /

1   Based on the foregoing, Plaintiff fails to state a claim under §52.4(e) for employer-liability

2   sufficient to survive a demurrer, and the Court should dismiss Plaintiff's cause of action for

3   gender violence against Defendants TVH and UHS.

4   **C.    TVH and UHS Cannot be Liable Under A Theory of Respondeat Superior**

5   Plaintiff alleges Dr. Mcguire is an agent and/or employee of TVH and UHS. (Compl. ¶¶

6   10–11.)  Therefore it is conceivable to construe his vaguely worded Complaint as asking the Court

7   to impart liability on TVH and UHS for his gender violence and sexual harassment claims under a

8   theory of respondeat superior. (*See id.* ¶¶25–31, 50–53.)

9   California courts have not imposed liability on a hospital-employer under a theory of

10  respondeat superior in similar circumstances. In *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12

11  Cal. 4th 291, 294 (1995), defendant hospital was not vicariously liable under the doctrine of

12  respondeat superior for acts of employee ultrasound technician in sexually molesting a patient

13  where there was no causal nexus between the technician's tortious conduct and his job. (*Lisa M,*

14  12 Cal. 4th at 294.)

15  Plaintiff's alleged facts are very similar to *Lisa M.* insofar as a hospital employee sexually

16  molests a patient in his care, and the plaintiff seeks liability under a theory of respondeat superior.

17  (*See id.*) As in *Lisa M.*, Plaintiff does not allege a causal nexus between Dr. Mcguire's tortious

18  conduct and his job. (*See id.*) Therefore Plaintiff has insufficiently pleaded a cause of action

19  against TVH and UHS under a theory or respondeat superior. (*See id.*)

20  Based on the foregoing, the Court should dismiss Plaintiff's causes of action for sexual

21  harassment by a physician and gender violence against Defendants TVH and UHS.

22  **D.    TVH and UHS Cannot be Vicariously Liable for Dr. Mcguire's Gender Violence**

23  **(§52.4) or Sexual Harassment by a Physician (§51.9, 52)**

24  As discussed above, if the Court construes Dr. Mcguire's relationship with TVH and UHS

25  as employee-employer, there would be no liability under a theory of respondeat superior or under

26  §52.4(e).   If, however, the Court construes Dr. Mcguire as an independent contractor, which

27

28

1  seems likely[2], California case law does not support imparting vicarious liability on TVH and UHS.

2  As a general rule, a hirer of an independent contractor is not liable for physical harm

3  caused to others by the act or omission of the independent contractor. (*See* Rest.2d Torts, § 409, p.

4  370; *Millsap v. Fed. Express Corp.* (1991) 227 Cal.App.3d 425, 430; *Fonseca v. Cnty. of Orange*

5  (1972) 28 Cal.App.3d 361, 365.) Regarding the liability of an employer for sexual assault/criminal

6  acts of an independent contractor, California courts will not impose liability unless it was

7  foreseeable the independent contractor would commit the offense, and courts uniformly hold that

8  the defendant has no duty to protect the plaintiff from unforeseeable third party criminal conduct.

9  (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142; *see also J.L. v.*

10  *Children's Institute, Inc.*, (2009) 177 Cal. App. 4th 388 (defendant organization cannot be liable

11  for independent contractor's failure to protect against unforeseeable criminal sexual assault).)

12  Plaintiff has not pleaded sufficient factual allegations to make Dr. Mcguire's conduct

13  "foreseeable." At most, Plaintiff uses formulaic language to plead this claim. (*See* Compl. ¶12:

14  "Defendants knew that Defendant MCGUIRE had a pattern, practice, and/or history… and alleges

15  that prior to 4/30/2015 other complaints and/or accusations of improper conduct by MCGUIRE

16  had been received…") The Court should not accept legal or factual conclusions, such as this one,

17  as true when ruling on a demurrer. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Without any

18  allegations of *specific* or *particularized* prior misconduct, complaints, or related events, the Court

19  should find that Plaintiff has failed to adequately allege a claim under which a theory of

20  vicariously liability has been sufficiently pleaded.

21  Based on the foregoing, the Court should dismiss Plaintiff's cause of action for gender

22  violence and sexual harassment by a physician against Defendants TVH and UHS.

23  / / /

24  / / /

25  / / /

26

27  [2] As discussed above, TVH and UHS are legally prevented from employing practicing physicians such as Dr. Mcguire. (*See, e.g.,* Bus. & Prof. Code, §§ 2052 and 2400.) Instead, most physicians

28  practicing at hospitals are independent contractors.

## V.

## CONCLUSION

As discussed above, Plaintiff failed to adequately plead his cause of action for gender violence. In addition, he fails to state cognizable legal claims against Defendants TVH and UHS gender violence under either §52.4 or as an employer under §52.4(e). Further, Plaintiff's potential theories for respondeat superior and vicarious liability have no legal support in California.

Based on the foregoing, Defendants TVH and UHS respectfully request the Court dismiss the above causes of action without leave to amend.

DATED: June 21, 2016

DUMMIT, BUCHHOLZ & TRAPP

By: _____
    Scott D. Buchholz
    Victoria G. Stairs
    Frederick C. Bingham
Attorneys for Defendants, TEMECULA
VALLEY HOSPITAL, INC. and UNIVERSAL
HEALTH SERVICES, INC.

F:\CLIENT\146711 Roe 5\Pld\Demurrer\Ps&As.docx

7

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
2 | Victoria G. Stairs, Esq. – State Bar No. 239257
   | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
   | 101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
   |          (619) 231-7738
5 | Fax     (619) 231-0886
6
   | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 |                          SUPERIOR COURT OF CALIFORNIA

9 |                          FOR THE COUNTY OF RIVERSIDE

| 10 | JANE ROE #5, | ) | Case No. MCC1600259 |
|---|---|---|---|
| 11 | Plaintiff, | ) ) ) | DECLARATION OF FREDERICK C. BINGHAM, ESQ. IN SUPPORT OF |
| 12 | vs. | ) ) | DEMURRER TO PLAINTIFF'S COMPLAINT |
| 13 | JOHN FRANCIS MCGUIRE, M.D.; | ) ) | |
| 14 | MICHAEL FORRESTER, M.D.; | ) | Date: _____ |
|  | NORTH COUNTY ENT MEDICAL | ) | Time: _____ |
| 15 | GROUP; UNITED HEALTH SERVICES, | ) | Dept.: _____ |
|  | INC.; TEMECULA VALLEY HOSPITAL, | ) | Judge: _____ |
| 16 | INC.; UNITED HEALTHCARE SERVICES, | ) | |
| 17 | INC.; and DOES 1 through 100, inclusive, | ) | Trial Date: Not set |
|  |  | ) | Date Action Filed:  March 28, 2016 |
| 18 | Defendants. | ) | |
| 19 | | ) | |

20 | I, Frederick C. Bingham, Esq., do hereby declare and state:

21 |          1.          I am an attorney licensed to practice in the State of California and an associate

22 | attorney with Dummit, Buchholz & Trapp, attorneys for Defendant TEMECULA VALLEY

23 | HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. herein.

24 |          2.          If called to testify as to the matters set forth in this declaration, I could and would

25 | do so competently in accord with the facts as set forth herein.  All the facts set forth are of my own

26 | personal knowledge except where stated on information and belief.

27 |          3.          I have reviewed the copies of documents attached to this declaration and have

28 | personal knowledge of the contents therein.  All documents are true and correct copies of exhibits

1
DECLARATION OF FREDERICK C. BINGHAM, ESQ. IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT

1  identified in the Memorandum of Points and Authorities and other supporting papers to this

2  motion. I am readily familiar with my law firm's manner of acquisition, production and keeping of

3  records used for purposes of the business in which the firm is engaged, namely litigation.   Each

4  such document was acquired in the ordinary course of business by my law firm for purposes of

5  conducting its aforementioned business.

6        The attached documents are identified as follows:

7        Exhibit A:      Plaintiff's Complaint

8        I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct to the best of my knowledge.

10       Executed this 2 / day of June, 2016, at San Diego, California.

11

12

13                                          Frederick C. Bingham, Esq.

14

15  F:\CLIENT\146711 Roe 5\Pld\Demurrer\Dec. FCB.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF FREDERICK C. BINGHAM, ESQ. IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT

# Exhibit A

1  MITTELMAN LAW FIRM
   JOHN R. MITTELMAN SBN 133209
2  27349 Jefferson Avenue, Suite 105
   Temecula, CA  92590
3  Tel: (951)719-1412 Fax: (951)719-1431

4  Hodes Milman Liebeck , LLP
   JEFFREY A. MILMAN SBN 99072
5  9210 Irvine Center Dr
   Irvine, CA 92618
6  Tel: (949)640-8222   Fax: (949)640-8294

7

8  Attorneys for Plaintiff JANE ROE #5

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF RIVERSIDE

12  JANE ROE #5, an individual,          )   CASE NO.  MCC1600259
                                         )
13             Plaintiff,                )   COMPLAINT FOR DAMAGES:
                                         )
14  vs.                                  )   1.  Sexual Harassment by a Physician (Cal. Civ.
                                         )       Code §§ 51.9, 52);
15  JOHN FRANCIS MCGUIRE, M.D.;          )
    MICHAEL FORRESTER, M.D.;             )   2.  Negligence;
16  NORTH COUNTY ENT MEDICAL             )
    GROUP, AN ENTITY OF UNKNOWN          )   3.  Violation of Unruh Civil Rights Act (Cal.
17  FORM; UNITED HEALTH SERVICES,        )       Civ. Code §§ 51, 52);
    INC., A PENNSYLVANIA                 )
18  CORPORATION TEMECULA                 )   4.  Gender Violence (Cal. Civ. Code § 52.4);
    VALLEY HOSPITAL, INC., A             )
19  CALIFORNIA CORPORATION;              )   5.  Negligent  Hiring,  Training,  and
    UNITED HEALTHCARE SERVICES,          )       Supervision;
20  INC., A CALIFORNIA                   )
    CORPORATION, and DOES 1              )   6.  Medical Malpractice;
21  THROUGH 100, INCLUSIVE,              )
                                         )       JURY TRIAL DEMANDED
22             Defendants.               )

23

24              VENUE, JURISDICTION, AND PARTIES

25     1.   Events giving rise to this action occurred in the Cities of Murrieta and Temecula, County of

26  Riverside, California. Two of the named Defendants' principal place of business and/or their residence for

27  venue purposes are in this judicial district.  Venue is therefore proper in this county and judicial district.

28  ///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT
                                                                                    - 1 -

EXHIBIT S    Page 077

FILED
Superior Court of California
County of Riverside
3/28/2016
mplasenc

By Fax

2.  Plaintiff is unaware of the true names and capacities of DOES 1 through 100, inclusive, and sues these Defendants by fictitious names. Plaintiff is informed and alleges that each of the fictitiously named Defendants is, in some manner, responsible for the events and happenings referred to, either contractually or tortiously, and caused damages to Plaintiff as alleged. When Plaintiff learns the true names and capacities of DOES 1 through 100, she will amend this complaint.

3.  At all times mentioned, each of the named and DOE Defendants was the agent, servant, and employee of each of the other Defendants, and all of the things alleged to have been done by said Defendants were done in the capacity of, and as agent for, each of the other Defendants. Plaintiff is informed and alleges that each and every Defendant, when acting as a principal, was negligent in the selection, hiring and appointment of each and every other Defendant as an agent, servant or employee.

4.  At all material times, Plaintiff, JANE ROE #5, was an individual residing in the City of Murrieta, County of Riverside, State of California.

5.  Defendant NORTH COUNTY ENT MEDICAL GROUP ("ENT GROUP") is an entity of unknown form, with offices in Fallbrook and Murrieta, California. On information and belief, Defendants JOHN FRANCIS MCGUIRE, M.D. ("MCGUIRE") and MICHAEL FORRESTER, M.D. ("FORRESTER") were, at the times referred to in this Complaint, the owners, operators, managers, directors, and/or members of ENT GROUP. MCGUIRE and FORRESTER wholly owned and operated the ENT GROUP as a business enterprise for profit under an express agreement to share control, profits, and losses.

6.  Plaintiff is informed and alleges that at all times mentioned, Defendant MCGUIRE was and is a medical doctor specializing in otolaryngology, licensed to practice medicine under the laws of the State of California, and was engaged in practice of medicine in the cities of Murrieta and Temecula in Riverside County, and in Escondido and Fallbrook in San Diego County. MCGUIRE held himself out to possess that degree of skill, ability, and learning required of reasonable and reputable otolaryngologists in the communities in which he practiced medicine.

7.  Plaintiff is informed and alleges that at all times mentioned, Defendant FORRESTER was and is a medical doctor specializing in otolaryngology, licensed to practice medicine under the laws of the State of California, and was engaged in practice of medicine in the cities of Murrieta and Temecula in Riverside County, and in Fallbrook in San Diego County. FORRESTER held himself out to possess that degree of

---

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 2 -

1    skill, ability, and learning required of reasonable and reputable otolaryngologists in the communities in

2    which he practiced medicine.

3        8.    Plaintiff is informed and alleges that at all times mentioned, Defendant UNITED HEALTHCARE

4    SERVICES, INC., a California Corporation ("HMO") is licensed by the state of California to act as a

5    Health Maintenance Organization providing comprehensive health care services to its members who are

6    voluntarily enrolled individuals and families in a particular geographic area.   HMO offers financial

7    incentives for patients to use specific providers who belong to an HMO managed care plan.

8        9.    Defendant UNITED HEALTH SERVICES, INC., A PENNSYLVANIA CORPORATION ("UHS")

9    is headquartered in King of Prussia, Pennsylvania. UHS at all times relevant was the owner, parent, and operator

10   of its subsidiary, TEMECULA VALLEY HOSPITAL, INC. ("TVH") a California corporation, with its principal

11   place of business in Temecula, California.   On information, UHS is a co-employer and/or principal of TVH's

12   agents and employees because the structure of UHS is such that the interests, activities and management of UHS

13   and TVH are so commingled that TVH cannot be considered autonomous.   The businesses of UHS and TVH

14   are the same and UHS has superior knowledge regarding the number, frequency, and consistency of sexual

15   assaults upon patients at TVH and other hospitals owned by UHS throughout the United States.

16       10.  Defendants ENT GROUP, HMO, UHS, and TVH are sometimes collectively referred to as the

17   "ENTITY Defendants."

18       11.  Defendant MCGUIRE at all relevant times was the agent, servant, and/or employee of ENT

19   GROUP and all of the things alleged to have been done by him were done in his capacity as an employee

20   and/or agent for Defendants ENT GROUP and FORRESTER.   Plaintiff is informed and alleges that ENT

21   GROUP and FORRESTER, when acting as a principal, were negligent in the selection, hiring, appointment,

22   and employment of MCGUIRE.   Additionally, Plaintiff alleges MCGUIRE was an agent, owner, operator,

23   manager, director, servant and/or employee of ENT GROUP, and all of the things alleged to have been done

24   by him were done in the capacity of an employee and/or agent for each of the ENTITY Defendants.

25       12.  At the time they referred and/or continued to refer JANE ROE #5 and other females to Defendant

26   MCGUIRE for treatment, the ENTITY Defendants knew that Defendant MCGUIRE had a pattern, practice

27   and/or history of engaging in sexually inappropriate, offensive and flirtatious conduct and of making

28   unwelcome advances while performing medical examinations of his female patients.   Plaintiff is informed

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

and alleges that prior to 4/30/2015 other complaints and/or accusations of improper conduct by MCGUIRE had been received from female patients and members of the ENTITY Defendants about Defendant MCGUIRE's inappropriate conduct during physical examinations and medical treatment of female patients.

13. The ENTITY Defendants and UHS, despite their knowledge of MCGUIRE's history of misconduct and propensity to continue to engage in that conduct provided MCGUIRE assistance in continuing perform wrongful acts, including those perpetrated against Plaintiff as outlined below. Specifically, the ENTITY Defendants continued to refer patients to MCGUIRE, and/or provided him with hospital privileges, facilities, and services at TVH, as well as with offices and examination rooms at ENT GROUP locations in Murrieta and Fallbrook, CA in which to engage in misconduct, permitted him to continue to practice under and/or remain associated with the ENTITY Defendants' names and mastheads, and failed to warn prospective patients that they could or would be victims of MCGUIRE's misconduct.

14. In providing MCGUIRE assistance, the ENTITY Defendants knew or should have known that other female patients had been and JANE ROE #5 would be assaulted by MCGUIRE. This assistance was a substantial factor in bringing about the subject assaults. The ENTITY Defendants therefore "aided and abetted" MCGUIRE's misconduct and are vicariously responsible for it.

## GENERAL ALLEGATIONS

15. On 4/30/3015, Plaintiff underwent a thyroidectomy procedure performed by Defendant MCGUIRE at TVH. During the procedure, Plaintiff was anesthetized.

16. After observation in the recovery room, Plaintiff was placed into a private room. She received morphine for pain control after her anesthesia wore off. Plaintiff used the bathroom, and when she sat on the toilet, she felt a rush of seminal fluid leave her vagina and go into the toilet. Plaintiff suspected she had been assaulted by MCGUIRE but could not be certain due to the effects of anesthesia and pain medication.

17. Upon information and belief, in light of the above, Plaintiff alleges Defendant MCGUIRE sexually assaulted her while she was anesthetized for the above-described procedure.

18. At about 3:00p, MCGUIRE came into Plaintiff's hospital room. He was alone and the door was shut. He told Plaintiff that nurses had noticed "a rash" near her vagina. MCGUIRE proceeded to examine and inspect Plaintiff's pelvic area and parted her labia with his ungloved finger. MCGUIRE reported he saw no rash and left the room, telling Plaintiff he would return later to check up on her.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 4 -

EXHIBIT S      Page 080

19. That evening, MCGUIRE returned to Plaintiff's room to again check her "rash." MCGUIRE again rubbed Plaintiff's vagina with an ungloved hand and fingers.

20. Plaintiff told MCGUIRE that she had looked earlier and did not see "rash." MCGUIRE ceased his "examination" and sat on the bed, with his leg in contact with Plaintiff's body, and spoke with Plaintiff about his personal situation, his children, that he was leaving his practice shortly, and other personal matters for about 15 minutes.

21. The next morning, before being discharged to home, MCGUIRE again returned to Plaintiff's room and said that he again wanted to check her "rash." Plaintiff refused to allow this exam, and was discharged shortly afterwards.

22. Following discharge from TVH, Plaintiff told her husband about what had occurred when she used the bathroom and the three post-operative "rash" examinations by MCGUIRE.

## FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT
### BY A PHYSICIAN (CAL. CIVIL CODE § 51.9, 52)
### (By Plaintiff Jane Roe #5 Against All Named Defendants and DOES 1 through 10, Inclusive)

23. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

24. California Civil Code § 51.9 states:

(a)   A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:

(1)   There is a business, service, or professional relationship between the plaintiff and defendant. Such a relationship may exist between a plaintiff and a person ...

(2)   The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.

(3)   There is an inability by the plaintiff to easily terminate the relationship.

(4)   The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result of the conduct described in paragraph (2).

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL.— COMPLAINT

- 5 -

EXHIBIT S    Page 081

25. In perpetrating the above-described acts, the named Defendants and DOES 1 through 10 and/or their agents and employees, subjected Plaintiff to unlawful sexual harassment in violation of California Civil Code §§ 51.9 and 52. At the time the unlawful conduct was perpetrated, the relationship between Plaintiff on the one hand, and Defendants, on the other hand, was one of Physician/Patient, and/or HMO/Member.

26. MCGUIRE made sexual advances and engaged in other verbal, visual and physical conduct of a sexual and/or hostile nature towards Plaintiff, based on her gender, that were unwelcome and pervasive or severe. In addition, the ENTITY Defendants, with reckless disregard for the rights and safety of Plaintiff and other female patients, and with knowledge of MCGUIRE's propensity and pattern of engaging in inappropriate conduct, and in furtherance of their own economic best interests, referred and continued to refer their female patients, including Plaintiff, to MCGUIRE and otherwise aided, allowed, incited and/or conspired with the denial of Plaintiff's rights pursuant to California Civil Code § 51.9.

27. Plaintiff was unable to easily terminate her relationship with MCGUIRE and the ENTITY Defendants. In particular, Plaintiff could not easily terminate the relationship due to her membership in HMO, and its control over Plaintiff by forcing her to obtain specialist treatment from ENT GROUP for her thyroidectomy surgery.

28. As a result of the alleged conduct, Plaintiff suffered actual damages, including, without limitation, emotional distress and the violation of their statutory and/or constitutional rights.

29. By these acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

30. As a further direct and proximate result of the acts and conduct of Defendants, Plaintiff has been caused and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of the injuries is presently unknown to Plaintiff, nor do they know at this time the exact duration or permanence of her injuries, but Plaintiff is informed and alleges that some if not all of her injuries are reasonably certain to be permanent in character.

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 6 -

31.  Plaintiff is informed and alleges that the Defendants, and each of them, by engaging in the acts discussed above, and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.

32.  As a result of Defendants' acts and conduct, Plaintiff is entitled to an award of actual damages as provided in Section 52(b) of the California Civil Code.

33.  As a result of Defendants' acts and conduct, Plaintiff is entitled to all applicable civil penalties and damages as provided in California Civil Code § 52(b)(1).

34.  As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 52(b)(3) of the California Civil Code.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE
### (By Plaintiff Against All Named Defendants and DOES 11 Through 20, Inclusive)

35.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

36.  Defendants, and each of them, owed Plaintiff a duty of care to refer her and other female patients to physicians who they were confident would observe strict and professional standards of care in conducting physical examinations and treatments, and to refrain from referring them to a physician who they knew, or should have known, had a propensity to engage in the inappropriate, offensive and harmful conduct alleged.

37.  The ENTITY Defendants breached their duty of care by referring Plaintiff to Defendant MCGUIRE, and/or allowing MCGUIRE to care for and have access to patients at TVH.  Defendant MCGUIRE owed a duty of care to Plaintiff to render medical specialist services in a professional and reasonable manner, and his actions in sexually harassing Plaintiff were unreasonable and below the standard of care for other medical practitioners in this community.

38.  By the acts and omissions of Defendants, and each of them, Plaintiff has been caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary losses in an amount to be proven at trial.

39.  As a further result of the acts and conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of her injuries is presently unknown to Plaintiff,

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 7 -

1    who does not know at this time the exact duration or permanence of her injuries, but Plaintiff is informed

2    and alleges that some if not all of the injuries are reasonably certain to be permanent in character.

3    **THIRD CAUSE OF ACTION FOR VIOLATION OF**
     **UNRUH CIVIL RIGHTS ACT (Cal. Civil Code §§51, 52)**

4    **(By Plaintiff Against All Entity Defendants, and DOES 21 Through 30, Inclusive)**

5       40.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

6       41.  Plaintiff is informed and alleges that in violation of Section 51 of the California Civil Code, the

7    ENTITY Defendants failed to provide or apply the same level of scrutiny to physicians to whom they

8    referred Plaintiff and other female patients as they did to those to whom they referred their male patients.

9    Plaintiff is further informed and alleges that Defendants would not have referred male patients to a

10   physician who had demonstrated an inability to treat such patients with professional dignity and respect,

11   but that the ENTITY Defendants readily and repeatedly did so with Plaintiff and other female patients.

12      42.  By the acts and omissions of Defendants, Plaintiff has been caused to suffer actual damages

13   including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and

14   other pecuniary losses not presently ascertained.

15      43.  As a further result of the acts and conduct of Defendants, and each of them, Plaintiff has suffered

16   and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright,

17   shock, pain, discomfort and anxiety. The exact nature and extent of her injuries is presently unknown, and

18   Plaintiff does not know the duration or permanence of her injuries, but is informed and alleges that some

19   if not all of her injuries are reasonably certain to be permanent in character.

20      44.  Plaintiff is informed and alleges that by engaging in these acts and/or in authorizing and/or ratifying

21   such acts, Defendants engaged in wilful, malicious, intentional, oppressive and despicable conduct, and

22   acted with wilful and conscious disregard of the rights, welfare and safety of Plaintiff.

23      45.  As a result of Defendants' acts and conduct, Plaintiff is entitled to actual damages for each and

24   every offense and is further entitled to an award of treble damages and reasonable attorneys' fees and costs

25   of suit as provided in Section 52(a) of the California Civil Code.

26   **FOURTH CAUSE OF ACTION FOR GENDER VIOLENCE (CAL. CIVIL CODE § 52.4)**
     **(By Plaintiff Against All Defendants and DOES 31 Through 40, Inclusive)**

27

28      46.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

---

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 8 -

47. California Civil Code § 52.4 states that gender violence is "a form of sex discrimination" and includes any of the following:

(1) One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. [or]

(2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

48. Defendants wrongfully deprived Plaintiff of her right to be free from any use of physical intimidation or use of physical force committed against her person because of her gender in violation of California Civil Code § 52.4.

49. Plaintiff is informed and allege that Plaintiff's gender was a motivating factor in Defendants' wrongful treatment of her and that Defendants' wrongful acts were committed at least in part based on Plaintiff's gender.

50. The ENTITY Defendants ratified MCGUIRE's unlawful conduct as described above by: allowing MCGUIRE to continue treating Plaintiff and other female patients, despite the fact the ENTITY Defendants were either actually aware, or reasonably should have been aware that MCGUIRE was abusing and exploiting Plaintiff and other female patients; that he had a history of inappropriate behavior towards and committing sexually offensive acts against his female patients; and that he had a history of abusing and harassing women.

51. Plaintiff is informed and alleges that the ENTITY Defendants continued to use MCGUIRE's professional services and compensate him for such services, despite knowledge of his wrongful conduct described above, and that the ENTITY Defendants failed to report MCGUIRE's unlawful conduct at any point to any authorities either within or outside of the ENTITY Defendants' offices or to UHS, and/or TVH officials or in other places at which the ENTITY Defendants conducted business.

52. The ENTITY Defendants consciously took no action against MCGUIRE and instead, acted to conceal his conduct from Plaintiff, other female patients of MCGUIRE, and the public.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 9 -

53.  As a direct and proximate result of the tortious, unlawful and wrongful acts and conduct of the Defendants, and of their respective agents, servants, employees, and authorized representatives, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income, employment, and career benefits.

54.  In engaging in the conduct as alleged, Defendants acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, her rights and well-being, and Defendants intended to subject Plaintiff to unjust hardship.

55.  Plaintiff is entitled to an award of statutory fees and attorneys' fees against Defendants pursuant to California Civil Code § 52.4(a).

## FIFTH CAUSE OF ACTION FOR NEGLIGENT RETENTION AND SUPERVISION
### (By Plaintiff Against the ENTITY Defendants and DOES 41 Through 50, Inclusive)

56.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

57.  The ENTITY Defendants, including UHS & TVH have a duty to authorize the use of and/or retain agents, contractors, and/or employees who are fit and competent, to supervise their agents, contractors, and/or employees, and to implement measures to protect patients from predictable and foreseeable risks posed by their agents, contractors and/or employees.

58.  Under the authority of *Elam v. College Park Hospital* (1982) 132 Cal.App.3d 332, the Court stated a hospital owes its patients "...a general duty to insure the competency of its medical staff and to evaluate the quality of medical treatment rendered on it's premises..." *Id.*, at 348).

59.  Case law also holds that it is the duty of a hospital to use reasonable care in furnishing a patient the care, attention, and protection reasonably required by his mental and physical condition; and to use reasonable care in selecting a competent medical staff and periodically reviewing the competency of its medical staff.

60.  California courts have held that hospitals may be held liable for failure to use reasonable care in furnishing their patients care, attention and protection, and that hospitals have a duty to "provide a safe environment within which diagnosis, treatment, and recovery can be carried out." *Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50, 56.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 10 -

61. UHS, TVH and the other ENTITY Defendants knew, or in the exercise of reasonable diligence should have known, that MCGUIRE was incompetent and unfit to perform his duties as an otolaryngologist when treating Plaintiff and other female patients who would be injured due to MCGUIRE's abuse of the privileges and authority extended to him as their physician. MCGUIRE's conduct occurred in his capacity as a specialty physician and agent, contractor, and/or employee of UHS, TVH, and/or the other ENTITY Defendants and was done for the benefit of these Defendants.

62. The ENTITY Defendants were negligent by breaching the duty of care by referring Plaintiff and other female patients to MCGUIRE, by retaining the services of MCGUIRE, by failing to supervise MCGUIRE, who had known propensities for unlawful behavior including abuse, sexual harassment, and misconduct towards female patients. UHS and TVH were negligent by breaching their independent duty of care to Plaintiff and other female patients by extending hospital privileges to MCGUIRE and/or failing to implement procedures for review of his performance, and by allowing reappointment to staff and renewal of his staff privileges.

63. MCGUIRE's conduct towards Plaintiff at TVH was foreseeable because Defendants were or reasonably should have been aware of MCGUIRE's past misconduct towards other female patients.

64. The ENTITY Defendants breached their duty of care by failing to implement measures to protect Plaintiff and other female patients from such foreseeable risks, from an unreasonable risk of harm, and from the recurrence of MCGUIRE's behavior, of which they either had or should have had prior notice. The ENTITY Defendants failed to terminate MCGUIRE or take any disciplinary action against him; instead, they retained him and allowed him to continue victimizing Plaintiff and other female patients.

65. Defendants' failure to train, supervise, and terminate MCGUIRE was the direct and proximate cause of Plaintiff's injuries. Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income, employment, and career benefits.

///

///

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 11 -

## SIXTH CAUSE OF ACTION FOR MEDICAL MALPRACTICE
### (By Plaintiff Against All Defendants and DOES 51 through 60, inclusive)

66. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

67. The named Defendants and DOES 51 through 60, inclusive, negligently exercised the proper degree of knowledge and skill of a specialist physician, specialist medical group and hospital, in their care of Plaintiff and referral of Plaintiff to MCGUIRE and in MCGUIRE's care, examination, and treatment of Plaintiff, as set forth above.

68. As a proximate result of the negligence of the named Defendants and DOES 51 through 60, inclusive, Plaintiff sustained severe and grievous injury to her health, strength, and activity, which has caused and continues to cause her great mental, physical, and nervous pain and suffering.

69. As a further proximate result of the negligence of the named Defendants and DOES 51 through 60, inclusive, Plaintiff was forced to incur, and will continue to incur, medical, hospital, and related expenses, all to her damage in an as yet unknown amount. Plaintiff will amend this complaint to state the true amount and extent of such damages when known.

70. Plaintiff is informed and alleges that her injuries will result in some type of permanent disability, and Plaintiff has sustained general damages in an unknown amount. Plaintiff will amend this complaint to state the true amount and extent of such damages when known.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount to be determined at trial;

2. For pre- and post-judgment interest as allowed and according to proof;

3. For costs of suit including reasonable attorneys' fees and statutory fees, as allowed by law; and

4. For all other relief as this Court may deem just and proper.

///
///
///
///
///
///

---

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 12 -

1  DATED: March 28, 2016          HODES • MILMAN • LIEBECK, LLP

2

3

4                                  BY:
                                      JEFFREY A. MILMAN, ESQ.
5                                     JASON M. CARUSO, ESQ., ATTORNEYS
                                      FOR PLAINTIFF, JANE ROE #5
6

7

8  DATED: March 28, 2016          MITTELMAN LAW FIRM

9

10

11                                 BY:
                                      JOHN R. MITTELMAN, ESQ. ATTORNEY
12                                    FOR PLAINTIFF, JANE ROE #5

13

14                    JURY TRIAL DEMAND

15    Plaintiff demands a trial by jury of all issues so triable in this action.

16

17

18 DATED: March 28, 2016          HODES • MILMAN • LIEBECK, LLP

19

20                                 BY:
                                      JEFFREY A. MILMAN, ESQ.
21                                    JASON M. CARUSO, ESQ., ATTORNEYS
                                      FOR PLAINTIFF, JANE ROE #5
22

23

24 DATED: March 28, 2016          MITTELMAN LAW FIRM

25

26

27                                 BY:
                                      JOHN R. MITTELMAN, ESQ. ATTORNEY
28                                    FOR PLAINTIFF, JANE ROE #5

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 13 -

| SUPERIOR COURT OF CALIFORNIA<br><br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | | FOR COURT USE ONLY |
|---|---|---|
| Title of Case (Abbr.):   ***Roe 5 v. McGuire*** | | |
| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA  92101<br>(619) 231-7738 | | |
| Attorney for Defendant,<br><br>Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. | Hearing Date/Time/Dept<br><br>Date:<br>Time:<br>Dept:<br>Judge: | Case Number<br>MCC1600259 |

## DECLARATION OF SERVICE

I, the undersigned, declare that:  I am over the age of 18 years and not a party to the action.  I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs.  My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101.  I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.  On **June 22, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT;
- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT;
- DECLARATION OF FREDERICK C. BINGHAM IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒   **(BY MAIL)**  I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☐   **(BY PERSONAL SERVICE VIA FACSIMILE)**  I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 22, 2016**, at San Diego, California

Christine Wheeler

*PROOF OF SERVICE BY MAIL*
*(C.C.P. § 1013a and 2015.5)*

Exhibit 1 - Page 090

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:   (951) 719-1412<br>Fax:   (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:   (949) 640-8222<br>Fax:   (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:   (619) 233-5565<br>Fax:   (619) 233-5564<br>Email:  jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:   (702) 938-3838<br>Fax:   (702) 938-3864<br>Email: MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
| | |

1  Scott D. Buchholz, Esq. – State Bar No. 139979
   Victoria G. Stairs, Esq. – State Bar No. 239257
2  Frederick C. Bingham, Esq. – State Bar No. 292667
3  **DUMMIT, BUCHHOLZ & TRAPP**
   101 W. Broadway, Suite 1400
4  San Diego, California 92101-8122
        (619) 231-7738
5  Fax    (619) 231-0886
6
   Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7  HEALTH SERVICES, INC.

8                    SUPERIOR COURT OF CALIFORNIA

9                    FOR THE COUNTY OF RIVERSIDE

10 JANE ROE #5,                          )  Case No. MCC1600259
                                         )
11            Plaintiff,                 )  NOTICE OF MOTION AND MOTION TO
                                         )  STRIKE PORTIONS OF PLAINTIFF'S
12     vs.                               )  COMPLAINT
                                         )
13 JOHN FRANCIS MCGUIRE, M.D.;           )
14 MICHAEL FORRESTER, M.D.;              )  Date:    _____
   NORTH COUNTY ENT MEDICAL              )  Time:    _____
15 GROUP; UNITED HEALTH SERVICES,        )  Dept.:   _____
   INC.; TEMECULA VALLEY HOSPITAL,       )  Judge:   _____
16 INC.; UNITED HEALTHCARE SERVICES,     )
   INC.; and DOES 1 through 100, inclusive, )  Trial Date: Not set
17                                       )  Date Action Filed:  March 28, 2016
                                         )
18            Defendants.                )
                                         )
19 _____ )

20        PLEASE TAKE NOTICE that on _____ at _____ a.m./p.m., or

21 as soon thereafter as the matter may be heard in Department _____ of the above-entitled Court,

22 located at 30755-D Auld Rd., Suite 1226, Murrieta, California 92563, Defendants, TEMECULA

23 VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC., will move this

24 Court to strike Plaintiff's causes of action for negligence and negligent hiring, training, and

25 supervision from the Complaint.

26        This motion is based on this notice, Memorandum of Points and Authorities, Declaration

27 of Frederick C. Bingham, and all other papers, documents and records on file herein.

28 ///

                                         1
            NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

1        The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

2  court day prior to the hearing.  Tentative rulings will be available on the internet or by calling

3  (760) 904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative

4  ruling link.  The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

5  court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

6  the court.  The notice of intent to appear must be given either in person or by telephone.  Where

7  notice of intent to appear has been properly given, or upon direction of the Court, oral argument

8  will be permitted.

9

10  DATED:  June 21, 2016               DUMMIT, BUCHHOLZ & TRAPP

11

12

13                        By: _____

                             Scott D. Buchholz

14                            Victoria G. Stairs

                            Frederick C. Bingham

15                       Attorneys for Defendants, TEMECULA

                       VALLEY HOSPITAL, INC. and UNIVERSAL

16                     HEALTH SERVICES, INC.

17  F:\CLIENT\146711 Roe 5\Pld\MTS\Notice.docx

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
Tel:    (619) 231-7738
5 | Fax:    (619) 231-0886

6 | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 |                     SUPERIOR COURT OF CALIFORNIA

9 |                     FOR THE COUNTY OF RIVERSIDE

10 | JANE ROE #5,                          )   Case No. MCC1600259
                                          )
11 |               Plaintiff,              )   MEMORANDUM OF POINTS AND
                                          )   AUTHORITIES IN SUPPORT OF MOTION
12 |        vs.                            )   TO STRIKE PORTIONS OF PLAINTIFF'S
                                          )   COMPLAINT
13 | JOHN FRANCIS MCGUIRE, M.D.;           )
14 | MICHAEL FORRESTER, M.D.;              )   Date: _____
NORTH COUNTY ENT MEDICAL                  )   Time: _____
15 | GROUP; UNITED HEALTH SERVICES,        )   Dept.: _____
INC.; TEMECULA VALLEY HOSPITAL,           )   Judge: _____
16 | INC.; UNITED HEALTHCARE SERVICES,     )
17 | INC.; and DOES 1 through 100, inclusive, )   Trial Date: Not set
                                          )   Date Action Filed:  March 28, 2016
18 |               Defendants.             )
19 | _____ )

20 |        Defendants TEMECULA VALLEY HOSPITAL, INC. (hereinafter "TVH") and

21 | UNIVERSAL HEALTH SERVICES, INC. (hereinafter, "UHS") hereby submit this Memorandum

22 | of Points and Authorities in support of their Motion to Strike Portions of Plaintiff's Complaint, as

23 | required by California Rule of Court 3.1322.

24 |                                   I.

25 |                         **SUMMARY OF ALLEGATIONS**

26 |        This action arises out of the alleged sexual misconduct of co-Defendant Dr. John McGuire

27 | on April 30, 2015, and May 1, 2015. (Compl. ¶¶ 15–22.) Specifically, Plaintiff alleges wrongful

28 | conduct occurred while under she was under general anaesthesia for a thyroidectomy, performed

1  by Dr. Mcguire at TVH, (*id.* ¶17), and three more times during recovery at TVH. (*Id.* ¶¶ 18–21.)

2  Plaintiff alleges Dr. Mcguire performed the misconduct in the capacity of an employee and/or

3  agent of TVH and UHS. (*Id.* ¶¶ 10–11.) Plaintiff also alleges that TVH and UHS were generally

4  and professionally negligent, as well as negligent in their hiring, supervision, and training of Dr.

5  McGuire. (*Id.* ¶¶ 35–39, 56–65.)

6  ### II.

7  ### STANDARD OF LAW

8  Pursuant to California Code of Civil Procedure section 435, "any party, within the time

9  allowed to respond to a pleading may serve and file a notice of motion to strike the whole or any

10  part thereof." (Code Civ. Proc., § 435, subd. (b)(1).) A substantive defect appearing on the face of

11  a complaint may be the subject of a motion to strike. (*PH II, Inc. v. Super. Ct.* (1995) 33

12  Cal.App.4th 1680, 1683.) California Code of Civil Procedure section 436 authorizes the court on

13  motion or at any time in its discretion and on terms it deems proper to: (a) strike out any

14  irrelevant, false, or improper matter inserted in any pleading and (b) strike out all or any part of

15  any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order

16  of the court. Redundant matter in a complaint is a proper basis to grant a motion to strike. (*Henke*

17  *v. Eureka Endowment Assoc.* (1893) 100 Cal 429.)

18  As set forth below, Plaintiff's causes of action for negligence (Cause of Action Two) and

19  negligent hiring, training, and supervision (Cause of Action Five) should be stricken from the

20  Complaint as duplicative of Plaintiff's cause of action for medical malpractice (Cause of Action

21  Six).

22  **A.**   **Negligence is Duplicative of Medical Malpractice**

23  Plaintiff's cause of action for negligence is legally defective and duplicative of her cause of

24  action for medical malpractice and should be stricken from the Complaint. The Medical Injury

25  Compensation Reform Act (hereinafter "MICRA") was enacted by the Legislature to address a

26  fundamental "crisis" related to medical malpractice actions and the perceived effect the litigation

27  had on the overall quality of California's health care. (*See, e.g. Western Steamship Lines, Inc. v.*

28  *San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 111-112.) Therefore, MICRA includes

1  numerous provisions all of which are calculated to reduce the cost of insurance by limiting the

2  amount and timing of recovery in cases involving professional negligence. The MICRA statutes

3  generally apply "[i]n any action for injury against a health care provider based on professional

4  negligence . . ." (Civ. Code, § 3333.1.)  "[C]ourts have broadly construed professional negligence

5  to mean negligence occurring during the rendering of services for which the health care provider is

6  licensed." (*Canister v. Emergency Ambulance Service, Inc.* (2008) 160 Cal.App.4th 388, 406

7  (hereinafter "*Canister*"); *see also Hedlund v. Super. Ct.* (1983) 34 Cal.3d 695, 700-704.)  The term

8  "professional negligence" encompasses actions in which "the injury for which damages are sought

9  is directly related to the professional services provided by the health care provider" or directly

10  related to "a matter that is an ordinary and usual part of medical professional services." (*Central*

11  *Pathology Service Medical Clinic, Inc. v. Super. Ct.* (1992) 3 Cal.4th 181, 191-193 (emphasis

12  added).)  Additionally, a "hospital has a [professional] duty to use reasonable care and diligence in

13  safeguarding a patient committed to its charge . . ." (*So v. Shin* (2013) 212 Cal.App.4th 652, 668

14  (hereinafter "*So*")) [quoting *Thomas v. Seaside Memorial Hospital* (1947) 80 Cal.App.2d 841,

15  847].)

16        Here, all of the allegations as to TVH and UHS[1] occurred "during the rendering of services

17  for which [TVH] is licensed." (*Canister, supra,* 160 Cal.App.4th at 406.)  Plaintiffs claims that

18  TVH and UHS were ordinarily negligent because they breached their duty of care by "referring

19  Plaintiffs to MCGUIRE." (Compl. ¶ 37.) This allegation, although bare, states facts which support

20  a cause of action for professional negligence/medical malpractice, not ordinary negligence. (*See,*

21  *e.g.,* Health & Saf. Code, § 1250, subd. (a) ["'General acute care hospital' means a health facility .

22  . . with . . . an organized medical staff that provides 24-hour inpatient care[.]"])  If, in fact,

23  Plaintiff was "referred" to Dr. McGuire by Defendants, then that would certainly be a

24  "professional service" for which the hospital is licensed. Accordingly, this cause of action for

25  ordinary negligence is really one for professional negligence and is legally defective and

26  duplicative of the cause of action for medical malpractice (professional negligence).

27

28  [1]  UHS is considered a healthcare provider for purposes of MICRA, because the allegations as to UHS are derivative of its wholly owned subsidiary, TVH, a licensed acute care hospital. (*See, e.g., Palmer Super. Ct.* (2002) 103 Cal.App.4th at 962-967.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

EXHIBIT V      Page 096

1    Based on the foregoing, the Court should strike Plaintiff's negligence claim (Cause of

2    Action Two) against TVH and UHS.

3    **B.    Negligent Hiring, Training, and Supervision is Duplicative of Medical Malpractice**

4    Plaintiff's cause of action for negligent hiring, training, and supervision is legally defective

5    and duplicative of her cause of action for medical malpractice and should be stricken from the

6    Complaint. California case law clearly provides negligent hiring/supervision is treated as medical

7    malpractice/professional negligence. In the case of *So v. Shin*, the Court held that "[s]ince hiring

8    and supervising medical personnel, as well as safeguarding incapacitated patients, are clearly

9    within the scope of services for which the hospital is licensed, its alleged failure to do so

10   necessarily states a claim for professional negligence." (*So*, *supra*, (2013) 212 Cal.App.4th 652,

11   668.)

12   In *So*, the plaintiff brought causes of action against the hospital and the medical group for

13   general negligence under a theory of negligent hiring and supervision of co-Defendant Dr. Shin.

14   (*Id.* at 668 ["the complaint alleges that the hospital was directly negligent in hiring and continuing

15   to employ SHIN in spite of its knowledge of her inability to provide health care services."

16   (internal quotations omitted)].) The hospital moved for a motion for judgment on the pleadings,

17   which is functionally equivalent to a demurrer, contending "that although the first cause of action

18   purported to state a claim for *ordinary* negligence, it in fact alleged *professional* negligence

19   because the alleged injuries occurred during the performance of professional services." (*Id* at 660.)

20   The Court agreed with the hospital, noting that a "hospital has a duty to use reasonable care and

21   diligence in safeguarding a patient committed to its charge . . ."(*Id* at 668 [quoting *Thomas v.*

22   *Seaside Memorial Hospital* (1947) 80 Cal.App.2d 841, 847].)  Furthermore, the Court noted

23   "[t]here is no dispute that the hospital is a health care provider, and providing inpatient care for a

24   postsurgical patient is clearly 'within the scope of services for which [a] hospital is licensed.'"

25   (*Ibid.* [citing Health & Saf. Code, § 1250.])

26   *So* is directly on point here, as Plaintiff is making nearly identical claims to those made in

27   *So*.  Here, Plaintiff claims the hospital was negligent "by referring Plaintiffs and other female

28   patients to MCGUIRE and by retaining the services of MCGUCRE and failing to supervise

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

EXHIBIT V      Page 097

1  MCGUIRE[.]" (Compl. ¶ 62.) Accordingly, and directly in line with *So*, Plaintiff's cause of action

2  for negligent hiring, training, and supervision is really one for professional negligence and is

3  legally defective and duplicative of the cause of action for medical malpractice (professional

4  negligence).

5       Based on the foregoing, the Court should strike Plaintiff's cause of action for negligent

6  hiring, training, and supervision (Cause of Action Five) against TVH and UHS.

7  **III.**

8  **CONCLUSION**

9       For the reasons stated above, Plaintiff's second and fifth causes of action for negligence

10  and negligent hiring, training, and supervision, respectively, should be stricken from the

11  Complaint, as they are superfluous and duplicative of Plaintiff's cause of action for medical

12  malpractice.

13

14  DATED: June 21 , 2016           DUMMIT, BUCHHOLZ & TRAPP

15

16                          By: _____

17                            Scott D. Buchholz

18                            Victoria G. Stairs

                          Frederick C. Bingham

19                 Attorneys for Defendants, TEMECULA

               VALLEY HOSPITAL, INC. and UNIVERSAL

20                 HEALTH SERVICES, INC.

21  F:\CLIENT\146711 Roe 5\Pld\MTS\Ps & As.docx

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

EXHIBIT V      Page 098

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
        (619) 231-7738
5 | Fax    (619) 231-0886

6 | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 | SUPERIOR COURT OF CALIFORNIA

9 | FOR THE COUNTY OF RIVERSIDE

10 | JANE ROE #5,                                   ) Case No. MCC1600259
                                                    )
11 |                     Plaintiff,                 ) DECLARATION OF FREDERICK C.
                                                    ) BINGHAM, ESQ. IN SUPPORT OF
12 |           vs.                                  ) MOTION TO STRIKE PORTIONS OF
                                                    ) PLAINTIFF'S COMPLAINT
13 | JOHN FRANCIS MCGUIRE, M.D.;                    )
14 | MICHAEL FORRESTER, M.D.;                       )
     NORTH COUNTY ENT MEDICAL                       ) Date: _____
15 | GROUP; UNITED HEALTH SERVICES,                 ) Time: _____
     INC.; TEMECULA VALLEY HOSPITAL,                ) Dept.: _____
16 | INC.; UNITED HEALTHCARE SERVICES,              ) Judge: _____
     INC.; and DOES 1 through 100, inclusive,       )
17 |                                                ) Trial Date: Not set
                                                    ) Date Action Filed:  March 28, 2016
18 |                     Defendants.                )
19 | _____            )

20 | I, Frederick C. Bingham, Esq., do hereby declare and state:

21 |         1.      I am an attorney licensed to practice in the State of California and an associate

22 | attorney with Dummit, Buchholz & Trapp, attorneys for Defendant TEMECULA VALLEY

23 | HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. herein.

24 |         2.      If called to testify as to the matters set forth in this declaration, I could and would

25 | do so competently in accord with the facts as set forth herein.  All the facts set forth are of my own

26 | personal knowledge except where stated on information and belief.

27 |         3.      I have reviewed the copies of documents attached to this declaration and have

28 | personal knowledge of the contents therein.  All documents are true and correct copies of exhibits

1   identified in the Memorandum of Points and Authorities and other supporting papers to this

2   motion. I am readily familiar with my law firm's manner of acquisition, production and keeping of

3   records used for purposes of the business in which the firm is engaged, namely litigation.   Each

4   such document was acquired in the ordinary course of business by my law firm for purposes of

5   conducting its aforementioned business.

6         The attached documents are identified as follows:

7         Exhibit A:      Plaintiff's Complaint

8         I declare under penalty of perjury under the laws of the State of California that the

9   foregoing is true and correct to the best of my knowledge.

10         Executed this 21 day of June, 2016, at San Diego, California.

11

12

13                                    Frederick C. Bingham, Esq.

14

15   F:\CLIENT\146711 Roe 5\Pld\MTS\Dec. FCB.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF FREDERICK C. BINGHAM, ESQ. IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

# Exhibit A

1 | MITTELMAN LAW FIRM
JOHN R. MITTELMAN SBN 133209
2 | 27349 Jefferson Avenue, Suite 105
Temecula, CA  92590
3 | Tel: (951)719-1412 Fax: (951)719-1431

4 | Hodes Milman Liebeck , LLP
JEFFREY A. MILMAN SBN 99072
5 | 9210 Irvine Center Dr
Irvine, CA 92618
6 | Tel: (949)640-8222  Fax: (949)640-8294

7

8 | Attorneys for Plaintiff JANE ROE #5

9

**FILED**
Superior Court of California
County of Riverside
3/28/2016
mplasenc

By Fax

10 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 |                         FOR THE COUNTY OF RIVERSIDE

12 | JANE ROE #5, an individual,                )    CASE NO.  MCC1600259
13 |                         Plaintiff,         )    COMPLAINT FOR DAMAGES:
14 | vs.                                        )
                                               )    1.  Sexual Harassment by a Physician (Cal. Civ.
15 | JOHN FRANCIS MCGUIRE, M.D.;                )        Code §§ 51.9, 52);
MICHAEL FORRESTER, M.D.;                       )
16 | NORTH COUNTY ENT MEDICAL                   )    2.  Negligence;
GROUP, AN ENTITY OF UNKNOWN                    )
17 | FORM; UNITED HEALTH SERVICES,              )    3.  Violation of Unruh Civil Rights Act (Cal.
INC., A PENNSYLVANIA                           )        Civ. Code §§ 51, 52);
18 | CORPORATION TEMECULA                       )
VALLEY HOSPITAL, INC., A                       )    4.  Gender Violence (Cal. Civ. Code § 52.4);
19 | CALIFORNIA CORPORATION;                    )
UNITED HEALTHCARE SERVICES,                    )    5.  Negligent   Hiring,   Training,   and
20 | INC., A CALIFORNIA                         )        Supervision;
CORPORATION, and DOES 1                        )
21 | THROUGH 100, INCLUSIVE,                    )    6.  Medical Malpractice;
                                               )
22 |                         Defendants.        )           JURY TRIAL DEMANDED
                                               )
23

24 |                    VENUE, JURISDICTION, AND PARTIES

25 |     1.    Events giving rise to this action occurred in the Cities of Murrieta and Temecula, County of

26 | Riverside, California.  Two of the named Defendants' principal place of business and/or their residence for

27 | venue purposes are in this judicial district.  Venue is therefore proper in this county and judicial district.

28 | ///

---

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT
                                                                                    - 1 -

EXHIBIT W    Page 102

2.    Plaintiff is unaware of the true names and capacities of DOES 1 through 100, inclusive, and sues these Defendants by fictitious names.  Plaintiff is informed and alleges that each of the fictitiously named Defendants is, in some manner, responsible for the events and happenings referred to, either contractually or tortiously, and caused damages to Plaintiff as alleged.   When Plaintiff learns the true names and capacities of DOES 1 through 100, she will amend this complaint.

3.    At all times mentioned, each of the named and DOE Defendants was the agent, servant, and employee of each of the other Defendants, and all of the things alleged to have been done by said Defendants were done in the capacity of, and as agent for, each of the other Defendants.  Plaintiff is informed and alleges that each and every Defendant, when acting as a principal, was negligent in the selection, hiring and appointment of each and every other Defendant as an agent, servant or employee.

4.    At all material times, Plaintiff, JANE ROE #5, was an individual residing in the City of Murrieta, County of Riverside, State of California.

5.    Defendant NORTH COUNTY ENT MEDICAL GROUP ("ENT GROUP") is an entity of unknown form, with offices in Fallbrook and Murrieta, California.  On information and belief, Defendants JOHN FRANCIS MCGUIRE, M.D. ("MCGUIRE") and MICHAEL FORRESTER, M.D. ("FORRESTER") were, at the times referred to in this Complaint, the owners, operators, managers, directors, and/or members of ENT GROUP.  MCGUIRE and FORRESTER wholly owned and operated the ENT GROUP as a business enterprise for profit under an express agreement to share control, profits, and losses.

6.    Plaintiff is informed and alleges that at all times mentioned, Defendant MCGUIRE was and is a medical doctor specializing in otolaryngology, licensed to practice medicine under the laws of the State of California, and was engaged in practice of medicine in the cities of Murrieta and Temecula in Riverside County, and in Escondido and Fallbrook in San Diego County.  MCGUIRE held himself out to possess that degree of skill, ability, and learning required of reasonable and reputable otolaryngologists in the communities in which he practiced medicine.

7.    Plaintiff is informed and alleges that at all times mentioned, Defendant FORRESTER was and is a medical doctor specializing in otolaryngology, licensed to practice medicine under the laws of the State of California, and was engaged in practice of medicine in the cities of Murrieta and Temecula in Riverside County, and in Fallbrook in San Diego County.  FORRESTER held himself out to possess that degree of

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 2 -

1   skill, ability, and learning required of reasonable and reputable otolaryngologists in the communities in

2   which he practiced medicine.

3      8.   Plaintiff is informed and alleges that at all times mentioned, Defendant UNITED HEALTHCARE

4   SERVICES, INC., a California Corporation ("HMO") is licensed by the state of California to act as a

5   Health Maintenance Organization providing comprehensive health care services to its members who are

6   voluntarily enrolled individuals and families in a particular geographic area.   HMO offers financial

7   incentives for patients to use specific providers who belong to an HMO managed care plan.

8      9.   Defendant UNITED HEALTH SERVICES, INC., A PENNSYLVANIA CORPORATION ("UHS")

9   is headquartered in King of Prussia, Pennsylvania. UHS at all times relevant was the owner, parent, and operator

10   of its subsidiary, TEMECULA VALLEY HOSPITAL, INC. ("TVH") a California corporation, with its principal

11   place of business in Temecula, California.   On information, UHS is a co-employer and/or principal of TVH's

12   agents and employees because the structure of UHS is such that the interests, activities and management of UHS

13   and TVH are so commingled that TVH cannot be considered autonomous.   The businesses of UHS and TVH

14   are the same and UHS has superior knowledge regarding the number, frequency, and consistency of sexual

15   assaults upon patients at TVH and other hospitals owned by UHS throughout the United States.

16      10.  Defendants ENT GROUP, HMO, UHS, and TVH are sometimes collectively referred to as the

17   "ENTITY Defendants."

18      11.  Defendant MCGUIRE at all relevant times was the agent, servant, and/or employee of ENT

19   GROUP and all of the things alleged to have been done by him were done in his capacity as an employee

20   and/or agent for Defendants ENT GROUP and FORRESTER. Plaintiff is informed and alleges that ENT

21   GROUP and FORRESTER, when acting as a principal, were negligent in the selection, hiring, appointment,

22   and employment of MCGUIRE. Additionally, Plaintiff alleges MCGUIRE was an agent, owner, operator,

23   manager, director, servant and/or employee of ENT GROUP, and all of the things alleged to have been done

24   by him were done in the capacity of an employee and/or agent for each of the ENTITY Defendants.

25      12.  At the time they referred and/or continued to refer JANE ROE #5 and other females to Defendant

26   MCGUIRE for treatment, the ENTITY Defendants knew that Defendant MCGUIRE had a pattern, practice

27   and/or history of engaging in sexually inappropriate, offensive and flirtatious conduct and of making

28   unwelcome advances while performing medical examinations of his female patients. Plaintiff is informed

---

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 3 -

1    and alleges that prior to 4/30/2015 other complaints and/or accusations of improper conduct by MCGUIRE

2    had been received from female patients and members of the ENTITY Defendants about Defendant

3    MCGUIRE's inappropriate conduct during physical examinations and medical treatment of female patients.

4         13.  The ENTITY Defendants and UHS, despite their knowledge of MCGUIRE's history of misconduct

5    and propensity to continue to engage in that conduct provided MCGUIRE assistance in continuing perform

6    wrongful acts, including those perpetrated against Plaintiff as outlined below.  Specifically, the ENTITY

7    Defendants continued to refer patients to MCGUIRE, and/or provided him with hospital privileges,

8    facilities, and services at TVH, as well as with offices and examination rooms at ENT GROUP locations

9    in Murrieta and Fallbrook, CA in which to engage in misconduct, permitted him to continue to practice

10   under and/or remain associated with the ENTITY Defendants' names and mastheads, and failed to warn

11   prospective patients that they could or would be victims of MCGUIRE's misconduct.

12        14.  In providing MCGUIRE assistance, the ENTITY Defendants knew or should have known that

13   other female patients had been and JANE ROE #5 would be assaulted by MCGUIRE.  This assistance was

14   a substantial factor in bringing about the subject assaults.  The ENTITY Defendants therefore "aided and

15   abetted" MCGUIRE's misconduct and are vicariously responsible for it.

                              **GENERAL ALLEGATIONS**

16

17        15.  On 4/30/3015, Plaintiff underwent a thyroidectomy procedure performed by Defendant MCGUIRE

18   at TVH.  During the procedure, Plaintiff was anesthetized.

19        16.  After observation in the recovery room, Plaintiff was placed into a private room.  She received

20   morphine for pain control after her anesthesia wore off.  Plaintiff used the bathroom, and when she sat on

21   the toilet, she felt a rush of seminal fluid leave her vagina and go into the toilet.  Plaintiff suspected she had

22   been assaulted by MCGUIRE but could not be certain due to the effects of anesthesia and pain medication.

23        17.  Upon information and belief, in light of the above, Plaintiff alleges Defendant MCGUIRE sexually

24   assaulted her while she was anesthetized for the above-described procedure.

25        18.  At about 3:00p, MCGUIRE came into Plaintiff's hospital room.  He was alone and the door was

26   shut.  He told Plaintiff that nurses had noticed "a rash" near her vagina.  MCGUIRE proceeded to examine

27   and inspect Plaintiff's pelvic area and parted her labia with his ungloved finger.  MCGUIRE reported he

28   saw no rash and left the room, telling Plaintiff he would return later to check up on her.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 4 -

19.  That evening, MCGUIRE returned to Plaintiff's room to again check her "rash." MCGUIRE again rubbed Plaintiff's vagina with an ungloved hand and fingers.

20.  Plaintiff told MCGUIRE that she had looked earlier and did not see "rash."  MCGUIRE ceased his "examination" and sat on the bed, with his leg in contact with Plaintiff's body, and spoke with Plaintiff about his personal situation, his children, that he was leaving his practice shortly, and other personal matters for about 15 minutes.

21.  The next morning, before being discharged to home, MCGUIRE again returned to Plaintiff's room and said that he again wanted to check her "rash." Plaintiff refused to allow this exam, and was discharged shortly afterwards.

22.  Following discharge from TVH, Plaintiff told her husband about what had occurred when she used the bathroom and the three post-operative "rash" examinations by MCGUIRE.

## FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT
## BY A PHYSICIAN (CAL. CIVIL CODE § 51.9, 52)
### (By Plaintiff Jane Roe #5 Against All Named Defendants and DOES 1 through 10, Inclusive)

23.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

24.  California Civil Code § 51.9 states:

(a)  A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:

(1)  There is a business, service, or professional relationship between the plaintiff and defendant. Such a relationship may exist between a plaintiff and a person ...

(2)  The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.

(3)  There is an inability by the plaintiff to easily terminate the relationship.

(4)  The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result of the conduct described in paragraph (2).

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 5 -

EXHIBIT W    Page 106

25. In perpetrating the above-described acts, the named Defendants and DOES 1 through 10 and/or their agents and employees, subjected Plaintiff to unlawful sexual harassment in violation of California Civil Code §§ 51.9 and 52. At the time the unlawful conduct was perpetrated, the relationship between Plaintiff on the one hand, and Defendants, on the other hand, was one of Physician/Patient, and/or HMO/Member.

26. MCGUIRE made sexual advances and engaged in other verbal, visual and physical conduct of a sexual and/or hostile nature towards Plaintiff, based on her gender, that were unwelcome and pervasive or severe. In addition, the ENTITY Defendants, with reckless disregard for the rights and safety of Plaintiff and other female patients, and with knowledge of MCGUIRE's propensity and pattern of engaging in inappropriate conduct, and in furtherance of their own economic best interests, referred and continued to refer their female patients, including Plaintiff, to MCGUIRE and otherwise aided, allowed, incited and/or conspired with the denial of Plaintiff's rights pursuant to California Civil Code § 51.9.

27. Plaintiff was unable to easily terminate her relationship with MCGUIRE and the ENTITY Defendants. In particular, Plaintiff could not easily terminate the relationship due to her membership in HMO, and its control over Plaintiff by forcing her to obtain specialist treatment from ENT GROUP for her thyroidectomy surgery.

28. As a result of the alleged conduct, Plaintiff suffered actual damages, including, without limitation, emotional distress and the violation of their statutory and/or constitutional rights.

29. By these acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

30. As a further direct and proximate result of the acts and conduct of Defendants, Plaintiff has been caused and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of the injuries is presently unknown to Plaintiff, nor do they know at this time the exact duration or permanence of her injuries, but Plaintiff is informed and alleges that some if not all of her injuries are reasonably certain to be permanent in character.

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 6 -

31.  Plaintiff is informed and alleges that the Defendants, and each of them, by engaging in the acts discussed above, and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.

32.  As a result of Defendants' acts and conduct, Plaintiff is entitled to an award of actual damages as provided in Section 52(b) of the California Civil Code.

33.  As a result of Defendants' acts and conduct, Plaintiff is entitled to all applicable civil penalties and damages as provided in California Civil Code § 52(b)(1).

34.  As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 52(b)(3) of the California Civil Code.

### SECOND CAUSE OF ACTION FOR NEGLIGENCE
**(By Plaintiff Against All Named Defendants and DOES 11 Through 20, Inclusive)**

35.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

36.  Defendants, and each of them, owed Plaintiff a duty of care to refer her and other female patients to physicians who they were confident would observe strict and professional standards of care in conducting physical examinations and treatments, and to refrain from referring them to a physician who they knew, or should have known, had a propensity to engage in the inappropriate, offensive and harmful conduct alleged.

37.  The ENTITY Defendants breached their duty of care by referring Plaintiff to Defendant MCGUIRE, and/or allowing MCGUIRE to care for and have access to patients at TVH.  Defendant MCGUIRE owed a duty of care to Plaintiff to render medical specialist services in a professional and reasonable manner, and his actions in sexually harassing Plaintiff were unreasonable and below the standard of care for other medical practitioners in this community.

38.  By the acts and omissions of Defendants, and each of them, Plaintiff has been caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary losses in an amount to be proven at trial.

39.  As a further result of the acts and conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of her injuries is presently unknown to Plaintiff,

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 7 -

1    who does not know at this time the exact duration or permanence of her injuries, but Plaintiff is informed

2    and alleges that some if not all of the injuries are reasonably certain to be permanent in character.

### THIRD CAUSE OF ACTION FOR VIOLATION OF
### UNRUH CIVIL RIGHTS ACT (Cal. Civil Code §§51, 52)
**(By Plaintiff Against All Entity Defendants, and DOES 21 Through 30, Inclusive)**

40.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

41.  Plaintiff is informed and alleges that in violation of Section 51 of the California Civil Code, the ENTITY Defendants failed to provide or apply the same level of scrutiny to physicians to whom they referred Plaintiff and other female patients as they did to those to whom they referred their male patients. Plaintiff is further informed and alleges that Defendants would not have referred male patients to a physician who had demonstrated an inability to treat such patients with professional dignity and respect, but that the ENTITY Defendants readily and repeatedly did so with Plaintiff and other female patients.

42.  By the acts and omissions of Defendants, Plaintiff has been caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained.

43.  As a further result of the acts and conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of her injuries is presently unknown, and Plaintiff does not know the duration or permanence of her injuries, but is informed and alleges that some if not all of her injuries are reasonably certain to be permanent in character.

44.  Plaintiff is informed and alleges that by engaging in these acts and/or in authorizing and/or ratifying such acts, Defendants engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful and conscious disregard of the rights, welfare and safety of Plaintiff.

45.  As a result of Defendants' acts and conduct, Plaintiff is entitled to actual damages for each and every offense and is further entitled to an award of treble damages and reasonable attorneys' fees and costs of suit as provided in Section 52(a) of the California Civil Code.

### FOURTH CAUSE OF ACTION FOR GENDER VIOLENCE (CAL. CIVIL CODE § 52.4)
**(By Plaintiff Against All Defendants and DOES 31 Through 40, Inclusive)**

46.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 8 -

47. California Civil Code § 52.4 states that gender violence is "a form of sex discrimination" and includes any of the following:

    (1)   One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. [or]

    (2)   A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

48. Defendants wrongfully deprived Plaintiff of her right to be free from any use of physical intimidation or use of physical force committed against her person because of her gender in violation of California Civil Code § 52.4.

49. Plaintiff is informed and allege that Plaintiff's gender was a motivating factor in Defendants' wrongful treatment of her and that Defendants' wrongful acts were committed at least in part based on Plaintiff's gender.

50. The ENTITY Defendants ratified MCGUIRE's unlawful conduct as described above by: allowing MCGUIRE to continue treating Plaintiff and other female patients, despite the fact the ENTITY Defendants were either actually aware, or reasonably should have been aware that MCGUIRE was abusing and exploiting Plaintiff and other female patients; that he had a history of inappropriate behavior towards and committing sexually offensive acts against his female patients; and that he had a history of abusing and harassing women.

51. Plaintiff is informed and alleges that the ENTITY Defendants continued to use MCGUIRE's professional services and compensate him for such services, despite knowledge of his wrongful conduct described above, and that the ENTITY Defendants failed to report MCGUIRE's unlawful conduct at any point to any authorities either within or outside of the ENTITY Defendants' offices or to UHS, and/or TVH officials or in other places at which the ENTITY Defendants conducted business.

52. The ENTITY Defendants consciously took no action against MCGUIRE and instead, acted to conceal his conduct from Plaintiff, other female patients of MCGUIRE, and the public.

JANE ROE #5, Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 9 -

53.  As a direct and proximate result of the tortious, unlawful and wrongful acts and conduct of the Defendants, and of their respective agents, servants, employees, and authorized representatives, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income, employment, and career benefits.

54.  In engaging in the conduct as alleged, Defendants acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, her rights and well-being, and Defendants intended to subject Plaintiff to unjust hardship.

55.  Plaintiff is entitled to an award of statutory fees and attorneys' fees against Defendants pursuant to California Civil Code § 52.4(a).

**FIFTH CAUSE OF ACTION FOR NEGLIGENT RETENTION AND SUPERVISION**
**(By Plaintiff Against the ENTITY Defendants and DOES 41 Through 50, Inclusive)**

56.  Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

57.  The ENTITY Defendants, including UHS & TVH have a duty to authorize the use of and/or retain agents, contractors, and/or employees who are fit and competent, to supervise their agents, contractors, and/or employees, and to implement measures to protect patients from predictable and foreseeable risks posed by their agents, contractors and/or employees.

58.  Under the authority of *Elam v. College Park Hospital* (1982) 132 Cal.App.3d 332, the Court stated a hospital owes its patients "...a general duty to insure the competency of its medical staff and to evaluate the quality of medical treatment rendered on it's premises..." *Id.*, at 348).

59.  Case law also holds that it is the duty of a hospital to use reasonable care in furnishing a patient the care, attention, and protection reasonably required by his mental and physical condition; and to use reasonable care in selecting a competent medical staff and periodically reviewing the competency of its medical staff.

60.  California courts have held that hospitals may be held liable for failure to use reasonable care in furnishing their patients care, attention and protection, and that hospitals have a duty to "provide a safe environment within which diagnosis, treatment, and recovery can be carried out." *Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50, 56.

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 10 -

61. UHS, TVH and the other ENTITY Defendants knew, or in the exercise of reasonable diligence should have known, that MCGUIRE was incompetent and unfit to perform his duties as an otolaryngologist when treating Plaintiff and other female patients who would be injured due to MCGUIRE's abuse of the privileges and authority extended to him as their physician. MCGUIRE's conduct occurred in his capacity as a specialty physician and agent, contractor, and/or employee of UHS, TVH, and/or the other ENTITY Defendants and was done for the benefit of these Defendants.

62. The ENTITY Defendants were negligent by breaching the duty of care by referring Plaintiff and other female patients to MCGUIRE, by retaining the services of MCGUIRE, by failing to supervise MCGUIRE, who had known propensities for unlawful behavior including abuse, sexual harassment, and misconduct towards female patients. UHS and TVH were negligent by breaching their independent duty of care to Plaintiff and other female patients by extending hospital privileges to MCGUIRE and/or failing to implement procedures for review of his performance, and by allowing reappointment to staff and renewal of his staff privileges.

63. MCGUIRE's conduct towards Plaintiff at TVH was foreseeable because Defendants were or reasonably should have been aware of MCGUIRE's past misconduct towards other female patients.

64. The ENTITY Defendants breached their duty of care by failing to implement measures to protect Plaintiff and other female patients from such foreseeable risks, from an unreasonable risk of harm, and from the recurrence of MCGUIRE's behavior, of which they either had or should have had prior notice. The ENTITY Defendants failed to terminate MCGUIRE or take any disciplinary action against him; instead, they retained him and allowed him to continue victimizing Plaintiff and other female patients.

65. Defendants' failure to train, supervise, and terminate MCGUIRE was the direct and proximate cause of Plaintiff's injuries. Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income, employment, and career benefits.

///

///

///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 11 -

EXHIBIT W    Page 112

### SIXTH CAUSE OF ACTION FOR MEDICAL MALPRACTICE
### (By Plaintiff Against All Defendants and DOES 51 through 60, inclusive)

66. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth.

67. The named Defendants and DOES 51 through 60, inclusive, negligently exercised the proper degree of knowledge and skill of a specialist physician, specialist medical group and hospital, in their care of Plaintiff and referral of Plaintiff to MCGUIRE and in MCGUIRE's care, examination, and treatment of Plaintiff, as set forth above.

68. As a proximate result of the negligence of the named Defendants and DOES 51 through 60, inclusive, Plaintiff sustained severe and grievous injury to her health, strength, and activity, which has caused and continues to cause her great mental, physical, and nervous pain and suffering.

69. As a further proximate result of the negligence of the named Defendants and DOES 51 through 60, inclusive, Plaintiff was forced to incur, and will continue to incur, medical, hospital, and related expenses, all to her damage in an as yet unknown amount. Plaintiff will amend this complaint to state the true amount and extent of such damages when known.

70. Plaintiff is informed and alleges that her injuries will result in some type of permanent disability, and Plaintiff has sustained general damages in an unknown amount. Plaintiff will amend this complaint to state the true amount and extent of such damages when known.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount to be determined at trial;

2. For pre- and post-judgment interest as allowed and according to proof;

3. For costs of suit including reasonable attorneys' fees and statutory fees, as allowed by law; and

4. For all other relief as this Court may deem just and proper.

///
///
///
///
///
///

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 12 -

1   DATED: March 28, 2016        HODES • MILMAN • LIEBECK, LLP

2

3

4                            BY: _____

                               JEFFREY A. MILMAN, ESQ.

5                                JASON M. CARUSO, ESQ., ATTORNEYS

                               FOR PLAINTIFF, JANE ROE #5

6

7

8   DATED: March 28, 2016        MITTELMAN LAW FIRM

9

10

11                             BY: _____

12                                JOHN R. MITTELMAN, ESQ. ATTORNEY

                               FOR PLAINTIFF, JANE ROE #5

13

14                           **JURY TRIAL DEMAND**

15     Plaintiff demands a trial by jury of all issues so triable in this action.

16

17

18   DATED: March 28, 2016        HODES • MILMAN • LIEBECK, LLP

19

20                             BY: _____

                               JEFFREY A. MILMAN, ESQ.

21                                JASON M. CARUSO, ESQ., ATTORNEYS

                               FOR PLAINTIFF, JANE ROE #5

22

23   DATED: March 28, 2016        MITTELMAN LAW FIRM

24

25

26

27                             BY: _____

                               JOHN R. MITTELMAN, ESQ. ATTORNEY

                               FOR PLAINTIFF, JANE ROE #5

28

JANE ROE #5 , Plaintiff vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. — COMPLAINT

- 13 -

| SUPERIOR COURT OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.):   *Roe 5 v. McGuire* | |

| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA 92101<br>(619) 231-7738 | | |
|---|---|---|
| Attorney for Defendant,<br><br>Defendants, TEMECULA<br>VALLEY HOSPITAL, INC. and<br>UNIVERSAL HEALTH<br>SERVICES, INC. | Hearing Date/Time/Dept<br>Date:<br>Time:<br>Dept:<br>Judge: | Case Number<br>MCC1600259 |

## DECLARATION OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to the action. I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs. My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101. I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. On **June 22, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;
- DECLARATION OF FREDERICK C. BINGHAM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid.

☐ **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service. I then confirmed receipt of the fax.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 22, 2016**, at San Diego, California

Christine Wheeler

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:    (951) 719-1412<br>Fax:   (951) 719-1431<br>Email: JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:    (949) 640-8222<br>Fax:   (949) 336-8114<br>Email: jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:    (619) 233-5565<br>Fax:   (619) 233-5564<br>Email: jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:    (702) 938-3838<br>Fax:   (702) 938-3864<br>Email: MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
| | |

1  Scott D. Buchholz, Esq. – State Bar No. 139979
   Victoria G. Stairs, Esq. – State Bar No. 239257
2  Frederick C. Bingham, Esq. – State Bar No. 292667
3  **DUMMIT, BUCHHOLZ & TRAPP**
   101 W. Broadway, Suite 1400
4  San Diego, California 92101-8122
          (619) 231-7738
5  Fax    (619) 231-0886

6  Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7  HEALTH SERVICES, INC.

8                    SUPERIOR COURT OF CALIFORNIA

9                    FOR THE COUNTY OF RIVERSIDE

10  JANE ROE #5,                          )   Case No. MCC1600259
                                          )
11              Plaintiff,                )   REQUEST FOR JURY TRIAL
                                          )
12        vs.                             )
                                          )
13  JOHN FRANCIS MCGUIRE, M.D.;           )   Dept.: S-303
14  MICHAEL FORRESTER, M.D.;              )   Judge: Hon. Raquel Marquez
    NORTH COUNTY ENT MEDICAL              )
15  GROUP; UNITED HEALTH SERVICES,        )   Trial Date: Not set
    INC.; TEMECULA VALLEY HOSPITAL,       )   Date Action Filed:  March 28, 2016
16  INC.; UNITED HEALTHCARE SERVICES,     )
17  INC.; and DOES 1 through 100, inclusive, )
                                          )
18              Defendants.               )
                                          )
19  _____)

20  TO PLAINTIFF AND HIS/HER ATTORNEY OF RECORD:

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

                              1
                    REQUEST FOR JURY TRIAL

1       PLEASE TAKE NOTICE that Defendants, TEMECULA VALLEY HOSPITAL, INC. and

2  UNIVERSAL HEALTH SERVICES, INC. hereby demand a jury trial in the above-captioned

3  matter, pursuant to California Code of Civil Procedure section 631.

4  DATED:  June 22, 2016                    DUMMIT, BUCHHOLZ & TRAPP

5

6                                                         By: _____

7                                                              Scott D. Buchholz
                                                               Victoria G. Stairs
8                                                              Frederick C. Bingham
                                                            Attorneys for Defendants, TEMECULA
9                                                         VALLEY HOSPITAL, INC. and UNIVERSAL
                                                            HEALTH SERVICES, INC.
10

11  F:\CLIENT\146711 Roe 5\Pld\Req Jury Trial.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Scott D. Buchholz, Esq. – State Bar No. 139979
   Victoria G. Stairs, Esq. – State Bar No. 239257
2  Frederick C. Bingham, Esq. – State Bar No. 292667
3  **DUMMIT, BUCHHOLZ & TRAPP**
   101 W. Broadway, Suite 1400
4  San Diego, California 92101-8122
          (619) 231-7738
5  Fax    (619) 231-0886
6
   Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7  HEALTH SERVICES, INC.

8                    SUPERIOR COURT OF CALIFORNIA

9                    FOR THE COUNTY OF RIVERSIDE

10 JANE ROE #5,                          )   Case No. MCC1600259
                                         )
11               Plaintiff,              )   DECLARATION OF TRIAL COUNSEL
                                         )
12    vs.                                )
                                         )
13 JOHN FRANCIS MCGUIRE, M.D.;           )   Dept.: S-303
14 MICHAEL FORRESTER, M.D.;              )   Judge: Hon. Raquel Marquez
   NORTH COUNTY ENT MEDICAL              )
15 GROUP; UNITED HEALTH SERVICES,        )   Trial Date: Not set
   INC.; TEMECULA VALLEY HOSPITAL,       )   Date Action Filed:  March 28, 2016
16 INC.; UNITED HEALTHCARE SERVICES,     )
17 INC.; and DOES 1 through 100, inclusive, )
                                         )
18               Defendants.             )
                                         )
19 ─────────────────────────────────────

20 I, Scott D. Buchholz, Esq., do hereby declare:

21       1.      I am an attorney at law duly licensed to practice before all of the courts of the State

22 of California.  I am a partner in the law firm of Dummit, Buchholz, & Trapp, counsel of record for

23 Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES,

24 INC.

25       2.      When this matter was assigned to this law firm, it was assigned to Scott D.

26 Buchholz, individually, for all purposes, including trial.

27       3.      Given these circumstances, this declarant, and no other attorney in this law firm,

28 will be available and prepared to try this case.

                                        1
                        DECLARATION OF TRIAL COUNSEL

1        4.     Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL

2  HEALTH SERVICES, INC. have specifically requested that Scott D. Buchholz be the trial

3  attorney and will consent to no other attorney.

4        I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6        Executed this __22__ day of June, 2016, at San Diego, California.

7

8                               _____

9                             Scott D. Buchholz, Esq.

10

11  F:\CLIENT\146711 Roe 5\Pld\Dec Trial Counsel.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.):   *Roe 5 v. McGuire* | |
| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA  92101<br>(619) 231-7738 | |

| Attorney for Defendant,<br><br>Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. | Hearing Date/Time/Dept<br>Date:<br>Time:<br>Dept:<br>Judge: | Case Number<br>MCC1600259 |
|---|---|---|

## DECLARATION OF SERVICE

I, the undersigned, declare that:  I am over the age of 18 years and not a party to the action.  I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs.  My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101.  I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.  On **June 22, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- REQUEST FOR JURY TRIAL; AND
- DECLARATION OF TRIAL COUNSEL

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒      **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☐      **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒      **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 22, 2016**, at San Diego, California

Christine Wheeler

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:    (951) 719-1412<br>Fax:    (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:    (949) 640-8222<br>Fax:    (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:    (619) 233-5565<br>Fax:    (619) 233-5564<br>Email:  jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:    (702) 938-3838<br>Fax:    (702) 938-3864<br>Email:  MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
| | |

1  Scott D. Buchholz, Esq. – State Bar No. 139979
   Victoria G. Stairs, Esq. – State Bar No. 239257
2  Frederick C. Bingham, Esq. – State Bar No. 292667
3  **DUMMIT, BUCHHOLZ & TRAPP**
   101 W. Broadway, Suite 1400
4  San Diego, California 92101-8122
           (619) 231-7738
5  Fax     (619) 231-0886
6
   Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7  HEALTH SERVICES, INC.

8                       SUPERIOR COURT OF CALIFORNIA

9                       FOR THE COUNTY OF RIVERSIDE

10 JANE ROE #5,                          )   Case No. MCC1600259
                                         )
11               Plaintiff,              )   PEREMPTORY CHALLENGE UNDER
                                         )   C.C.P. SECTION 170.6; AND ORDER
12       vs.                             )   THEREON
                                         )
13 JOHN FRANCIS MCGUIRE, M.D.;           )   Dept.:  S-303
14 MICHAEL FORRESTER, M.D.;              )   Judge: Hon. Raquel Marquez
   NORTH COUNTY ENT MEDICAL              )
15 GROUP; UNITED HEALTH SERVICES,        )   Trial Date: Not set
   INC.; TEMECULA VALLEY HOSPITAL,       )   Date Action Filed:  March 28, 2016
16 INC.; UNITED HEALTHCARE SERVICES,     )
17 INC.; and DOES 1 through 100, inclusive, )
                                         )
18               Defendants.             )
                                         )
19 _____)

20        I, Scott D. Buchholz, am an attorney for a party in the above-entitled case and declare that

21 Hon. Raquel Marquez, the judge to whom this case is assigned, is prejudiced against the party or

22 the party's attorney or the interests of the party or the party's attorney such that the said party

23 believes that a fair and impartial trial or hearing cannot be had before such judge.

24        WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully

25 request that this court issue its order reassigning said case to another, and different, judge for

26 further proceedings.

27 / / /

28 / / /

                                         1
            PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6; AND ORDER THEREON

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3    Executed this 2̲2̲ day of June, 2016, at San Diego, California.

4

5    _____

6    Scott D. Buchholz, Esq.

7    * * * * * * * * * * * * * * * * * * * * * * * * * *

8    **ORDER OF THE COURT**

9

10   Defendant's request for an order reassigning the above-captioned case to another, and

11   different, judge for further proceedings has been:

12

13   _____ GRANTED          This case is referred to Presiding/Supervising Department for

14                            reassignment and a notice will be mailed to counsel.

15

16   _____ DENIED

17   DATED: _____      _____

18                                      JUDGE OF THE SUPERIOR COURT

19   _____

20   **FOR OFFICE USE ONLY**

21

22   This case has been reassigned to Judge _____ per

23   Presiding/Supervising Judge _____ on _____.

24

25

26   F:\CLIENT\146711 Roe 5\Pld\Peremptory Challenge.docx

27

28

2

PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6; AND ORDER THEREON

| SUPERIOR COURT OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.):   ***Roe 5 v. McGuire*** | |
| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA  92101<br>(619) 231-7738 | |

| Attorney for Defendant,<br><br>Defendants, TEMECULA<br>VALLEY HOSPITAL, INC. and<br>UNIVERSAL HEALTH<br>SERVICES, INC. | Hearing Date/Time/Dept<br>Date:<br>Time:<br>Dept:<br>Judge: | Case Number<br>MCC1600259 |
|---|---|---|

## DECLARATION OF SERVICE

I, the undersigned, declare that:  I am over the age of 18 years and not a party to the action.  I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs.  My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101.  I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.  On **June 22, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6; AND ORDER THEREON

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒ **(BY MAIL)**  I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☐ **(BY PERSONAL SERVICE VIA FACSIMILE)**  I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒ **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 22, 2016**, at San Diego, California

Christine Wheeler

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:     (951) 719-1412<br>Fax:     (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:     (949) 640-8222<br>Fax:     (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:     (619) 233-5565<br>Fax:     (619) 233-5564<br>Email: jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:     (702) 938-3838<br>Fax:     (702) 938-3864<br>Email:  MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
|  |  |

JUN 23 2016

1   Scott D. Buchholz, Esq. – State Bar No. 139979
    Victoria G. Stairs, Esq. – State Bar No. 239257

2   Frederick C. Bingham, Esq. – State Bar No. 292667

3   **DUMMIT, BUCHHOLZ & TRAPP**
    101 W. Broadway, Suite 1400

4   San Diego, California 92101-8122
         (619) 231-7738

5   Fax    (619) 231-0886

6   Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL

7   HEALTH SERVICES, INC.

8                  SUPERIOR COURT OF CALIFORNIA

9                  FOR THE COUNTY OF RIVERSIDE

**RECEIVED** SUPERIOR **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE 2016 JUN 23 PM 12:56 JUN 30 2016 DEPUTY ____ A. Behrmann

| | |
|---|---|
| 10  JANE ROE #5, | )  Case No. MCC1600259 |
| 11           Plaintiff, | )  PEREMPTORY CHALLENGE UNDER |
| 12      vs. | )  C.C.P. SECTION 170.6; AND ORDER<br>)  THEREON |
| 13  JOHN FRANCIS MCGUIRE, M.D.; | ) |
| 14  MICHAEL FORRESTER, M.D.; | )  Dept.: S-303<br>)  Judge: Hon. Raquel Marquez |
| 15  NORTH COUNTY ENT MEDICAL<br>GROUP; UNITED HEALTH SERVICES, | )<br>)  Trial Date: Not set |
| 16  INC.; TEMECULA VALLEY HOSPITAL,<br>INC.; UNITED HEALTHCARE SERVICES, | )  Date Action Filed: March 28, 2016<br>) |
| 17  INC.; and DOES 1 through 100, inclusive, | ) |
| 18           Defendants. | ) |
| 19 | |

20       I, Scott D. Buchholz, am an attorney for a party in the above-entitled case and declare that

21   Hon. Raquel Marquez, the judge to whom this case is assigned, is prejudiced against the party or

22   the party's attorney or the interests of the party or the party's attorney such that the said party

23   believes that a fair and impartial trial or hearing cannot be had before such judge.

24       WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully

25   request that this court issue its order reassigning said case to another, and different, judge for

26   further proceedings.

27   ///

28   ///

1   I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.

3   Executed this 22 day of June, 2016, at San Diego, California.

4

5   _____

6   Scott D. Buchholz, Esq.

7   * * * * * * * * * * * * * * * * * * * * * * * * * * *

8   ### ORDER OF THE COURT

9

10   Defendant's request for an order reassigning the above-captioned case to another, and

11   different, judge for further proceedings has been:

12

13   ___ GRANTED      This case is referred to Presiding/Supervising Department for

14                    reassignment and a notice will be mailed to counsel.

15

16   ___ DENIED

17   DATED: 6·28·16 _____

18                    JUDGE OF THE SUPERIOR COURT

19                    **Angel Bermudez**

20   ### FOR OFFICE USE ONLY

21

22   This case has been reassigned to Judge _____ per

23   Presiding/Supervising Judge _____ on _____.

24

25

26   F:\CLIENT\146711 Roe 5\Pld\Peremptory Challenge.docx

27

28

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | |

| Title of Case (Abbr.):   ***Roe 5 v. McGuire*** | |
|---|---|

| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA  92101<br>(619) 231-7738 | | |
|---|---|---|

| Attorney for Defendant,<br><br>Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. | Hearing Date/Time/Dept<br><br>Date:<br>Time:<br>Dept:<br>Judge: | Case Number<br>MCC1600259 |
|---|---|---|

## DECLARATION OF SERVICE

      I, the undersigned, declare that:  I am over the age of 18 years and not a party to the action.  I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs.  My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101.  I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.  On **June 22, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6; AND ORDER THEREON

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒    **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☐    **(BY PERSONAL SERVICE VIA FACSIMILE)**  I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 22, 2016**, at San Diego, California

Christine Wheeler

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:     (951) 719-1412<br>Fax:     (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:     (949) 640-8222<br>Fax:     (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:     (619) 233-5565<br>Fax:     (619) 233-5564<br>Email: jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:     (702) 938-3838<br>Fax:     (702) 938-3864<br>Email:  MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
|  |  |

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
    (619) 231-7738
5 | Fax    (619) 231-0886

6 | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 |                      SUPERIOR COURT OF CALIFORNIA

9 |                      FOR THE COUNTY OF RIVERSIDE

10 | JANE ROE #5,                              )    Case No. MCC1600259
                                              )
11 |                 Plaintiff,               )    NOTICE OF HEARING DATE ON
                                              )    DEFENDANT'S MOTION TO STRIKE
12 |          vs.                             )    PORTIONS OF PLAINTIFF'S COMPLAINT
                                              )
13 | JOHN FRANCIS MCGUIRE, M.D.;              )
14 | MICHAEL FORRESTER, M.D.;                 )    Date:   July 26, 2016
     NORTH COUNTY ENT MEDICAL                 )    Time:   8:30 a.m.
15 | GROUP; UNITED HEALTH SERVICES,           )    Dept.:  S303
     INC.; TEMECULA VALLEY HOSPITAL,          )    Judge: Hon. Raquel Marquez
16 | INC.; UNITED HEALTHCARE SERVICES,        )
17 | INC.; and DOES 1 through 100, inclusive, )    Trial Date: Not set
                                              )    Date Action Filed: March 28, 2016
18 |                 Defendants.              )
                                              )
19 |

20 |         PLEASE TAKE NOTICE that on July 26, 2016 at 8:30 a.m., or as soon thereafter as the

21 | matter may be heard in Department S303of the above-entitled Court, located at 30755-D Auld

22 | Rd., Suite 1226, Murrieta, California 92563, Defendants, TEMECULA VALLEY HOSPITAL,

23 | INC. and UNIVERSAL HEALTH SERVICES, INC., will move this Court to strike Plaintiff's

24 | causes of action for negligence and negligent hiring, training, and supervision from the Complaint.

25 |         This motion is based on this notice, Memorandum of Points and Authorities, Declaration

26 | of Frederick C. Bingham, and all other papers, documents and records on file herein.

27 |         The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

28 | court day prior to the hearing. Tentative rulings will be available on the internet or by calling

                                                    1
        NOTICE OF HEARING DATE ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

1 | (760) 904-5722. To view go to: http://www.riverside.courts.ca.gov and click on the tentative

2 | ruling link. The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

3 | court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

4 | the court. The notice of intent to appear must be given either in person or by telephone. Where

5 | notice of intent to appear has been properly given, or upon direction of the Court, oral argument

6 | will be permitted.

7

8 | DATED: June 30, 2016                        DUMMIT, BUCHHOLZ & TRAPP

9

10                                              By:

11                                                  Scott D. Buchholz

12                                                  Victoria G. Stairs
                                                   Frederick C. Bingham
13                                                 Attorneys for Defendants, TEMECULA
                                                   VALLEY HOSPITAL, INC. and UNIVERSAL
14                                                 HEALTH SERVICES, INC.

15 | F:\CLIENT\146711 Roe 5\Pld\MTS\Notice of Hearing Date.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               2

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
      (619) 231-7738
5 | Fax    (619) 231-0886

6 | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 | SUPERIOR COURT OF CALIFORNIA

9 | FOR THE COUNTY OF RIVERSIDE

10 | JANE ROE #5,                                    ) Case No. MCC1600259
                                                     )
11 |                   Plaintiff,                     ) NOTICE OF HEARING DATE ON
                                                     ) DEFENDANT'S DEMURRER TO
12 |         vs.                                      ) PLAINTIFF'S COMPLAINT
                                                     )
13 |                                                 )
      JOHN FRANCIS MCGUIRE, M.D.;                    )
14 | MICHAEL FORRESTER, M.D.;                        ) Date:   July 26, 2016
      NORTH COUNTY ENT MEDICAL                       ) Time:  8:30 a.m.
15 | GROUP; UNITED HEALTH SERVICES,                  ) Dept.: S303
      INC.; TEMECULA VALLEY HOSPITAL,               ) Judge: Hon. Raquel Marquez
16 | INC.; UNITED HEALTHCARE SERVICES,              )
17 | INC.; and DOES 1 through 100, inclusive,        ) Trial Date: Not set
                                                     ) Date Action Filed:  March 28, 2016
18 |                   Defendants.                    )
                                                     )
19 |

20 |         PLEASE TAKE NOTICE that on July 26, 2016 at 8:30 a.m., or as soon thereafter as the

21 | matter may be heard in Department S303 of the above-entitled Court, located at 30755-D Auld

22 | Rd., Suite 1226, Murrieta, California 92563, Defendants, TEMECULA VALLEY HOSPITAL,

23 | INC. and UNIVERSAL HEALTH SERVICES, INC., will move this Court for dismissal of

24 | Plaintiff's causes of action for gender violence and sexual harassment by a physician.

25 |         This motion is based on this notice, Memorandum of Points and Authorities, Declaration

26 | of Frederick C. Bingham, and all other papers, documents and records on file herein.

27 |         The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

28 | court day prior to the hearing. Tentative rulings will be available on the internet or by calling

1
NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT

1   (760) 904-5722. To view go to: http://www.riverside.courts.ca.gov and click on the tentative

2   ruling link. The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

3   court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

4   the court. The notice of intent to appear must be given either in person or by telephone. Where

5   notice of intent to appear has been properly given, or upon direction of the Court, oral argument

6   will be permitted.

7

8   DATED: June __30__, 2016                  DUMMIT, BUCHHOLZ & TRAPP

9

10                                   By:

11                                    Scott D. Buchholz
                                      Victoria G. Stairs

12                                       Frederick C. Bingham
                                      Attorneys for Defendants, TEMECULA

13                                       VALLEY HOSPITAL, INC. and UNIVERSAL

14                                       HEALTH SERVICES, INC.

15   F:\CLIENT\146711 Roe 5\Pld\Demurrer\Notice of Hearing Date.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | | FOR COURT USE ONLY |
|---|---|---|
| Title of Case (Abbr.):   *Roe 5 v. McGuire* | | |
| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA  92101<br>(619) 231-7738 | | |
| Attorney for Defendant,<br><br>Defendants, TEMECULA<br>VALLEY HOSPITAL, INC. and<br>UNIVERSAL HEALTH<br>SERVICES, INC. | Hearing Date/Time/Dept<br><br>Date:<br>Time:<br>Dept:<br>Judge: | Case Number<br>MCC1600259 |

## DECLARATION OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to the action. I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs. My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101. I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. On **June 30, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- NOTICE OF HEARING DATE ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT
- NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☐   **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☒   **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 30, 2016**, at San Diego, California

Joni Northcutt

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:    (951) 719-1412<br>Fax:    (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:    (949) 640-8222<br>Fax:    (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:    (619) 233-5565<br>Fax:    (619) 233-5564<br>Email:  jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:    (702) 938-3838<br>Fax:    (702) 938-3864<br>Email:  MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
| | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF RE-ASSIGNMENT TO DEPARTMENT FOR ALL PURPOSES

JANE ROE #5

    vs.               CASE NO.  MCC1600259

JOHN FRANCIS MCGUIRE MD

TO:  WEINBERG WHEELER HUDGINS GUNN & DIAL
     6385 S. RAINBOW BLVD #400
     LAS VEGAS NV 89118

Case Re-Assigned to Department 01 for Case Management Purposes.

The above-entitled case has been reassigned to the HONORABLE
Judge Gloria Connor Trask in Department 01 for all purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed
in accordance with that section.

If this case is assigned to a Commissioner and a party does not
stipulate to the hearing of law and motion matters by the
Commissioner, that party must file a notice of non-stipulation within
ten (10) days of the date of this notice. Failure to file such
notice shall be deemed acceptance of the department assignment.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California,County of Riverside and I am not a party to this action
or proceeding.In my capacity,I am familiar with the practices and
procedures used in connection with the mailing of correspondence.Such
correspondence is deposited in the outgoing mail of the Superior Court
Outgoing mail is delivered to and mailed by the United States Postal
Service,postage prepaid,the same day in the ordinary course of
business.I certify that I served a copy of the foregoing Notice of
Assignment to Trial Department on this date,by depositing said copy
as stated above.

Date:  06/30/16        Court Executive Officer/Clerk

              By_____Deputy Clerk
                ANGELA M BEHRMANN

ac:cia,cat2,cat7
mc:cat8,catn

1  John R. Mittelman, Esq. SBN 133209
   **MITTELMAN LAW FIRM**
2  27349 Jefferson Avenue
   Suite 105
3  Temecula, CA 92590
   Tel:   (951) 719-1412
4  Fax:   (951) 719-1431
   JohnMittelman@gmail.com
5
   Jeffrey A. Milman, Esq., SBN 99072
6  Jason M. Caruso, Esq., SBN 287809
   **HODES MILMAN LIEBECK, LLP**
7  9210 Irvine Center Drive
   Irvine, CA 92618-4661
8  Tel:  (949) 640-8222
   Fax:  (949) 336-8114
9  jcaruso@hml-lawyers.com

10

11 Attorneys for Plaintiff,  JANE ROE #5

12           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13        **COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

14

15 JANE ROE #5,                        )   CASE NO.:  MCC 1600259
                                       )   Dept. No.: S303
16          Plaintiff,                 )   Judge: Hon. Raquel A. Marquez
                                       )
17      v.                             )   **PLAINTIFF'S OPPOSITION TO**
                                       )   **DEFENDANT NORTH COUNTY ENT**
18                                     )   **MEDICAL GROUP'S DEMURRER TO**
   JOHN FRANCIS MCGUIRE, M.D.;         )   **PLAINTIFF'S COMPLAINT**
19 MICHAEL FORRESTER, M.D.; NORTH      )
   COUNTY ENT MEDICAL GROUP, AN        )
20 ENTITY OF UNKNOWN FORM; UNITED      )   Date: July 14, 2016
   HEALTH SERVICES, INC., A            )   Time: 8:30 a.m.
21 PENNSYLVANIA CORPORATION;           )   Dept.: S303
   TEMECULA VALLEY HOSPITA, INC., A    )
22 CALIFORNIA CORPORATION; UNITED      )
   HEALTHCARE SERVICES, INC., A        )
23 CALIFORNIA CORPORATION, and DOES    )
24 1 THROUGH 100, INCLUSIVE,           )
                                       )
25                                     )
          Defendants.                  )
26                                     )
                                       )
27

28

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT NORTH COUNTY ENT MEDICAL GROUP'S
DEMURRER TO PLAINTIFF'S COMPLAINT**
- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION.

Plaintiff JANE ROE #5 submits the following Opposition to Defendant NORTH COUNTY ENT MEDICAL GROUP'S ("NCENT") Demurrer to Plaintiff's Complaint. Plaintiff's Complaint is well-pled and sufficient as a matter of law.  NCENT's Demurrer should be overruled in its entirety.[1]

## II.   ARGUMENT.

A complaint must contain only "a statement of the facts constituting the cause of action, in ordinary and concise language." (*Code of Civ. Proc.* § 425.10.)  "[T]he complaint need only allege facts sufficient to state a cause of action [*i.e.*, ultimate facts]; each evidentiary fact that might eventually form part of the plaintiff's proof need not be alleged." (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 872.)  The complaint need only "contain sufficient facts to apprise the defendant of the basis upon which the plaintiff is seeking relief." (*Perkins v. Super. Ct.* (1981) 117 Cal.App.3d 1, 6.)  Even less particularity is required as to matters which the Defendants necessarily has superior knowledge, including issues of notice and intent. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 549-50.)  This doctrine is especially applicable in sexual misconduct cases. (*Id.* at p. 550.)  Fundamentally, fair notice is the test: a plaintiff need only plead such facts as are necessary to "acquaint a defendant with the nature, source, and extent of [her] claims." (*Ibid.*)

A demurrer admits the truth of all ultimate facts alleged in the complaint, no matter how unlikely. (*Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 966-67.)  A demurrer challenges only defects that appear on the face of the pleading, or from matters outside the pleading that are judicially noticeable. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  No other extrinsic evidence is appropriately raised by demurrer, and it is error to consider such extrinsic facts in ruling on the demurrer. (*Ion Equip. Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 881.)  Given the early stage of discovery, even conclusory and contradictory allegations of agency are appropriate, and create

---

[1] Plaintiff and Defendant have agreed that Plaintiff's Opposition may be filed and served today without objection.  Given NCENT's Demurrer raises near identical issues as those in the other related *Jane Roe v. McGuire* cases, Plaintiff submits there is no prejudice to Defendant in the late submission of this Opposition.

1   vicarious liability for the agent's principal. (*Richard H. v. Larry D.* (1988) 198 Cal.App.3d 591,

2   596; *Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 451.)

3      a.      **Plaintiff's Complaint States A Cause of Action for Harassment Against**

4              **NCENT.**

5      NCENT's Demurrer misses the mark by solely focusing on whether Defendant

6   MCGUIRE was acting in the course and scope of his agency with NCENT during the sexual

7   abuse that is the subject of Plaintiff's Complaint. (Demurrer, pp. 5-6.)  Plaintiff's Complaint

8   clearly and adequately alleges that NCENT is independently liable for MCGUIRE's harassment

9   on an aiding and abetting theory.[2]  To make NCENT liable as an aider and abettor, Plaintiff must

10  plead and prove the following: 1) that NCENT knew that MCGUIRE would sexually assault

11  Plaintiff; 2) that NCENT provided substantial assistance or encouragement to MCGUIRE; and 3)

12  that NCENT conduct was a substantial factor in subjecting Plaintiff to harm. (CACI No. 3610;

13  *Casella v. SouthWest Dealer Services, Inc.* (2007) 157 Cal.App.4th 1127, 1140–41.)  Plaintiff

14  has pled facts as to each of these elements, specifically that NCENT and others continued to

15  refer patients to MCGUIRE, provided him examination rooms in which to engage in misconduct,

16  permitted him to continue to practice under and/or associated with the ENTITY Defendants'

17  names and masthead, and failed to warn prospective patients that they could or would be victims

18  of MCGUIRE's misconduct. (Complaint, ¶¶ 11-14.)  The aiding and abetting theory is not

19  addressed in NCENT's Demurrer, and any argument as to it is waived.

20     As to the foreseeability question, the entirety of NCENT's argument is based on extrinsic

21  evidence as to the scope of MCGUIRE's agency with NCENT.  Such questions of fact are not

22  resolvable on demurrer. (*Blank, supra,* 39 Cal.3d at p. 318.)  The Court will note that none of

23  the cases cited by NCENT in this section involve consideration of a demurrer. (*Lisa M. v. Henry*

24  *Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291 (summary judgment granted as to

---

27  [2] Corporate entities can be held liable under *Civil Code* section 51.9 because a corporation is a

28  person under *Civil Code* section 14.  (*C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal. App.4th

    1094.)

1    vicarious liability) and *John Y. Chaparral Treatment Center, Inc.* (2001) 101 Cal.App.4th 565

2    (addressing trial court's decision to refuse to instruct jury on vicarious liability after trial).)  All

3    of Defendants' cited cases therefore do not support the granting of NCENT's demurrer in light of

4    the mandatorily-deemed-true allegations of Plaintiff's Complaint: namely, that Defendant

5    MCGUIRE perpetrated his sexual assaults of Plaintiff in the course and scope of his agency with

6    NCENT. (Complaint, ¶ 15.)  Given that "sexual assaults are not per se beyond the scope of

7    every employment[,]" NCENT cannot avoid liability here as a matter of law, and therefore its

8    Demurrer cannot stand. (*John Y., supra*, 101 Cal.App.4th at p. 575.)   Since the question

9    whether a particular assault was "generated by, or [was] an outgrowth of, [one's] workplace

10   responsibilities, conditions or events" is one of fact, NCENT's Demurrer on the issue of

11   vicarious liability cannot be sustained. (*Id.* at p. 576.)

12        *Lisa M.* is in any event clearly distinguishable on its facts.  In that case, a hospital

13   ultrasound technician molested the plaintiff during an examination. (*Lisa M., supra*, 12 Cal.4th

14   at p. 295.)  That plaintiff had no prior medical relationship with the technician, who was not a

15   physician.  Furthermore, the plaintiff and the technician did not have the fiduciary relationship

16   created between patient and physician. (*Stafford v. Shultz* (1954) 42 Cal.2d 767, 778.)  Very

17   similar allegations against a physician and its employer for sexual misconduct have been held

18   good against a demurrer, and should be held so here. (*Richard H. v. Larry D.* (1988) 198

19   Cal.App.3d 591, 596.)  The difference in outcome here arises from the close fiduciary

20   relationship between physician and patient, which is lacking from those cases where sexual

21   misconduct was found to be outside the scope of the agent's employment.

22        NCENT is also responsible for MCGUIRE's conduct by ratifying it after it occurred.

23   That theory of liability is expressly and adequately pled.  Plaintiff plainly alleges that NCENT

24   and other Defendants ratified MCGUIRE's conduct by "allowing MCGUIRE to continue

25   treating Plaintiff and other female patients, despite the fact the ENTITY Defendants were either

26   actually aware, or reasonably should have been aware that MCGUIRE was abusing and

27

28

1    exploiting Plaintiff and other female patients;  that he had a history of inappropriate behavior

2    towards and committing sexually offensive acts against his female patients;  and that he had a

3    history of abusing and harassing women." (Complaint, ¶ 50.)

4         As to the sufficiency of Plaintiff's allegations, *Civil Code* section 51.9 provides a remedy

5    for sexual harassment that is pervasive *or* severe. (*Hughes v. Pair* (2009) 46 Cal.4th 1035,

6    1049.) "[A]n isolated incident of harassing conduct may qualify as severe when it consists of a

7    *physical* assault or the threat thereof." (*Id.* at p. 1049 (emphasis in original, quotes omitted).)

8    Plaintiff JANE ROE #5 alleges she was sexually assaulted by MCGUIRE while she was

9    anesthetized for a sinus procedure and thereafter. (Complaint, ¶¶15-22.)  There can be no

10   question such conduct is a severe physical assault, and that the behavior as pled is a sexual

11   battery as that crime is defined at *Penal Code* section 243.4.  The fact Plaintiff may have

12   reluctantly consented to some of the conduct based on a pretext does not change this result, for a

13   fraudulently obtained consent is a nullity. (*Ashcraft v. King* (1991) 228 Cal.App.3d 604, 609–

14   10.)  In addition, Plaintiff was unable to easily terminate her relationship with MCGUIRE.

15   (Complaint, ¶ 27.)  This allegation is substantiated by the fact Plaintiff was admitted to the

16   hospital during these assaults, and remained under MCGUIRE's care throughout her admission.

17   (Complaint, ¶¶15-22.)

18

19        **b.     Plaintiff's Third Cause of Action for Violation of the Unruh Civil Rights Act**

20              **Is Validly Pled.**

21        By their Third Cause of Action, Plaintiff JANE ROE #5 pleads violations of the Unruh

22   Civil Rights Act, codified at *Civil Code* section 51 and 52.  The Act proscribes intentional

23   conduct that denies someone full and equal services because of sex.  Liability is established upon

24   proof that 1) a business denied or aided the denial of full and equal services; 2) that a reason for

25   the conduct was the victim's sex; 3) that the victim was harmed thereby; and 4) that the conduct

26   was a substantial factor in causing the victim's harm. (*See* CACI No. 3060—Unruh Civil Rights

27   Act—Essential Factual Elements.)

28

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT NORTH COUNTY ENT MEDICAL GROUP'S
DEMURRER TO PLAINTIFF'S COMPLAINT**

1      Plaintiff incorporates into this cause of action all preceding allegations of the Complaint,

2  which includes her individual story of her victimization.  (Complaint, ¶ 40.)  In addition, Plaintiff

3  alleges NCENT failed to provide or apply the same level of scrutiny to physicians to whom they

4  referred Plaintiff and other female patients as they did to those to whom they referred male

5  patients.  Plaintiff further alleges NCENT would not have referred male patients to a physician

6  that targeted for unconsented sexual advances male patients as MCGUIRE did with Plaintiff and

7  other female patients.  Plaintiff was harmed as a result.  (Complaint, ¶¶ 41-45.)  Plaintiff's

8  allegations are therefore fully sufficient and NCENT's Demurrer to this cause of action should

9  not be sustained.

10      **c.**   **Plaintiff's Fourth Cause of Action for Gender Violence Is Adequately Pled.**

11      NCENT  does not apparently dispute that Plaintiff has legally sufficiently pled that she

12  was subjected to acts of gender violence.  NCENT only disputes whether it can be held

13  responsible as a corporate entity for such conduct.  NCENT relies on *Civil Code* section

14  52.4(2)(d), which provides: "Notwithstanding any other laws that may establish the liability of

15  an employer for the acts of an employee, this section does not establish any civil liability of a

16  person because of his or her status as an employer, unless the employer personally committed an

17  act of gender violence."  This statute by its plain language does *not* bar any other species of

18  liability, e.g. where a corporate defendant aids and abets another's acts of gender violence.

19  Given the plain meaning and intent of the statute is clear—to relieve the corporate defendant of

20  pure vicarious liability based on the employer-employee relationship for its employees' acts of

21  gender violence—any other type of vicarious or direct liability is permitted.  This Court will not

22  re-write a clear statute to include terms not included therein—specifically, this Court will not

23  infer further limitations on the reach of *Civil Code* 52.4.  (*Burden v. Snowden* (1992) 2 Cal.4th

24  556, 562.)

25      As discussed above, Plaintiff alleges that NCENT is liable for aiding and abetting

26  MCGUIRE's harassment of Plaintiff.  (See Complaint, ¶¶ 11-14 and section II.a *supra*.)  Those

27  above arguments are incorporated herein for economy.  *Civil Code* section 52.4's reference to the

1   employer's personal commitment of the offending act is unhelpful: again, corporate entities are

2   considered persons under *Civil Code* section 14 and to the extent NCENT independently aided

3   and abetted MCGUIRE's harassment of Plaintiff, NCENT can be held liable as a person would

4   be in the same situation.  (*C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal. App.4th 1094.)  Such

5   is clearly consistently with the plain language and underlying intent of *Civil Code* section 52.4.

6   **III.**   **CONCLUSION.**

7          For all the foregoing reasons, Defendant NCENT's Demurrer should be sustained in no

8   respect.  Plaintiff requests leave to amend if the Court requires any further specificity in

9   pleading.

10

11

12   DATED: JULY 5, 2016                    **HODES • MILMAN • LIEBECK, LLP**

13

14                                         BY:_____

15                                            JEFFREY A. MILMAN, ESQ.
                                              JASON M. CARUSO, ESQ.
16                                            ATTORNEYS FOR PLAINTIFF,
                                              JANE ROE #5
17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT NORTH COUNTY ENT MEDICAL GROUP'S**
**DEMURRER TO PLAINTIFF'S COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action; my business address is 9210 Irvine Center Drive, Irvine, California 92618.

On July 5, 2016, I served a copy, with all exhibits and attachments, of the foregoing document described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT NORTH COUNTY ENT MEDICAL GROUP'S DEMURRER TO PLAINTIFF'S COMPLAINT** on the party or parties named below, by placing a true copy thereof enclosed in sealed envelopes, and sent as follows:

| | |
|---|---|
| John R. Mittelman, Esq.<br>Mittelman Law Firm<br>27349 Jefferson Avenue, Suite 105<br>Temecula, CA 92590<br>(951)719-1412; Fax: (951)719-1431 | **Co-Counsel for Plaintiffs, JANE ROE** |
| Richard D. Carroll, Esq.<br>Daniel A. Cooper, Esq.<br>Carroll, Kelly, Trotter, Franzen, McKenna & Peabody<br>225 Broadway, #1575<br>San Diego, CA 92101 | Attorneys for Defendant JOHN FRANCIS MCGUIRE, M.D. |
| Rosemary Missisian, Esq.<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>6385 South Rainbow Boulevard, Suite 400<br>Las Vegas, NV 89118<br>(702)938-3838; Fax: (702)938-3864<br>Cmichel@wwhgd.com | Attorneys for Defendant UNITED HEALTHCARE SERVICES, INC. |
| Jeffrey S. Doggett, Esq.<br>Lotz, Doggett & Rawers, LLP<br>101 West Broadway, Suite 110<br>San Diego, CA 92101<br>(619) 233-5565; Fax: (619) 233 5564<br>jdoggett@ldrlaw.com | Attorneys for Defendants, NORTH COUNTY ENT MEDICAL GROUP and MICHAEL FORRESTER, M.D. |
| Scott D. Buchholz, Esq.<br>Dummit, Buchholz & Trapp<br>101 West Broadway, Suite 1400<br>San Diego, CA 92101 | Attorneys for Defendants, UNIVERSAL HEALTH SERVICES, INC., and TEMECULA VALLEY HOSPITAL, INC., a |

[X]   **BY FIRST CLASS MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary court of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

---

1

[X]    BY EMAIL: To the email addresses on file for counsel of record in this action.  An error message was not received within a reasonable amount of time after service.

2

3

[X]    STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 5, 2016, at Irvine, California.

6

7

JASON M. CARUSO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT NORTH COUNTY ENT MEDICAL GROUP'S DEMURRER TO PLAINTIFF'S COMPLAINT**

- 9 -

**LOTZ, DOGGETT & RAWERS, LLP**
1   **JEFFREY S. DOGGETT, ESQ.**, State Bar No. 147234
2   **LAUREN E. HARDISTY, ESQ.**, State Bar No. 258531
    101 West Broadway, Suite 1110
3   San Diego, California 92101
    Telephone (619) 233-5565
4   Facsimile  (619) 233-5564

5   Attorneys for Defendant,  NORTH COUNTY ENT
    MEDICAL GROUP
6

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF RIVERSIDE**

10

| | |
|---|---|
| 11   JANE ROE #5, an individual, | CASE NO.: MCC1600259 |
| 12       Plaintiff, | **[IMAGED FILE]** |
| 13   v. | **DEFENDANT, NORTH COUNTY ENT** |
| | **MEDICAL GROUP'S REPLY IN** |
| 14   JOHN FRANCIS MCGUIRE, M.D.; | **SUPPORT OF DEMURRER TO** |
|     MICHAEL FORRESTER, M.D.; NORTH | **PLAINTIFF'S COMPLAINT** |
| 15   COUNTY ENT MEDICAL GROUP, AN | |
|     ENTITY OF UNKNOWN FORM; UNITED | DEPT.      :       1 |
| 16   HEALTH SERVICES, INC., A | JUDGE    :     Hon. Gloria Trask |
|     PENNSYLVANIA CORPORATION; ; | DATE      :     July 13, 2016 |
| 17   TEMECULA VALLEY HOSPITAL, INC., A | TIME      :     8:30 a.m. |
|     CALIFORNIA CORPORATION; UNITED | |
| 18   HEALTHCARE SERVICES, INC., A | |
|     CALIFORNIA CORPORATION and DOES 1 | |
| 19   through 100, INCLUSIVE, | Action Filed   :     3/28/2016 |
| 20       Defendants. | |

21

22       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23         **COMES NOW,** Defendant NORTH COUNTY ENT MEDICAL GROUP, and hereby submits

24   this Reply in support of its Demurrer to Plaintiff's Complaint.

25                            **I.**

26      **PLAINTIFF'S FIRST CAUSE OF ACTION IS INSUFFICIENT**

27       Plaintiff argues that NCENT failed to address the issue of "aiding and abetting" in its

28   Demurrer and should therefore be barred from making any argument regarding the same in its Reply.

                REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT

**LOTZ, DOGGETT & RAWERS LLP**
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

1 Plaintiff is mistaken.  Defendant argued that Plaintiff did not allege facts sufficient to maintain any

2 theory of direct liability as to NCENT, regardless of the basis.  The recovery Plaintiff seeks in her

3 Complaint is for remedies available pursuant to *Civil Code* §52(b) for alleged violations of *Civil Code*

4 §51.9.  With respect to NCENT, the language upon which Plaintiff is relying is as follows, "[w]hoever

5 denies the right provided by Sections 51.7 or 51.9, **or aids**, incites, or conspires in that denial, is liable

6 for each and every offense..." *Civil Code* §52(b), **Emphasis** added.  Therefore, Plaintiff must plead

7 and prove facts sufficient to establish that Dr. McGuire violated *Civil Code* §51.9 **and** that NCENT

8 aided him as the term "aid" is defined and used in *Civil Code* §52.  As stated in Defendant's

9 Demurrer, and as more specifically set forth below in reply to the issues raised in Plaintiff's

10 Opposition, Plaintiff has failed to do so.

11      In order to recover damages pursuant to *Civil Code* §52(b), Plaintiff must establish intentional

12 conduct on the part of NCENT.  The California Supreme Court, in interpreting the language "aids, or

13 incites" as it is used in *Civil Code* §52, held that in order to recover under that section, the conduct

14 must be intentional.  *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1172.  The

15 *Harris* Court provided the following reasoning:

16          Several aspects of the foregoing language point to an emphasis on
intentional discrimination.  The references to "aiding" and
17          "inciting...and to the commission of an "offense" imply willful,
affirmative misconduct on the part of those who violate the Act.
18          Moreover, the damages provision allowing for an exemplary damages
award...with a stated minimum amount reveals a desire to punish
19          intentional and morally offensive conduct.  *Id.*

20      CACI 3610 also makes clear that intentional conduct on the part of NCENT is required to

21 establish liability.  "California courts have long held that liability for aiding and abetting depends on

22 proof the defendant had **actual knowledge of the specific primary wrong the defendant**

23 **substantially assisted**...The words 'aid and abet' as thus used have a well understood meaning, and

24 may fairly be construed to imply an intentional participation *with knowledge of the object to be*

25 *attained.*"  *Upasani v. State Farm General Ins. Co.* (2014) 227 Cal.App.4th 509, 519, internal

26 citations omitted.  Mere knowledge of Dr. McGuire's intentions and the failure to prevent the same

27 does not constitute aiding and abetting. [CACI 3610] "In the civil arena, an aider and abettor is called

28 a cotortfeasor. ...A defendant can only be held liable as a cotortfeasor if he or she knew that a tort had

**REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT**

-2-

1    been, or was to be, committed, and acted *with the intent of facilitating the commission of that tort.*"

2    *Casey v. U.S. Bank Nat. Assn* (2005) 127 Cal.App.4th 1138, 1146.

3         In order to be held liable for aiding and abetting, Plaintiff must plead and prove that NCENT

4    knew Dr. McGuire had or intended to sexually harass Plaintiff, **and acted with the intent of helping**

5    **Dr. McGuire sexually harass Plaintiff**.  Plaintiff has failed to allege facts sufficient to establish

6    NCENT intended to help Dr. McGuire sexually harass Plaintiff.  Plaintiff alleges that the Entity

7    Defendants, generally, had knowledge of Dr. McGuire's pattern, practice and/or history of engaging

8    in sexually inappropriate, offensive and flirtatious conduct and of making unwelcome sexual advances

9    while performing examinations of his female patients. (CPT., ¶12.) Plaintiff further alleges that the

10   Entity Defendants continued to refer female patients to Dr. McGuire and or provide him with office

11   and examination rooms. (CPT., ¶13.) These allegations are insufficient to establish intent on the part

12   of NCENT.  Additionally, and more importantly, the specific factual allegations make it clear that

13   NCENT did not aid and abet Dr. McGuire.

14        Plaintiff specifically alleges that on April 30, 2015, Dr. McGuire performed a thyroidectomy

15   at Temecula Valley Hospital. (CPT., ¶15.) Plaintiff then alleges, on information and belief, that Dr.

16   McGuire sexually assaulted her while she was anaesthetized. (CPT., ¶17.) Following the procedure,

17   Plaintiff was placed in a private room. (CPT., ¶16.)  Dr. McGuire advised Plaintiff that one of the

18   nurses had noticed a rash near her vagina, which he proceed to examine. (CPT., ¶18.)  Dr. McGuire

19   returned later that evening to check Plaintiff's rash. (CPT., ¶19.)  Plaintiff told Dr. McGuire that she

20   did not see a rash and he stopped his examination. (CPT., ¶20.)  Dr. McGuire returned the next day

21   to check on Plaintiff's rash but she refused to allow him to examine her. (CPT., ¶21.)  Following

22   discharge from the hospital, Plaintiff told her husband what had occurred.  (CPT., ¶22.)

23        There is no allegation that NCENT referred Plaintiff to Dr. McGuire.  There is no allegation

24   that any of the alleged sexual misconduct took place in any of the exam rooms provided to Dr.

25   McGuire by NCENT.  There is no allegation that NCENT knew of Dr. McGuire's intent to sexually

26   harass Plaintiff while at Temecula Valley Hospital.

27        With respect to NCENT's argument relative to vicarious liability, the argument is made solely

28   based on the facts alleged in Plaintiff's Complaint.  Plaintiff's argument that *Lisa M.* is distinguishable

     is unpersuasive as *Lisa M.* was just the first in a long line of cases holding that an employer/principal

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

**REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT**

1    could not be held liable for the sexual misconduct of its employee/agent.  Plaintiff failed to distinguish

2    the multiple other cases cite, including *John Y.* which is factually similar to this case.  Additionally,

3    with respect to ratification, Plaintiff has failed to cite any case law in support of their position that

4    their generic allegation of knowledge related to other women is sufficient to constitute ratification of

5    the conduct alleged by Plaintiff.  Plaintiff has failed to allege facts sufficient to maintain her cause of

6    action for violation of *Civil Code* §§ 51.9, 52, either on a theory of direct or vicarious liability.

7                                                    II.

8                **PLAINTIFF'S THIRD CAUSE OF ACTION IS INSUFFICIENT**

9         Plaintiff has failed to plead the necessary elements of this cause of action.  Plaintiff must

10   establish that she was harmed by the alleged discriminatory behavior and that the alleged

11   discriminatory behavior was a substantial factor in her harm.  With respect to NCENT, the alleged

12   discriminatory behavior was failing "to provide or apply the same level of scrutiny to physicians

13   whom they referred Plaintiff and other female patients as they did to those whom they referred male

14   patients." (Cpt., ¶41.)   The problem for Plaintiff is that **she was not harmed by this alleged**

15   **behavior**.  Plaintiff has not plead, nor was she, referred to Dr. McGuire by NCENT.  No action on

16   behalf of NCENT lead to or was a substantial factor in Plaintiff's harm.  Plaintiff cannot maintain her

17   cause of action on behalf of women generally, she must actually establish that some action on behalf

18   of NCENT harmed her.  She has failed to do so.

19                                                   III.

20              **PLAINTIFF'S FOURTH CAUSE OF ACTION IS INSUFFICIENT**

21        Plaintiff's Opposition argues that *Civil Code* §52.4(2)(d) which specifically states that an

22   employer will not be liable for the actions of an employee does not bar other species of liability, but

23   that is exactly what it does.  **In order for an employer to be liable under this section, the employer**

24   **must have personally committed the act of gender violence.**  *Civil Code* §52.4(2)(d).  Hence, in

25   order for NCENT to be liable under this section, NCENT must have committed an act of gender

26   violence described in the statute.

27        The case cite by Plaintiff in support of her position, *Burden v. Snowden*, has absolutely nothing

28   to do with *Civil Code* §52.4.  The issue in *Burden* is whether Plaintiff was a public safety officer

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

1    within the meaning of the Bill of Rights Act.  The case does not even deal with the same statutory

2    scheme.  It has no application to this case.  Plaintiff has not cited any case law to support her position.

3         Liability pursuant to *Civil Code* §52.4 is specifically defined within the statute itself.  *Civil*

4    *Code* §52.4 does not allow for an aiding and abetting theory of liability.  Unlike the remedies available

5    under *Civil Code* §52, which specifically allows for an award of damages against anyone who "aided"

6    in the violation of *Civil Code* §51.9, *Civil Code* §52.4 does not.  Not only was that language omitted

7    from the statute, but the legislature went one step further to explain that liability under that section was

8    only against the person who committed the act of gender violence.  There are no allegations that

9    NCENT committed such an act.  As such, Plaintiff cannot maintain this cause of action against

10   NCENT.

11   **IV.**

12   **CONCLUSION**

13        Based upon the forgoing and NCENT's moving papers, NCENT respectfully requests this

14   Court grant its Demurrer as to the first, third and fourth causes of action without leave to amend.

15

16   DATED: July ____, 2016                                    **LOTZ, DOGGETT & RAWERS, LLP**

17

18        By _____
                        **JEFFREY S. DOGGETT, ESQ.**

19                      **LAUREN E. HARDISTY, ESQ.**
                        Attorneys for Defendant North County

20                      ENT Medical Group

21

22

23

24

25

26

27

28

**DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S, NOTICE OF DEMURRER AND
DEMURRER TO PLAINTIFF'S COMPLAINT**

JANE ROE #3 VS. JOHN FRANCIS MCGUIRE, M.D., et al.
CASE No. MCC1600259
[IMAGED FILE]

1

## PROOF OF SERVICE VIA U.S. MAIL

2

3 **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4      I am employed in the County of San Diego, State of California. I am over the age of 18 and

5 not a party to the within action. My business address is 101 W. Broadway, Suite 1110, San Diego,

6 California 92101.

7      On **July 6, 2016**, I served the foregoing document described as:

8 **DEFENDANT, NORTH COUNTY ENT MEDICAL GROUP'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT**

9
on all interested parties in this action by placing a true copy into our company's facsimile machine

10 with the fax number(s) thereof listed below as follows:

11 **JOHN R. MITTELMAN, ESQ., SBN 133209**      **JEFFREY A. MILMAN, ESQ., SBN 99072**
**MITTELMAN LAW FIRM**                          **JASON M. CARUSO, ESQ., SBN 287809**
12 27349 JEFFERSON AVENUE, SUITE 105             **HODES MILMAN LIEBECK, LLP**
TEMECULA, CALIFORNIA 92590                     9210 IRVINE CENTER DRIVE
13 **TEL: 951.719.1412 FAX: 951.719.1431**        IRVINE, CALIFORNIA 92618-4661
**ATTORNEY FOR PLAINTIFF, JANE ROE**           **TEL: 949.640.8222; FAX: 949.336.8114**
14                                              **ATTORNEYS FOR PLAINTIFF, JANE & JOHN ROE**

15 **RICHARD D. CARROLL**                        **CAROL P. MICHEL, ESQ.**
**DANIEL A. COOPER, ESQ.**                      **ROSEMARY MISSISIAN, ESQ.**
16 **CARROLL, KELLY, TROTTER, FRANZEN,**         **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
**MCKENNA & PEABODY**                           6385 SOUTH RAINBOW BOULEVARD
17 225 BROADWAY, SUITE NO. 1575                  SUITE 400
SAN DIEGO CALIFORNIA 92101                     LAS VEGAS, NEVADA 89118
18 **TEL: 949.640.8222; FAX: 949.336.8114**       **TEL: 702.938.3838; FAX: 702.938.3864**
**ATTORNEYS FOR DEFENDANT, NORTH**             **ATTORNEYS FOR DEFENDANT, UNITED**
19 **COUNTY ENT MEDICAL GROUP AND**              **HEALTHCARE SERVICES, INC.**
**JOHN FRANIS MCGUIRE, M.D.**
20

21 **SCOTT D. BUCHHOLZ, ESQ.**
**DUMMIT, BUCHHOLZ & TRAPP**
22 101 W. BROADWAY, SUITE 1400
SAN DIEGO, CA 92101
23 **ATTORNEYS FOR DEFENDANTS,**
**UNIVERSAL HEALTH SERVICES, INC., AND**
24 **TEMECULA VALLEY HOSPITAL, INC.**

25 **BY MAIL AS FOLLOWS:**

26      **XX**      I am "readily familiar" with the firm's practice of collection and processing

27 correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service

28 on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 233-5565

---

**PROOF OF SERVICE VIA U.S. MAIL**

JANE ROE #5 VS. JOHN FRANCIS MCGUIRE, M.D., et al.
CASE NO. MCC1600259
[IMAGED FILE]

of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **July 6, 2016**, at San Diego, California.

☒    (State)I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

OPAL WOFFORD

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
           (619) 231-7738
5 | Fax     (619) 231-0886

6 | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 | SUPERIOR COURT OF CALIFORNIA

9 | FOR THE COUNTY OF RIVERSIDE

10 | JANE ROE #5,                                    )   Case No. MCC1600259
                                                     )
11 |                         Plaintiff,              )   AMENDED NOTICE OF HEARING DATE
                                                     )   ON DEFENDANT'S MOTION TO STRIKE
12 |             vs.                                 )   PORTIONS OF PLAINTIFF'S COMPLAINT
                                                     )
13 |                                                 )
JOHN FRANCIS MCGUIRE, M.D.;                          )
14 | MICHAEL FORRESTER, M.D.;                        )   Date:   July 26, 2016
NORTH COUNTY ENT MEDICAL                             )   Time:   8:30 a.m.
15 | GROUP; UNITED HEALTH SERVICES,                  )   **Dept.: 01**
INC.; TEMECULA VALLEY HOSPITAL,                      )   Judge: Hon. Gloria Trask
16 | INC.; UNITED HEALTHCARE SERVICES,               )
INC.; and DOES 1 through 100, inclusive,             )   Trial Date: Not set
17 |                                                 )   Date Action Filed:  March 28, 2016
18 |                         Defendants.             )
19 | _____           )

20 |        PLEASE TAKE NOTICE that on July 26, 2016 at 8:30 a.m., or as soon thereafter as the

21 | matter may be heard in **Department 01** of the above-entitled Court, located at 30755-D Auld Rd.,

22 | Suite 1226, Murrieta, California 92563, Defendants, TEMECULA VALLEY HOSPITAL, INC.

23 | and UNIVERSAL HEALTH SERVICES, INC., will move this Court to strike Plaintiff's causes of

24 | action for negligence and negligent hiring, training, and supervision from the Complaint.

25 |        This motion is based on this notice, Memorandum of Points and Authorities, Declaration

26 | of Frederick C. Bingham, and all other papers, documents and records on file herein.

27 |        The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

28 | court day prior to the hearing.  Tentative rulings will be available on the internet or by calling

1

AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

1   (760) 904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative

2   ruling link.  The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

3   court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

4   the court.  The notice of intent to appear must be given either in person or by telephone.  Where

5   notice of intent to appear has been properly given, or upon direction of the Court, oral argument

6   will be permitted.

7

8   DATED: July 6 , 2016                DUMMIT, BUCHHOLZ & TRAPP

9

10

11                            By: _____

                               Scott D. Buchholz

12                                Victoria G. Stairs

                               Frederick C. Bingham

13                      Attorneys for Defendants, TEMECULA

                     VALLEY HOSPITAL, INC. and UNIVERSAL

14                      HEALTH SERVICES, INC.

15   F:\CLIENT\146711 Roe 5\Pld\MTS\Amended Notice of Hearing Date.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
Frederick C. Bingham, Esq. – State Bar No. 292667
**DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
San Diego, California 92101-8122
         (619) 231-7738
Fax    (619) 231-0886

Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
HEALTH SERVICES, INC.

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JANE ROE #5, | Case No. MCC1600259 |
| Plaintiff, | AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT |
| vs. | |
| JOHN FRANCIS MCGUIRE, M.D.; MICHAEL FORRESTER, M.D.; NORTH COUNTY ENT MEDICAL GROUP; UNITED HEALTH SERVICES, INC.; TEMECULA VALLEY HOSPITAL, INC.; UNITED HEALTHCARE SERVICES, INC.; and DOES 1 through 100, inclusive, | Date:  July 26, 2016 Time:  8:30 a.m. **Dept.: 01** Judge: Hon. Gloria Trask Trial Date: Not set Date Action Filed:  March 28, 2016 |
| Defendants. | |

PLEASE TAKE NOTICE that on July 26, 2016 at 8:30 a.m., or as soon thereafter as the matter may be heard in **Department 01** of the above-entitled Court, located at 30755-D Auld Rd., Suite 1226, Murrieta, California 92563, Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC., will move this Court for dismissal of Plaintiff's causes of action for gender violence and sexual harassment by a physician.

This motion is based on this notice, Memorandum of Points and Authorities, Declaration of Frederick C. Bingham, and all other papers, documents and records on file herein.

The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the court day prior to the hearing.  Tentative rulings will be available on the internet or by calling

1  (760) 904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative

2  ruling link.  The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

3  court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

4  the court.  The notice of intent to appear must be given either in person or by telephone.  Where

5  notice of intent to appear has been properly given, or upon direction of the Court, oral argument

6  will be permitted.

7

8  DATED:  July 6 , 2016                      DUMMIT, BUCHHOLZ & TRAPP

9

10

11                                            By: _____
                                                  Scott D. Buchholz
12                                                Victoria G. Stairs
                                                  Frederick C. Bingham
13                                            Attorneys for Defendants, TEMECULA
                                              VALLEY HOSPITAL, INC. and UNIVERSAL
14                                            HEALTH SERVICES, INC.

15  F:\CLIENT\146711 Roe 5\Pld\Demurrer\Amended Notice of Hearing Date.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT

EXHIBIT II    Page 157

| SUPERIOR COURT OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | | FOR COURT USE ONLY |
|---|---|---|
| Title of Case (Abbr.):   ***Roe 5 v. McGuire*** | | |
| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA 92101<br>(619) 231-7738 | | |
| Attorney for Defendant,<br><br>Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. | Hearing Date/Time/Dept<br>Date: July 26, 2016<br>Time: 8:30 a.m.<br>Dept:  01<br>Judge:  Hon. Gloria Trask | Case Number<br>MCC1600259 |

## DECLARATION OF SERVICE

      I, the undersigned, declare that:  I am over the age of 18 years and not a party to the action.  I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs.  My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101.  I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.  On **July 6, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT
- AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒    **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☐    **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 6, 2016**, at San Diego, California.

*Jami Northcutt*

Jami Northcutt

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
|---|---|
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:    (951) 719-1412<br>Fax:    (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:    (949) 640-8222<br>Fax:    (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:    (619) 233-5565<br>Fax:    (619) 233-5564<br>Email:  jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:    (702) 938-3838<br>Fax:    (702) 938-3864<br>Email:  MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
|  |  |

1 | Scott D. Buchholz, Esq. – State Bar No. 139979
Victoria G. Stairs, Esq. – State Bar No. 239257
2 | Frederick C. Bingham, Esq. – State Bar No. 292667
3 | **DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
4 | San Diego, California 92101-8122
        (619) 231-7738
5 | Fax    (619) 231-0886

6 | Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7 | HEALTH SERVICES, INC.

8 |                    SUPERIOR COURT OF CALIFORNIA

9 |                    FOR THE COUNTY OF RIVERSIDE

10 | JANE ROE #5,                         )   Case No. MCC1600259
                                          )
11 |            Plaintiff,                )   SECOND AMENDED NOTICE OF
                                          )   HEARING DATE ON DEFENDANT'S
12 |      vs.                             )   DEMURRER TO PLAINTIFF'S
                                          )   COMPLAINT
13 | JOHN FRANCIS MCGUIRE, M.D.;          )
14 | MICHAEL FORRESTER, M.D.;             )
    NORTH COUNTY ENT MEDICAL             )   Date:  July 26, 2016
15 | GROUP; UNITED HEALTH SERVICES,       )   Time:  8:30 a.m.
    INC.; TEMECULA VALLEY HOSPITAL,      )   **Dept.: 01**
16 | INC.; UNITED HEALTHCARE SERVICES,    )   Judge: Hon. Gloria Trask
    INC.; and DOES 1 through 100, inclusive, )
17 |                                      )   Trial Date: Not set
18 |            Defendants.               )   Date Action Filed:  March 28, 2016
                                          )
19 |

20 |      PLEASE TAKE NOTICE that on July 26, 2016 at 8:30 a.m., or as soon thereafter as the

21 | matter may be heard in **Department 01** of the above-entitled Court, located at **4050 Main St.,**

22 | **Riverside, California 92501**, Defendants, TEMECULA VALLEY HOSPITAL, INC. and

23 | UNIVERSAL HEALTH SERVICES, INC., will move this Court for dismissal of Plaintiff's

24 | causes of action for gender violence and sexual harassment by a physician.

25 |      This motion is based on this notice, Memorandum of Points and Authorities, Declaration

26 | of Frederick C. Bingham, and all other papers, documents and records on file herein.

27 |      The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

28 | court day prior to the hearing.  Tentative rulings will be available on the internet or by calling

1  (760) 904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative

2  ruling link.  The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

3  court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

4  the court.  The notice of intent to appear must be given either in person or by telephone.  Where

5  notice of intent to appear has been properly given, or upon direction of the Court, oral argument

6  will be permitted.

7

8  DATED:  July ___, 2016                      DUMMIT, BUCHHOLZ & TRAPP

9

10

11                                             By: _____

12                                                 Scott D. Buchholz
                                                   Victoria G. Stairs
                                                   Frederick C. Bingham
13                                             Attorneys for Defendants, TEMECULA
                                               VALLEY HOSPITAL, INC. and UNIVERSAL
14                                             HEALTH SERVICES, INC.

15  F:\CLIENT\146711 Roe 5\Pld\Demurrer\2nd Amended Notice of Hearing Date.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT

1  Scott D. Buchholz, Esq. – State Bar No. 139979
   Victoria G. Stairs, Esq. – State Bar No. 239257
2  Frederick C. Bingham, Esq. – State Bar No. 292667
3  **DUMMIT, BUCHHOLZ & TRAPP**
   101 W. Broadway, Suite 1400
4  San Diego, California 92101-8122
        (619) 231-7738
5  Fax   (619) 231-0886

6  Attorneys for Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL
7  HEALTH SERVICES, INC.

8              SUPERIOR COURT OF CALIFORNIA

9              FOR THE COUNTY OF RIVERSIDE

10 JANE ROE #5,                          )  Case No. MCC1600259
                                         )
11          Plaintiff,                   )  SECOND AMENDED NOTICE OF
                                         )  HEARING DATE ON DEFENDANT'S
12     vs.                               )  MOTION TO STRIKE PORTIONS OF
                                         )  PLAINTIFF'S COMPLAINT
13 JOHN FRANCIS MCGUIRE, M.D.;           )
14 MICHAEL FORRESTER, M.D.;              )
   NORTH COUNTY ENT MEDICAL              )  Date:   July 26, 2016
15 GROUP; UNITED HEALTH SERVICES,        )  Time:   8:30 a.m.
   INC.; TEMECULA VALLEY HOSPITAL,       )  **Dept.: 01**
16 INC.; UNITED HEALTHCARE SERVICES,     )  Judge: Hon. Gloria Trask
   INC.; and DOES 1 through 100, inclusive, )
17                                       )  Trial Date: Not set
18          Defendants.                  )  Date Action Filed:  March 28, 2016
                                         )
19 _____     )

20        PLEASE TAKE NOTICE that on July 26, 2016 at 8:30 a.m., or as soon thereafter as the

21 matter may be heard in **Department 01** of the above-entitled Court, located at **4050 Main St.,**

22 **Riverside, California 92501**, Defendants, TEMECULA VALLEY HOSPITAL, INC. and

23 UNIVERSAL HEALTH SERVICES, INC., will move this Court to strike Plaintiff's causes of

24 action for negligence and negligent hiring, training, and supervision from the Complaint.

25        This motion is based on this notice, Memorandum of Points and Authorities, Declaration

26 of Frederick C. Bingham, and all other papers, documents and records on file herein.

27        The Court may make a tentative ruling on the merits of this matter by 3:00 p.m. on the

28 court day prior to the hearing.  Tentative rulings will be available on the internet or by calling

---

1

1  (760) 904-5722.  To view go to: http://www.riverside.courts.ca.gov and click on the tentative

2  ruling link.  The tentative ruling shall become the ruling of the Court unless, by 4:00 p.m. on the

3  court day before the scheduled hearing, a party gives notice of intent to appear to all parties and

4  the court.  The notice of intent to appear must be given either in person or by telephone.  Where

5  notice of intent to appear has been properly given, or upon direction of the Court, oral argument

6  will be permitted.

7

8  DATED:  July __7__, 2016                    DUMMIT, BUCHHOLZ & TRAPP

9

10                                              By:_____

11                                                  Scott D. Buchholz
                                                    Victoria G. Stairs
12                                                  Frederick C. Bingham
                                                Attorneys for Defendants, TEMECULA
13                                              VALLEY HOSPITAL, INC. and UNIVERSAL
                                                HEALTH SERVICES, INC.
14

15  F:\CLIENT\146711 Roe 5\Pld\MTS\2nd Amended Notice of Hearing Date.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.):    *Roe 5 v. McGuire* | |

| Attorney Name, Address and Telephone:<br>DUMMIT, BUCHHOLZ & TRAPP<br>101 W. Broadway, Suite 1400<br>San Diego, CA  92101<br>(619) 231-7738 | | |
|---|---|---|
| Attorney for Defendant,<br><br>Defendants, TEMECULA VALLEY HOSPITAL, INC. and UNIVERSAL HEALTH SERVICES, INC. | Hearing Date/Time/Dept<br>Date: July 26, 2016<br>Time: 8:30 a.m.<br>Dept:  01<br>Judge:  Hon. Gloria Trask | Case Number<br>MCC1600259 |

## DECLARATION OF SERVICE

I, the undersigned, declare that:  I am over the age of 18 years and not a party to the action.  I am employed in, or am a resident of the County of San Diego, California, where the mailing/facsimile transmission occurs.  My business address is 101 W. Broadway, Suite 1400, San Diego, California 92101.  I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.  On **July 7, 2016**, I caused the document(s) named below to be served on the parties in this action as follows:

- SECOND AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT
- SECOND AMENDED NOTICE OF HEARING DATE ON DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

☒    **(BY MAIL)**  I caused such envelope to be deposited in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.

☐    **(BY PERSONAL SERVICE VIA FACSIMILE)**  I caused such document to be transmitted via facsimile to the persons listed on the attachment to this Proof of Service.  I then confirmed receipt of the fax.

☒    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 7, 2016**, at San Diego, California

*Jami Northcutt*

Jami Northcutt

Attachment to Proof of Service
*Roe 5 v. McGuire*
Case No. MC026169

| ATTORNEYS OF RECORD: | PARTIES REPRESENTED: |
| --- | --- |
| John R. Mittelman, Esq.<br>MITTELMAN LAW FIRM<br>27349 Jefferson Ave., Suite 105<br>Temecula, CA 92590<br><br>Tel:    (951) 719-1412<br>Fax:    (951) 719-1431<br>Email:  JohnMittelman@gmail.com | Attorney for Plaintiff |
| Jeffrey A. Milman, Esq.<br>HODES MILMAN LIEBECK, LLP<br>9210 Irvine Center Drive<br>Irvine, CA 92618-4661<br><br>Tel:    (949) 640-8222<br>Fax:    (949) 336-8114<br>Email:  jmilman@hml-lawyers.com | Co-Counsel for Plaintiff |
| Jeffrey S. Doggett, Esq.<br>Lauren E. Hardisty, Esq.<br>LOTZ, DOGGETT & RAWERS, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br><br>Tel:    (619) 233-5565<br>Fax:    (619) 233-5564<br>Email:  jdoggett@ldrlaw.com | Attorney for Defendant, NORTH COUNTY ENT MEDICAL GROUP |
| Marisa Rodriguez-Shapoval, Esq.<br>WEINBERG WHEELER HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, NV 89118<br><br>Tel:    (702) 938-3838<br>Fax:    (702) 938-3864<br>Email:  MRodriguez-Shapoval@wwhgd.com | Attorney for Defendant, UNITED HEALTHCARE SERVICES, INC |
| | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

JANE ROE #5
vs.                          CASE NO. MCC1600259
JOHN FRANCIS MCGUIRE MD

TO:

JANE ROE #5/ HODES MILMAN LIEBECK MOSIER LLP is ordered to
appear and show cause, if any, why sanctions not to exceed
$1500.00 or Dismissal should not be imposed for failure to file
Proof of Service.

DATE: 07/26/16
TIME:  8:30 a.m.
DEPT: 01

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal
of the action or proceeding, striking all or a part of any pleadings,
entry of judgment.

If you oppose sanctions, you should appear on the date specified.
You must also file a declaration five court days in advance of the
hearing, describing the evidence that supports any facts which show
that the court lacks good cause to impose sanctions pursuant to local
rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes but is not limited
to all remedies available to the court pursuant to Cal. Code of Civil
Procedures secs. 128.6, 177.5, 575.2, the California Rules of Court
and Riverside Local Rules of court and/or other statute or existing
case precedent.

Requests for accommodations can be made by submitting Judicial Council
form MC-410 no fewer than five court days before the hearing.  See
CA Rules of Court, rule 1.100.

CLERK'S CERTIFICATE OF MAILING
I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court.  Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business.  I certify that I served a copy of the foregoing ORDER TO
SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED on this date by
depositing said copy as stated above.

Court Executive Officer/Clerk

DATED: 07/07/16          By: _____,Deputy Clerk
                              NATALIE P POWERS

Notice 'OSCFF' has been printed for the following Attorneys/Firms
or Parties for Case Number MCC1600259 on  7/07/16:


HODES MILMAN LIEBECK MOSIER LLP        MITTELMAN LAW FIRM
9210 IRVINE CENTER DR                  27349 JEFFERSON AVE., STE. 105
IRVINE, CA 92618                       TEMECULA, CA 92590

**MITTELMAN LAW FIRM**
**JOHN R. MITTELMAN SBN 133209**
**27349 Jefferson Avenue, Suite 105**
**Temecula, CA 92590**
**Tel: (951)719-1412 Fax: (951)719-1431**

**Hodes Milman Liebeck Mosier, LLP**
**JEFFREY A. MILMAN SBN 99072**
**9210 Irvine Center Dr**
**Irvine, CA 92618**
**Tel: (949)640-8222  Fax: (949)640-8294**

**Attorneys for Plaintiff JANE ROE #5**

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JANE ROE #5, etc., et al., | CASE NO.   MCC1600259 |
| Plaintiffs, | **DECLARATION OF JOHN R. MITTELMAN IN SUPPORT OF PEREMPTORY CHALLENGE UNDER CCP § 170.6 AND [PROPOSED] ORDER** |
| vs. | |
| JOHN FRANCIS MCGUIRE, M.D., etc., et al., | |
| Defendants. | |

**John R. Mittelman Declares:**

1.   I am the attorney of record for Plaintiffs in this matter.

2.   I believe that the Hon. Gloria Connor Trask, the judge to whom this case is assigned, is prejudiced against the Plaintiffs, the Plaintiffs' attorneys, or the interests of the Plaintiffs and/or the Plaintiffs' attorneys such that Plaintiffs believe that a fair and impartial trial or hearing cannot had before Judge Trask.

WHEREFORE, pursuant to the provisions of CCP § 170.6, I respectfully request that this court issue an order reassigning this case to another judge for all further proceedings.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: July 11, 2016

John R. Mittelman, Attorney for Plaintiffs

JANE ROE #5 vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. —
PEREMPTORY CHALLENGE UNDER CCP § 170.6 AND ORDER COMPLAINT

- 1 -

**ORDER OF THE COURT**

Plaintiffs' request for an order reassigning the above-captioned case to another judge is hereby:

_____ **GRANTED**

_____ **DENIED**

Dated: July      , 2016

_____
JUDGE OF THE SUPERIOR COURT

---

**JANE ROE #5 vs. JOHN FRANCIS MCGUIRE, M.D., ETC., ET AL. —**
**PEREMPTORY CHALLENGE UNDER CCP § 170.6 AND ORDER COMPLAINT**

- 2 -

1
                                        **PROOF OF SERVICE**
**CASE NAME: ROE vs. MCGUIRE, M.D., ET AL.**

2
**RSC CASE NO: MCC1600259**

3
        I, the undersigned, declare as follows:

        I am over the age of eighteen (18) years and not a party to the within action; I am employed in the
4
County of Riverside, State of California, where the mailing occurs; and my business address is 27349 Jefferson
Avenue, Suite 105, Temecula, CA 92590.

5

        On July 11, 2016, I served the foregoing document(s) described as **DECLARATION OF JOHN R.**
6
**MITTELMAN IN SUPPORT OF PEREMPTORY CHALLENGE UNDER CCP SECTION 170.6 AND**
**PROPOSED ORDER** on the interested parties in this action by placing a true copy thereof enclosed in a sealed
7
envelope addressed as follows:

| | |
|---|---|
| Jeffrey A. Milman, Esq.<br>Hodes Milman Liebeck LLP<br>9210 Irvine Center Dr<br>Irvine, CA 92618<br>Tel: (949)640-8222  Fax: (949)640-8294 | **Plaintiff JANE ROE**<br>**Jmilman@hmlm.com;**<br>**Jcaruso@hmlm.com;**<br>**BMiller@hml-lawyers.com** |
| Daniel A. Cooper, Esq.<br>Carroll, Kelly, Trotter, Franzen, McKenna & Peabody<br>225 Broadway, #1575<br>San Diego, CA 92101 | DEFENDANT JOHN FRANCIS<br>MCGUIRE, M.D.<br><br>DACooper@cktfmlaw.com |
| Carol P. Michel, Esq.<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>6385 South Rainbow Boulevard, Suite 400<br>Las Vegas, NV 89118<br>(702)938-3838; Fax: (702)938-3864 | Defendant, UNITED HEALTHCARE<br>SERVICES, INC.<br><br>Cmichel@wwhgd.com |
| Scott Buchholz, Esq.<br>Victoria G. Stairs, Esq.<br>Dummit, Buchholz & Trapp<br>101 W. Broadway, Suite 1400<br>San Diego, CA 92101<br>(619)231-7738 | Defendants, TEMECULA VALLEY<br>HOSPITAL and UNIVERSAL HEALTH<br>SERVICES, INC.<br><br>Victoria.Stairs@DBTLaw.org |
| Lauren E. Hardisty, Esq.<br>Lotz, Doggett & Rawers, LLP<br>101 West Broadway, Suite 1110<br>San Diego, CA 92101<br>(619)233-5565; Fax: (619)233-5564 | Defendant NORTH COUNTY ENT<br>MEDICAL GROUP<br><br>Lhardisty@ldrlaw.com<br>JDoggett@ldrlaw.com |

22
☐      BY MAIL. I caused such envelope with postage thereon fully prepaid to be placed in the United States
mail at Temecula, California. I am readily familiar with the firm's practice for collection and processing
23
of correspondence for mailing with the United States Postal Service, that this mailing will be deposited
with the United States Postal Service on this date in the ordinary course of business and that I sealed and
24
placed each envelope for collection and mailing on this date following ordinary business practices. [CCP
Section 1013(a)]

25

☒      BY EMAIL: To the email addresses on file for counsel of record in this action.  An error message was
26
not received within a reasonable amount of time after service.

27
        I declare under penalty of perjury under the laws of the State of California that the above is true and
correct.
28
        Dated:   July 11, 2016                     *Christine Wichert*
                                             CHRISTINE WICHERT